Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Sandra Smith Thayer (SBN 200294)
SThayer@PasichLLP.com
PASICH LLP
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA,<br><br>           Plaintiff,<br><br>     vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>           Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sempra complains of defendant and alleges as follows:

### NATURE OF THIS LAWSUIT

1.     Sempra seeks to recover amounts due to it under a Directors and Officers Liability insurance policy sold by defendant Associated Electric & Gas Insurance Services Limited ("AEGIS").

2.     Pursuant to this policy, AEGIS promised to pay "all reasonable fees and expenses incurred by or on behalf of [Sempra's directors, officers and employees] in the investigation, negotiation, settlement or defense of any" lawsuit "against any [of the directors, officers, and employees] for monetary, non-monetary,

1  injunctive or other relief commenced by service of a complaint or similar pleading."
2  Despite the broad promises in its policy, AEGIS paid only a small fraction of the
3  expenses incurred in the defense of six shareholder derivative lawsuits brought
4  against various current and former directors, officers, and employees of Sempra,
5  and/or its indirect subsidiary, Southern California Gas Company ("SoCalGas"), and
6  one purported class action securities lawsuit brought against Sempra and certain
7  officers, arising out of the 2015 Aliso Canyon natural gas leak.

8      3.    AEGIS breached its duties under its policy by failing and refusing to
9  pay Sempra for defense fees and costs incurred in the *Aliso Canyon D&O Lawsuits*.
10 Sempra is entitled to recover damages based on the applicable limit of the AEGIS
11 policy and interest.

## SUBJECT MATTER JURISDICTION

13     4.    The Court has subject matter jurisdiction to hear this action under 28
14 U.S.C sections 1332 and 2201 based on complete diversity of citizenship between
15 the parties and because the amount in controversy, exclusive of the costs and
16 interest, exceeds $75,000.

## VENUE

18     5.    Venue is proper in the Central District of California under 28 U.S.C.
19 section 1391(a)(3) because AEGIS is subject to personal jurisdiction in this district
20 at the time the action is commenced and because a substantial part of the events or
21 omissions giving rise to Sempra's claims occurred in this District.

## THE PARTIES

23     6.    Sempra, formerly Sempra Energy, is a California corporation with its
24 principal place of business in San Diego, California.

25     7.    AEGIS is a mutual insurance company organized under the laws of
26 Bermuda. AEGIS is an eligible surplus lines insurer in all jurisdictions in the
27 United States and sells policies insuring entities and individuals in Los Angeles
28 County and throughout California against risks in California. AEGIS does business

through a wholly owned subsidiary whose principal place of business is in New Jersey.

8. AEGIS states on its website:

> AEGIS is a leading mutual insurance company that provides liability, property and Directors & Officers coverage, as well as related risk management services, to the energy industry. Our policyholders represent virtually the entire energy infrastructure in North America, including electric and natural gas utilities, exploration and production companies, water utilities, and transmission & distribution companies.
>
> Our energy expertise, combined with a collaborative and fair approach to claims management and specialized loss control services, has set AEGIS apart from commercial insurance companies since the company was founded by its policyholder-members in 1975.

https://www.aegislink.com/about-aegis/overview.html.

## THE AEGIS INSURANCE POLICY

9. AEGIS issued Directors and Officers Liability Insurance Policy No. DP5014215P to Sempra, in effect from October 11, 2015, to October 11, 2016 (the "Policy"). The Policy provides $35,000,000 in coverage excess of a $5,000,000 retention. A true and correct copy of at least the relevant portions of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

10. The Policy obligates AEGIS to

> pay on behalf of the INSURED ORGANIZATION all ULTIMATE NET LOSS for which the INSURED ORGANIZATION has granted indemnification to the DIRECTORS and OFFICERS and which arises from a

> CLAIM first made against the DIRECTORS or OFFICERS during the POLICY PERIOD or during the DISCOVERY PERIOD, if purchased, for a WRONGFUL ACT which takes place before or during the POLICY PERIOD and is actually or allegedly caused, committed or attempted by such DIRECTORS or OFFICERS while acting in their respective capacities as such.

Ex. A, § I(B).

11. The Policy defines "INSURED ORGANIZATION" to include Sempra "and any SUBSIDIARIES of" Sempra. *Id.* § IV(N).

12. The Policy defines "ULTIMATE NET LOSS" as "the total INDEMNITY and DEFENSE COSTS with respect to each CLAIM to which this POLICY applies." *Id.* § VI(AA).

13. The Policy defines "DEFENSE COSTS" as:

> (1) all reasonable fees and expenses incurred by or on behalf of the DIRECTORS and OFFICERS in the investigation, negotiation, settlement or defense of any CLAIM . . . ; and
>
> (2) all reasonable fees and expenses incurred by the DIRECTORS and OFFICERS in connection with an INQUIRY.
>
> DEFENSE COSTS do not include (i) INVESTIGATIVE EXPENSE resulting from a SHAREHOLDER DERIVATIVE DEMAND, or (ii) salaries, wages, benefits and overhead expenses of the DIRECTORS and OFFICERS or employees of the INSURED ORGANIZATION.

*Id.* § VI(C).

14. The Policy defines "CLAIM" to include "a civil . . . proceeding against any DIRECTORS or OFFICERS for monetary, non-monetary, injunctive or other relief commenced by service of a complaint or similar pleading . . . ." *Id.* § IV(B)

15. The Policy defines "DIRECTOR and OFFICER" to include

    (1) any natural person who was, is now, or shall be a director, officer or trustee of the INSURED ORGANIZATION;

    . . .

    (4) any employee of the INSURED ORGANIZATION while serving as the general counsel . . . or in a functionally equivalent position with, the INSURED ORGANIZATION;

    (5) any natural person who was, is now, or shall be the Chief Compliance Officer, Sempra Energy or Chief Sustainability Officer, Sempra Energy;

    . . .

    (7) any natural person not described in paragraphs (1), (2), (3), (4), or (5) above who was, is now, or shall become an employee of the INSURED ORGANIZATION, but solely with respect to a SECURITIES CLAIM . . . .

*Id.* § IV(D).

16. The Policy defines a "SECURITIES CLAIM" as "any CLAIM which in whole or in part is

    (1) brought by any person or entity arising out of, based upon or attributable to the purchase or sale of, or offer or solicitation of an offer to purchase or sell, whether actual or alleged, any securities of the INSURED ORGANIZATION;

  (2) brought by a securities holder of the INSURED ORGANIZATION with respect to such securities holder's interest In the securities of the INSURED ORGANIZATION;

  (3) brought derivatively on behalf of the INSURED ORGANIZATION by a security holder of such INSURED ORGANIZATION . . . .

*Id.* § IV(X).

17. The Policy defines "WRONGFUL ACT" as

  any actual or alleged act, omission, breach of duty, neglect, error, misstatement, misleading statement or omission actually or allegedly caused, committed or attempted by any DIRECTORS or OFFICERS while acting individually or collectively in their capacity as such, or, with respect to any DIRECTORS or OFFICERS of an INSURED ORGANIZATION that is not a partnership, any other matter claimed against them solely by reason of their being DIRECTORS or OFFICERS. . . .

*Id.* § IV(BB).

18. The Policy contains the following Condition, titled "Advancement of DEFENSE COSTS, INQUIRY COSTS, and INVESTIGATIVE EXPENSE":

  The INSURER shall advance DEFENSE COSTS, INQUIRY COSTS, and INVESTIGATIVE EXPENSE on a current basis but no later than sixty (60) days after receipt by the INSURER of Itemized invoices or other itemized materials documenting such DEFENSE COSTS, INQUIRY COSTS, or INVESTIGATIVE EXPENSE. . . .

*Id.* § IX(A).

19. Sempra has complied with all terms and conditions precedent contained in the Policy, to the extent not waived or otherwise excused. Sempra is entitled to the full benefits and protection provided by the Policy.

## THE ALISO CANYON D&O LAWSUITS

20. On October 23, 2015, SoCalGas discovered a leak near Standard Sesnon natural gas storage well SS-25 at SoCalGas' Aliso Canyon natural gas storage facility.

21. After the discovery of the leak, various of Sempra's and/or SoCalGas' current and former directors, officers, and employees were named as defendants in six shareholder derivative lawsuits:

- *Favors v. Reed*, Case No. BC664302, in the Los Angeles Superior Court;
- *Fazio v. Reed,* Case No. 37-2017-00007459-CU-SL-CTL, in the San Diego Superior Court;
- *Fireman's Retirement Systems v. Reed,* Case No. 37-2016-00005842-CU-BT-CTL, in the San Diego Superior Court;
- *Fischman v. Reed,* Case No.16-CV-1006-WQH-NLS, in the United States District Court for the Southern District of California;
- *Kanter v. Reed*, Case No. BC611319, in the Los Angeles Superior Court; and
- *Shupak v. Reed,* Case No. BC617444, in the Los Angeles Superior Court.

22. These shareholder derivative lawsuits allege, among other things, that various of Sempra's and/or SoCalGas' current and former directors, officers, and employees breached their fiduciary duties to Sempra and/or SoCalGas in connection with the operation of the Aliso Canyon facility and the handling of the Aliso Canyon gas leak. The lawsuits sought damages allegedly sustained by Sempra and/or

SoCalGas as a result of the breaches or duties, equitable relief, injunctive relief, restitution, and costs and attorneys' fees.

23. In addition to the shareholder derivative lawsuits, Sempra, two of its officers and one SoCalGas officer were named as defendants in a purported securities class action lawsuit, titled *Plumley v. Sempra,* Case No. 3:16-cv-00512-BEN-RBB, in the United States District Court for the Southern District of California. The *Plumley* lawsuit sought damages allegedly caused by Sempra and the individual defendants' alleged violations of the federal securities laws. The shareholder derivative lawsuits and the *Plumley* lawsuit are referred to herein as the "*Aliso Canyon D&O Lawsuits.*"

24. Sempra promptly retained defense counsel to defend it and its (and/or SoCalGas') directors, officers, and employees named as defendants in the *Aliso Canyon D&O Lawsuits*. Sempra's defense counsel obtained dismissals with prejudice in all the *Aliso Canyon D&O Lawsuits*.

## AEGIS'S BREACHES

25. Sempra gave timely notice of the *Aliso Canyon D&O Lawsuits* to AEGIS.

26. By early 2018, the DEFENSE COSTS in the *Aliso Canyon D&O Lawsuits* exceeded the Policy's $5,000,000 retention. Sempra provided AEGIS with copies of itemized invoices documenting the DEFENSE COSTS incurred in the *Aliso Canyon D&O Lawsuits* and demanded that AEGIS comply with its duty under the Policy to pay or advance DEFENSE COSTS.

27. Instead of promptly advancing the DEFENSE COSTS, however, AEGIS breached its duties under the Policy by, among other things, failing to pay or advance DEFENSE COSTS no later than 60 days after receipt of the invoices, making improper deductions to the invoices, and paying only a small fraction (less than 15%) of the total DEFENSE COSTS incurred to date.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

28. Sempra realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 27 above.

29. AEGIS has a duty to pay for the DEFENSE COSTS incurred in the *Aliso Canyon D&O Lawsuits*.

30. AEGIS breached, and is continuing to breach, its duty by failing to advance or pay the DEFENSE COSTS no later than 60 days after receipt of the itemized defense invoices, making inappropriate deductions to the DEFENSE COSTS, and paying only a small fraction of the total DEFENSE COSTS and costs incurred to date.

31. As a direct and proximate result of AEGIS's breach of its duties, Sempra has been, and is continuing to be, damaged in an amount in excess of this Court's jurisdictional limit and according to proof at the time of trial, plus interest.

### PRAYER

WHEREFORE, Sempra prays for judgment as follows:

1. For damages, plus interest, according to proof at the time of trial;
2. For costs of suit incurred herein; and
3. For such other, further, and/or different relief as may be deemed just and proper.

DATED: December 15, 2023          PASICH LLP

By: */s/ Sandra Smith Thayer*
Sandra Smith Thayer
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: December 15, 2023    PASICH LLP

By:  */s/ Sandra Smith Thayer*
Sandra Smith Thayer

Attorneys for Plaintiff