LARRY M. GOLUB, SBN: 110545
E-mail: lgolub@sacrowalker.com
THOMAS J. PACIDO, SBN: 331404
E-mail: tplacido@sacrowalker.com
Sacro & Walker LLP
700 North Brand Blvd., Suite 610
Glendale, California 91203
Telephone:   (818) 721-9597
Facsimile:    (818) 721-9670

SABRINA HAURIN (admitted *pro hac vice*)
E-mail: shaurin@baileycav.com
JOLENE S. GRIFFITH (admitted *pro hac vice*)
E-mail: jgriffith@baileycav.com
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
Facsimile:  (614) 221-0479

Attorneys for Defendant
ASSOCIATED ELECTRIC & GAS
INSURANCE SERVICES LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>Defendant. | Case No. 2:23-cv-10544-JLS-SSC<br>*Judge Josephine L. Staton*<br><br>**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br>Date: June 13, 2025<br>Time: 10:30 a.m.<br>Ctrm: 8A<br><br>Complaint Filed:  December 15, 2023 |

Pursuant to Rule 56-3 of the Local Rules of the United States District Court for the Central District of California and Judge Josephine L. Staton's Procedures, Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS"), hereby submits its Response to Sempra's Statement of Genuine Disputes of Material Fact.

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| **THE AEGIS D&O POLICY** ||
| 1. AEGIS issued Directors and Officers Liability Insurance Policy No. DP5014215P (the "Policy") to Sempra Energy ("Sempra") effective for the period from October 11, 2015 to October 11, 2016 (the "Policy Period").[1]<br><br>[Depo. Ex. 28, Appendix of Exhibits ("App'x") V; Deposition of Timothy Vazquez ("Vazquez Depo.") 148:12-25—149:1-3, App'x GGG; Griffith Decl. ¶ 3, App'x LLL.] | 1. Undisputed |
| 2. Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under four Insuring Agreements, including but not limited to Insuring Agreement I(B), which states: "The INSURER shall pay on behalf of the INSURED ORGANIZATION all ULTIMATE NET LOSS for which the INSURED ORGANIZATION has granted indemnification to the DIRECTORS and OFFICERS and which arises from a CLAIM | 2. Undisputed |

---

[1] Capitalized terms used in this response have the same meaning ascribed to them as in AEGIS's Motion for Complete or Partial Summary Judgment.

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| first made against the DIRECTORS or OFFICERS during the POLICY PERIOD or during the DISCOVERY PERIOD, if purchased, for a WRONGFUL ACT which takes place before or during the POLICY PERIOD and is actually or allegedly caused, committed or attempted by such DIRECTORS or OFFICERS while acting in their respective capacities as such." [Depo. Ex. 28 at D&O Coverage Section § I(B), App'x V.] | |
| 3. The Policy also provides "Derivative Investigation Cost Coverage," which states that AEGIS "shall pay on behalf of the INSURED ORGANIATION, and/or the board of directors or equivalent governing body, or any committee established by the board of directors or equivalent governing body, of the INSURED ORGANIZATION all INVESTIGATIVE EXPENSE incurred in response to a SHAREHOLDER DERIVATIVE DEMAND, provided the SHAREHOLDER DERIVATIVE DEMAND is first made during the POLICY PERIOD or the DISCOVERY PERIOD, if purchase, and the alleged WRONGFUL ACT giving rise to the SHAREHOLDER | 3. Undisputed that the Policy provides "Derivative Investigation Coverage," however AEGIS' quote contains a typo. The provision states that AEGIS "shall pay on behalf of the INSURED ORGANIATION, and/or the board of directors or equivalent governing body, or any committee established by the board of directors or equivalent governing body, of the INSURED ORGANIZATION all INVESTIGATIVE EXPENSE incurred in response to a SHAREHOLDER DERIVATIVE DEMAND, provided the SHAREHOLDER DERIVATIVE DEMAND is first made during the POLICY PERIOD or the DISCOVERY PERIOD, if purchased, and the alleged |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| DERIVATIVE DEMAND takes place before or during the POLICY PERIOD." <br><br> [Depo. Ex. 28 at D&O Coverage Section § II, App'x V.] | WRONGFUL ACT giving rise to the SHAREHOLDER DERIVATIVE DEMAND takes place before or during the POLICY PERIOD." |

3. Moving Party's Response:

Undisputed that the Policy provides "Derivative Investigation Cost Coverage," which states that AEGIS "shall pay on behalf of the INSURED ORGANIZATION, and/or the board of directors or equivalent governing body, or any committee established by the board of directors or equivalent governing body, of the INSURED ORGANIZATION all INVESTIGATIVE EXPENSE incurred in response to a SHAREHOLDER DERIVATIVE DEMAND, provided the SHAREHOLDER DERIVATIVE DEMAND is first made during the POLICY PERIOD or the DISCOVERY PERIOD, if purchased, and the alleged WRONGFUL ACT giving rise to the SHAREHOLDER DERIVATIVE DEMAND takes place before or during the POLICY PERIOD."

Evidence: Depo. Ex. 28 at D&O Coverage Section § II, App'x V.

| 4. | The Policy contains an aggregate Limit of Liability for the Policy Period of $35,000,000, and a Limit of Liability for all "Investigative Expense" for the Policy Period of $350,000. <br><br> [Depo. Ex. 28 at Declarations at Item 5; D&O Coverage Section § III, App'x V.] | 4. | Undisputed. |
|---|---|---|---|
| 5. | The Policy includes a $2,500,000 self-insured retention for each "Claim" under Insuring Agreement I(B), and a $5,000,000 self-insured retention for each "Securities Claim" under Insuring | 5. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | Agreement I(B).<br><br>[Depo. Ex. 28 at Declarations at Item 6; D&O Coverage Section § IV(A), App'x V.] | | |
| 6. | "Ultimate Net Loss" is defined in the Policy as "the total INDEMNITY and DEFENSE COSTS with respect to each CLAIM to which this POLICY relates. ULTIMATE NET LOSS does not include any amount allocated, pursuant to Condition (T), to claims against persons or entities not covered hereunder or to non-covered matters."<br><br>[Depo. Ex. 28 at D&O Coverage Section § VII(A), App'x V.] | 6. | Disputed. The Policy defines "ULTIMATE NET LOSS" as "the total INDEMNITY and DEFENSE COSTS with respect to each CLAIM to which this POLICY applies. ULTIMATE NET LOSS does not include any amount allocated, pursuant to Condition (T), to claims against persons or entities not covered hereunder or to non-covered matters."  Also disputed because the cited evidence does not support the allegedly undisputed fact.<br><br>Evidence<br>AEGIS's App'x V (Depo. Ex. 28 at § VI(AA)). |

6. Moving Party's Response:

Undisputed that the Policy defines "ULTIMATE NET LOSS" as "the total INDEMNITY and DEFENSE COSTS with respect to each CLAIM to which this POLICY applies. ULTIMATE NET LOSS does not include any amount allocated, pursuant to Condition (T), to claims against persons or entities not covered hereunder or to non-covered matters."

Evidence: AEGIS's App'x V (Depo. Ex. 28 at § VI(AA)).

| 7. | "Defense Costs" is defined in the Policy, in pertinent part, as "[a]ll reasonable fees and expenses incurred by or on behalf of the DIRECTORS and OFFICERS in | 7. | Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | the investigation, negotiation, settlement or defense of any CLAIM . . . . DEFENSE COSTS do not include (i) INVESTIGATIVE EXPENSE resulting from a SHAREHOLDER DERIVATIVE DEMAND, or (ii) salaries, wages, benefits and overhead expenses of the DIRECTORS and OFFICERS or employees of the INSURED ORGANIZATION." [Depo. Ex. 28 at D&O Coverage Section § VI(C), App'x V.] | | |
| 8. | "Claim" is defined in the Policy as:<br><br>(1) any written demand (other than a SHAREHOLDER DERIVATIVE DEMAND) against any DIRECTORS or OFFICERS for monetary, non-monetary, injunctive or other relief, including a written demand that the INSURED toll or waive a statute of limitation;<br><br>(2) a civil or arbitration proceeding against any DIRECTORS or OFFICERS for monetary, non-monetary, injunctive or other relief commenced by service of a complaint or similar pleading; | 8. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
| --- | --- |
| (3) a criminal proceeding against any DIRECTORS or OFFICERS commenced by an arrest, the return of an indictment, information or similar document, or the receipt of an official request for EXTRADITION;<br><br>(4) an administrative or regulatory proceeding against any DIRECTORS or OFFICERS commenced by the filing of a notice of charges, investigative order or similar document; or<br><br>(5) a civil, criminal, administrative, regulatory or governmental investigation of any DIRECTORS or OFFICERS commenced by the service upon or other receipt by the DIRECTOR or OFFICER of a subpoena, target letter, Wells Notice or other written notice from an ENFORCEMENT AUTHORITY identifying by name or specific title such DIRECTOR or OFFICER as an individual against whom a civil, criminal, administrative, regulatory or governmental proceeding may be commenced.<br><br>A CLAIM shall be deemed to be first made at the earlier of: (a) the | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| time at which any written demand described in (1) above is first made against the DIRECTORS or OFFICERS or any proceeding or investigation described in (2), (3), (4) or (5) above is commenced against the DIRECTORS or OFFICERS; or (b) the time at which a SHAREHOLDER DERIVATIVE DEMAND related to the CLAIM is first made. Except as provided in Section II., Derivative Investigation Cost Coverage, this POLICY does not cover any amount incurred by the DIRECTORS and OFFICERS in connection with any proceeding or investigation that is not then a CLAIM against the DIRECTORS and OFFICERS, even if such amount also benefits the defense of a covered CLAIM or if such proceeding or investigation subsequently gives rise to a covered CLAIM.

Multiple CLAIMS or INQUIRIES arising out of a single WRONGFUL ACT or the same or related facts, circumstances, situations, events, transactions or causes shall be deemed to be a single CLAIM or single INQUIRY, even if made against different INSUREDS, and shall be deemed to have been first made on the date the first of such multiple CLAIMS, or the first of | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | such INQUIRIES which are noticed to the INSURER, is first made against any of the DIRECTORS or OFFICERS, whether such date is before, during or after the POLICY PERIOD or the DISCOVERY PERIOD. [Depo. Ex. 28 at D&O Coverage Section § VI(B), App'x V.] | | |
| 9. | "Securities Claim" is defined in the Policy as any Claim which in whole or in part is: (1) brought by any person or entity arising out of, based upon or attributable to the purchase or sale of, or offer or solicitation of an offer to purchase or sell, whether actual or alleged, any securities of the INSURED ORGANIZATION; (2) brought by a securities holder of the INSURED ORGANIZATION with respect to such securities holder's interest in the securities of the INSURED ORGANIZATION; (3) brought derivatively on behalf of the INSURED ORGANIZATION by a security holder of such INSURED | 9. | Undisputed. |

9

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ORGANIZATION; or<br><br>(4) brought by an ENFORCEMENT AUTHORITY for an alleged violation of any law, regulation or rule regulating securities.<br><br>[Depo. Ex. 28 at D&O Coverage Section § VI(X), App'x V.] | |
| 10. "Shareholder Derivative Demand" is defined in the Policy as "a written demand by a securities holder of the INSURED ORGANIZATION upon the board of directors or an equivalent governing body of such INSURED ORGANIZATION to initiate an investigation or to bring a civil proceeding or other action on behalf of an INSURED ORGANIZATION in a court of law against a DIRECTOR or OFFICER for a WRONGFUL ACT."<br><br>[Depo. Ex. 28 at D&O Coverage Section § VI(Y), App'x V.] | 10. Undisputed. |
| 11. "Investigative Expense" is defined in the Policy as "the reasonable costs, charges, fees and expenses (except all salaries, wages, benefit and overhead expenses of the DIRECTORS and OFFICERS, employees or the INSURED ORGANIZATION) | 11. Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | incurred solely in connection with the investigation and evaluation of a SHAREHOLDER DERIVATIVE DEMAND." [Depo. Ex. 28 at D&O Coverage Section § VI(Q), App'x V.] | | |
| 12. | The Policy states that the Insureds shall give AEGIS "written notice of a CLAIM or SHAREHOLDER DERIVATIVE DEMAND as soon as practicable after the General Counsel or Risk Manager of the INSURED ORGANIZATION first named in Item 1 of the Declarations first becomes aware of such CLAIM or SHAREHOLDER DERIVATIVE DEMAND." [Depo. Ex. 28 D&O Coverage Section § IX(D)(1), App'x V.] | 12. | Undisputed. |
| 13. | The Policy states that, if during the Policy Period, "a DIRECTOR or OFFICER or the INSURED ORGANIZATION provides written notice to the INSURER of any facts or circumstances which may reasonably be expected to give rise to a CLAIM being made against a DIRECTOR or OFFICER . . . then any CLAIM that is subsequently made against a DIRECTOR or OFFICER and is reported to the INSURER that alleges, arises out of, is based upon, or relates to such facts or circumstances shall be considered | 13. | Undisputed. |

11
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| made at the time such notice of circumstances was given. The INSURER shall not be liable under this POLICY for any amount incurred in the defense, investigation or settlement of any potential CLAIM described in such a notice of circumstances prior to the date the CLAIM is actually made against the DIRECTOR or OFFICER."<br><br>[Depo. Ex. 28 at D&O Coverage Section § IX(D)(3), App'x V.] | |
| 14. The Policy states that "[i]t shall be the duty of the INSUREDS and not the duty of the INSURER to investigate and defend CLAIMS made against the INSUREDS. . . . The INSURER shall not be called upon to assume charge of the investigation, settlement or defense of any CLAIM or INQUIRY, but the INSURER shall have the right and shall be given the opportunity to associate with the INSUREDS in the investigation, settlement, defense and control of any CLAIM or INQUIRY that involves or may involve the INSURER. At all times, the INSUREDS and the INSURER shall cooperate in the investigation, settlement and defense of such CLAIM or INQUIRY."<br><br>[Depo. Ex. 28 at D&O Coverage | 14. Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | Section § IX(E), App'x V.] | | |
| 15. | The Policy states that "[t]he INSURER shall advance DEFENSE COSTS, INQUIRY COSTS, and INVESTIGATIVE EXPENSE on a current basis but no later than sixty (60) days after receipt by the INSURER of itemized invoices or other itemized materials documenting such DEFENSE COSTS, INQUIRY COSTS, or INVESTIGATIVE EXPENSE. . . ." [Depo. Ex. 28 at D&O Coverage Section § IX(A), App'x V.] | 15. | Undisputed. |
| | **THE CLAIM** | | |
| 16. | On December 8, 2015, Sempra's broker, Marsh, provided AEGIS with notice under the Policy of a natural gas leak at one of its storage wells located in Aliso Canyon. [Depo. Ex. 2, App'x A (Vazquez Depo. 19:22-25—21:1-6, App'x GGG).] | 16. | Undisputed. |
| 17. | On December 15, 2015, January 11, 2016, and January 14, 2016, Marsh provided AEGIS with notice of: (1) two emergency orders from the State of California; (2) a public health directive; and (3) twenty-five civil | 17. | Disputed that Marsh sent a letter to AEGIS on January 11, 2016. The January 11, 2016, letter from Marsh was addressed to Liberty Mutual Management (Bermuda) Ltd. Liberty Mutual forwarded the letter to AEGIS on January 14, |

13

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| lawsuits filed against Southern California Gas Company and others in California relating to damages allegedly incurred as a result of the Aliso Canyon gas leak.<br><br>[Depo. Ex. 5, App'x B (Vazquez Depo. 86:10-24—87:1-12, App'x GGG); Exhibits A and B to R. Stacy Lane Decl., App'x JJJ ("Lane Decl.") (Lane Decl. ¶¶ 4-5, App'x JJJ), App'x KKK; Depo. Ex. 6, App'x C (Vazquez Depo. 88:1-19, App'x GGG).] | 2016.<br><br>Undisputed that AEGIS sent letters to AEGIS on December 15, 2015, and January 14, 2016.  Disputed that the letters "provided AEGIS with notice of: (1) two emergency orders from the State of California; (2) a public health directive; and (3) twenty-five civil lawsuits filed against Southern California Gas Company and others in California relating to damages allegedly incurred as a result of the Aliso Canyon gas leak."  The evidence cited does not support this fact.<br><br>Evidence<br><br>AEGIS's App'x B (Ex. 5); AEGIS's App'x C. |

17. Moving Party's Statement:

Undisputed that Marsh sent a January 11, 2016, letter to Liberty Mutual Management (Bermuda) Ltd., which Liberty Mutual forwarded to AEGIS on January 14, 2016.  Undisputed that Marsh sent letters to AEGIS on December 15, 2015, and January 14, 2016.

The evidence cited supports the remainder of paragraph 17. In Stacy Lane's February 5, 2016 letter, Mr. Lane referenced the December 8, 2015, December 15, 2015, January 11, 2016, and January 14, 2016, letters. Those letters provided links to download additional information. Mr. Lane's letter stated that the December 8, 2015, December 15, 2015, January 11, 2016, and January 14, 2016, letters reported the following matters: (1) two emergency orders from the State of California; (2) a public health directive; and (3) twenty-five civil lawsuits filed against Southern California Gas Company and others in California.

Evidence: AEGIS's App'x B (Ex. 5); AEGIS's App'x C (Ex. 6); AEGIS's

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Appendix KKK, Lane Decl., ¶¶ 4-5 and Exhibits A and B to Lane Decl. | |
| 18. <br><br>[Confidential Depo. Ex. 74, App'x MM (Confidential Deposition of Jennifer ("Jett Depo.") 48:4-24—49:1-11, App'x HHH); Griffith Decl. ¶ 4, App'x LLL; Confidential Depo. Ex. 75, App'x OO at 1 (Confidential Jett Depo. 53:14-24—54:1-6, App'x HHH).] | 18. Undisputed that on February 3, 2016, Sempra's Board of Directors formed the Special Matters Committee ("SMC"). Also undisputed that one of the responsibilities of the SMC was to "serve as an advisor to the Board with respect to special matters that affect the Company, including with respect to making recommendations to the Board with respect to Special Matters."<br><br>The Board specifically directed "the Special Matters Committee to serve as an advisor to the Board. with respect to matters related to the leaking well at Southern California Gas Company's Aliso Canyon natural gas storage facility, including, without limitation, matters related to stopping the leak, reducing natural gas emissions, regulatory issues, litigation, environmental local mitigation efforts and insurance issues and to make recommendations to the Board with respect thereto."<br><br>The SMC Charter also stated: "The Committee will at the request of the Board recommend a course of action to the Board that the Committee believes is in the best interest of the Company and its shareholders, and shall |

15

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | independently: |
| | (a) examine and review, in conjunction with management, consultants, legal counsel and/or other advisors or experts, as determined to be appropriate by the Committee, the facts and circumstances related to the Special Matters; [and] |
| | (b) assess, examine and advise the Board regarding strategies, processes and alternatives which may be available to the Company with respect to such Special Matters; . . . ." |
| | The SMC Charter also states that "[t]he Committee's Legal Counsel shall report directly to the Committee. Communications between the Committee's Legal Counsel and the Committee, the Board, management, employees and the Company's advisors and agents will be considered privileged and confidential communications of the Company and the Committee will endeavor to take appropriate steps to preserve the privileged nature of those communications to the extent it deems necessary or appropriate." |
| | Evidence |
| | AEGIS's App'x MM (Confidential Depo. Ex. 74); AEGIS's App'x |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | OO (Confidential Depo. Ex. 75). |
| 18. Moving Party's Response: Sempra admits that the information contained in paragraph 18 is undisputed. Because the information is undisputed, the additional facts cited by Sempra are not relevant, although they are undisputed. Evidence: AEGIS's App'x MM (Confidential Depo. Ex. 74); AEGIS's App'x OO (Confidential Depo. Ex. 75). | |
| 19. On February 5, 2016, counsel for AEGIS acknowledged receipt of the matters reported on December 8, 2015, December 15, 2015, January 11, 2016, and January 14, 2016 (collectively, the "Notice of Circumstances") as a notice of circumstance that could give rise to a Claim under the Policy. AEGIS stated: "Accordingly, if a Claim is subsequently made against a Director or Officer arising out of, based upon, or relating to such facts or circumstances at issue in the Matters, AEGIS will treat such Claim as having been first made at the time the notice was given to AEGIS." [Depo. Ex. 6, App'x C (Vazquez Depo. 88:1-19, App'x GGG).] | 19. Undisputed that the February 5, 2016, letter acknowledged receipt of the December 8, 2015, December 15, 2105, January 11, 2016, and January 14, 2016, letters. Disputed that AEGIS acknowledged the January 11, 2016, and January 14, 2016, letters "as a notice of circumstance that could give rise to a Claim under the Policy." The February 3, 2016, letter states: "AEGIS agrees to treat your December 8 and 15 letters (and attachments through the Marsh link) as a proper notice of circumstances that may give rise to a Claim against the Directors or Officers." Evidence AEGIS's App'x C (Depo. Ex. 6). |
| 19. Moving Party's Statement: Undisputed that the February 5, 2016, letter acknowledged receipt of the December 8, 2015, December 15, 2015, January 11, 2016, and January 14, 2016 letters. | |

17

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Undisputed that the February 5, 2016, letter states: "AEGIS agrees to treat your December 8 and 15 letters (and attachments through the Marsh link) as a proper notice of circumstances that may give rise to a Claim against the Directors and Officers."<br><br>Sempra did not dispute that the letter also stated, "Accordingly, if a Claim is subsequently made against a Director or Officer arising out of, based upon, or relating to such facts or circumstances at issue in the Matters, AEGIS will treat such Claim as having been first made at the time the notice was given to AEGIS." <u>Evidence</u>: AEGIS's App'x C (Depo. Ex. 6). | |
| 20. In Sempra's March 19, 2020 Schedule 14A filed with the United States Securities and Exchange Commission, Sempra stated:<br><br>Our Special Matters Committee . . . meets at the call of its chair or any member of the committee as appropriate and, at the direction of the board, serves as an advisor to the board with respect to special matters that affect the company, reviews and analyzes issues pertaining to special matters, and oversees the management and resolution of issues relating to special matters. The Special Matters Committee is advising the board on the natural gas well leak at the SoCalGas Aliso Canyon natural gas storage facility and related matters. The committee will continue to operate in close coordination with the full board and closely track developments with respect to the SoCalGas | 20. Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Aliso Canyon natural gas storage facility. During 2019, the Special Matters Committee held three meetings.<br><br>Our Demand Review Committee . . . meets on call by the Chairman of this committee to investigate allegations set forth in any demands received from shareholders relating to the natural gas well leak at the SoCalGas Aliso Canyon natural gas storage facility and related matters, and to provide a recommendation to the Board of Directors for any actions that the committee determines are necessary or appropriate in light of its review of the demands. During 2019, the Demand Review Committee held eight meetings.<br><br>[Depo. Ex. 49, App'x DD at 17 (pg. 15 of PDF); (Confidential Deposition of Susan Muck ("Muck Depo.") 22:14-24—23:1-14, App'x FFF), Griffith Decl. ¶ 2, App'x JJJ=; Ex. D to Request for Judicial Notice.] | |
| 21. ███████████████████████ <br><br>[Jett Depo. 56:12-13, App'x | 21. Disputed.  The SMC did not retain Skadden to "represent its interests."  Pursuant to the SMC Charter, the SMC retained Skadden to "serve as independent advisors or counsel to the Committee . . . [to] perform such |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | HHH.] | | roles and responsibilities as the Committee may deem necessary in order for the Committee to fulfill its purposes, duties and responsibilities." <br><br> Evidence <br><br> AEGIS's App'x MM (Confidential Depo. Ex. 74). |
| 21. Moving Party's Statement: <br><br> It is undisputed that the SMC retained Skadden as counsel and that pursuant to the SMC Charter, the SMC was permitted to retain counsel to "serve as independent advisors or counsel to the Committee . . . [to] perform such roles and responsibilities as the Committee may deem necessary in order for the Committee to fulfill its purposes, duties and responsibilities." Evidence: AEGIS's App'x OO. | | | |
| 22. | On February 24, 2016, Marsh provided AEGIS and several other carriers with notice of the following two lawsuits: (1) *The Firemen's Retirement System of St. Louis v. Debra L. Reed, et al.*, No. 37-2016-00005842-CU-BT-CTL (Superior Ct., San Diego Cnty., Cal., filed Feb. 11, 2016) (the "Firemen's Action"); and (2) *Rhoda Kanter v. Debra L. Reed, et al.* (Superior Ct., Los Angeles Cnty., Cal., filed Feb. 23, 2016) (the "Kanter Action"). <br><br> [Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG).] | 22. | Undisputed. |
| 23. | In the Firemen's Action, the plaintiff alleged that Sempra's directors and officers (the | 23. | Disputed. <br><br> In the Firemen's Action, the |

20

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| "D&Os") breached fiduciary duties owed to Sempra's shareholders by failing to immediately report the leak and failing to properly remedy the leak.<br><br>[Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG).] | plaintiff alleged "The Individual Defendants breached their duty of loyalty and good faith by allowing defendants to cause or by themselves causing Sempra to: (i) fail to timely notify the proper authorities after discovering the Well leak; (ii) fail to install a safety valve on the Well; (iii) continuously pollute the air and ground water; (iv) expose thousands of local residents to toxic gases and harmful chemicals; and (v) fail to timely provide affected residents with  adequate temporary housing." Further "the Board caused or allowed Sempra to: (i) fail to safely maintain the Well; (ii) fail to timely notify proper authorities upon discovery of the gas leak; (iii) fail to timely initiate its contingency plan for plugging the well; (iv) fail to timely provide adequate temporary housing to thousands of gas leak victims in the area surrounding the well; and (v) cause significant damage to the environment."<br><br>Evidence<br><br>AEGIS's App'x D (Depo Ex. 8). |

23. Moving Party's Statement:

It is undisputed that in the Firemen's Action the plaintiff alleged the language Sempra cited, which demonstrates that the plaintiff in the Firemen's Action alleged that Sempra's D&Os breached fiduciary duties owed to Sempra's shareholders by failing to immediately report the leak and failing to properly

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| remedy the leak. Evidence: AEGIS's App'x D (Depo Ex. 8). | |
| 24. The plaintiff in the Kanter Action alleged similar allegations to those alleged in the Firemen's Action. [Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG).] | 24. Undisputed that the *Kanter* lawsuit and the *Firemen's* lawsuit arose out of the same alleged "Wrongful Acts" as that term is defined in the Policy. Disputed on the basis that the *Firemen's* lawsuit alleged claims against various directors and officers of Sempra and SoCalGas, whereas the *Kanter* lawsuit only alleged claims against the directors of Sempra. Evidence AEGIS's App'x D (Depo Ex. 8); AEGIS's App'x GGG (Vazquez Depo. at 92:12-24—93:1-2). |
| 24. Moving Party's Response: Sempra admits that it is undisputed that the *Kanter* lawsuit and the *Firemen's* lawsuit arose out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which demonstrates that the lawsuits involved similar "Wrongful Acts." Furthermore, in the additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement also shows that the allegations in the lawsuits were similar. | |
| 25. On March 1, 2016, Marsh provided AEGIS and several other | 25. Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | carriers with notice of the lawsuit captioned *Craig Plumley v. Sempra Energy, et al.*, No. 3:16-cv-00512-BEN-RBB (S.D. Cal., filed Feb. 29, 2016) (the "Plumley Action").<br><br>[Depo. Ex. 9, App'x E (Vazquez Depo. 98:21-25—99:1-10, App'x GGG).] | | |
| 26. | In the Plumley Action, the plaintiff, on behalf of himself and others similarly situated, alleged that the defendants made false and misleading statements regarding Sempra's business, operations, cash position, prospects, and internal controls concerning known hazards relating to the gas leak in violation of the Securities Exchange Act.<br><br>[Depo. Ex. 9, App'x E (Vazquez Depo. 98:21-25—99:1-10, App'x GGG).] | 26. | Undisputed.<br><br>The *Plumley* complaint also alleged that: "Defendants made false and/or misleading statements and/or failed to disclose that: (i) SoCalGas lacked the capability to expeditiously repair gas leaks, causing a public hazard; (ii) an extended hazardous leak would constitute a serious threat to public health and safety; and (iii) as a result of the foregoing, Defendants' public statements were materially dales and misleading at all relevant times."<br><br>Evidence<br><br>AEGIS's App'x E (Depo. Ex. 9). |

26. Moving Party's Statement:

Sempra admits that the statement in AEGIS's paragraph 26 is undisputed and, therefore, the "additional information" Sempra provided in response is irrelevant.

While the "additional information" that Sempra provided in response to paragraph 26 is not relevant (and had a few typographical errors), it is undisputed that the *Plumley* complaint also alleged that: "Defendants made false and/or misleading

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| statements and/or failed to disclose that: (i) SoCalGas lacked the capability to expeditiously repair gas leaks, causing a public hazard; (ii) an extended hazardous gas leak would constitute a serious threat to public health and safety; and (iii) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times." <br><br> Evidence: AEGIS's App'x E at 3 (Depo. Ex. 9). | |
| 27. On March 21, 2016, Marsh provided AEGIS with notice of the lawsuit captioned *David Shupak v. Debra L. Reed, et al.*, No. 2:16-cv-01723 (C.D. Cal., filed Mar. 14, 2016) (the "Shupak Federal Action"). <br><br> [Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x GGG).] | 27. Undisputed |
| 28. The plaintiff in the Shupak Federal Action alleged similar allegations to those alleged in the Firemen's Action and the Kanter Action. <br><br> [*See* Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x GGG); Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG).] | 28. Undisputed that the *Shupak, Firemen's* and *Kanter* lawsuits arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy. <br><br> Disputed on the basis that the *Firemen's* and *Shupak* lawsuits alleged claims against various directors and officers of Sempra and SoCalGas, whereas the *Kanter* lawsuit only alleged claims against the directors of Sempra. <br><br> Evidence <br><br> AEGIS's App'x F (Depo Ex. 10); AEGIS's App'x D (Depo Ex. 8). |

24

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 28. Moving Party's Response:<br><br>Sempra admits that the *Shupak*, *Kanter,* and *Firemen's* lawsuits arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which demonstrates that the lawsuits involved similar allegations.<br><br>Furthermore, in additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement shows that the allegations in the lawsuits were similar.<br><br>Evidence: AEGIS's App'x F (Depo Ex. 10); AEGIS's App'x D (Depo Ex. 8). | |
| 29. On March 24, 2016, counsel for AEGIS acknowledged receipt of the Firemen's Action, the Kanter Action, the Plumley Action, and the Shupak Federal Action and provided Sempra with AEGIS's preliminary analysis of coverage for the actions under the AEGIS D&O Policy. AEGIS stated that the lawsuits arose out of the same or related facts, circumstances, situations, events, transactions, or causes and, therefore, constituted a single Securities Claim under the AEGIS D&O Policy subject to single retention of $5,000,000. AEGIS reserved all of its rights under the AEGIS D&O Policy and at law with respect to coverage for the actions and stated the following:<br><br> AEGIS understands that the Insureds have retained or plan | 29. Undisputed that the March 24, 2016, letter contains the quoted language.<br><br>Disputed that the Policy required Sempra or the Insureds to obtain AEGIS' consent to the retention of defense counsel. Also disputed that AEGIS was entitled to condition its payment of DEFENSE COSTS under the Policy based on "defense counsel charging only reasonable and necessary fees and expenses at hourly rates agreed upon by AEGIS." The Policy defines DEFENSE COSTS as "all reasonable fees and expenses incurred by or on behalf of the DIRECTORS and OFFICERS in the investigation, negotiation, settlement, or defense of any CLAIM . . . ."<br><br>Also disputed that the Policy |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| to retain the law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis") to defend their interests in the Lawsuits. So that AEGIS may evaluate the reasonableness of that defense arrangement, please provide to us the name and hourly rate of each timekeeper at Morgan Lewis who may be billing on these matters. If AEGIS consents to that defense arrangement, such consent would be subject to the following: (1) defense counsel charging only reasonable and necessary fees and expenses at hourly rates agreed upon by AEGIS; (2) the reservation of rights set forth within this letter; and (3) the Insureds' satisfaction of the applicable $5 million Retention.<br><br>Please note that AEGIS must be provided with at least quarterly status reports, a defense cost budget for defending the Lawsuits through the initial stages, and copies of defense cost statements, itemized as to the nature of the individual services rendered, the identity of the individual attorney providing the services, the time allocated to the specific service and a description of all disbursements. AEGIS will not | required Sempra or the Insureds to "provide[] [AEGIS] with at least quarterly status reports, a defense cost budget for defending the Lawsuits through the initial stages, and copies of defense cost statements, itemized as to the nature of the individual services rendered, the identity of the individual attorney providing the services, the time allocated to the specific service and a description of all disbursements." The Policy only required Sempra or the Insureds to provide "itemized invoices or other itemized materials documenting [its] DEFENSE COSTS . . . ."<br><br>Also disputed that Sempra or the Insureds were required to "provide [AEGIS with] defense invoices as they are generated . . . ." The Policy does not specify when defense invoices must be provided to AEGIS.<br><br>Evidence<br><br>AEGIS's App'x (Ex. 28 [Policy] at §§ IX. (A) & (E)). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| reimburse charges for word processing, secretarial or similar services that are part of general overhead expenses. Please provide to us defense invoices as they are generated so that AEGIS may monitor erosion of the Retention.<br><br>[Depo. Ex. 11, App'x G (Vazquez Depo. 105:22-25—1061:13, App'x GGG).] | |

29. Moving Party's Statement:

Sempra admits that it is undisputed that the March 24, 2016, letter contains the language AEGIS quoted in paragraph 29. AEGIS was not attempting to argue what is required by the Policy in paragraph 29 and, therefore, the remainder of Sempra's response as to what is required by the Policy is irrelevant here.

Evidence: AEGIS App'x G.

| | | | |
|---|---|---|---|
| 30. | On April 13, 2016, a letter was sent on behalf of Charles Fazio (a Sempra stockholder) to Debra Reed, the Chairman of Sempra's Board of Directors, demanding that the Board "remedy breaches of fiduciary duties by certain current and/or former directors and executive officers" of Sempra arising from alleged misrepresentations to investors about the Aliso Canyon gas leak. Mr. Fazio demanded that Sempra undertake an independent internal investigation and commence a civil action against the Board members (the "Fazio Demand"). | 30. | Undisputed that on April 13, 2016, a letter was sent on behalf of Charles Fazio (a Sempra stockholder) to Debra Reed, the Chairman of Sempra's Board of Directors, demanding that the Board "remedy breaches of fiduciary duties by certain current and/or former directors and executive officers" of Sempra.<br><br>Disputed as to the characterization of the Demand letters allegations. The letter stated, specifically, that "Management mislead investors by concealing pervasive nature of a natural gas leak from the Company's Aliso Canyon natural |

27

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Depo. Ex. 52, App'x GG (Jett Depo. 72:17-24—73:1-7, App'x HHH, and Confidential Muck Depo. 86:5-24—87:1-6, App'x FFF).] | gas storage facility near the Porter Ranch neighborhood in Los Angeles . . . subjecting the company to substantial criminal and civil liability." |
| | Further disputed as to the statement that Mr. Fazio demanded Sempra "commence a civil action against the Board members." The Fazio letter demands that the Board "commence a civil action against each member of Management to recover for the benefit of the company the amount of damages[.]" Management is defined to include "certain current and/or former directors and executive officers of [Sempra] . . . ." |
| | Evidence |
| | AEGIS's App'x GG (Depo. Ex. 52). |

30. Moving Party's Statement:

Sempra admits that it is undisputed that on April 13, 2016, a letter was sent on behalf of Charles Fazio (a Sempra stockholder) to Debra Reed, the Chairman of Sempra's Board of Directors, demanding that the Board "remedy breaches of fiduciary duties by certain current and/or former directors and executive officers" of Sempra.

The language that Sempra cited proves the remainder of what AEGIS stated in paragraph 30, including that the letter referenced alleged misrepresentations to investors about the Aliso Canyon gas leak. Sempra cited language from the letter that demonstrates this point, including the portion that Sempra cited that stated that "[m]anagement mislead investors by concealing pervasive nature of a natural gas leak from the Company's Aliso Canyon natural gas storage facility near the

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Porter Ranch neighborhood in Los Angeles . . . subjecting the company to substantial criminal and civil liability." <br><br> Furthermore, the other language Sempra quoted supports the statement of fact in paragraph 30. Sempra admitted that the letter demanded that the Board "commence a civil action against each member of Management to recover for the benefit of the company the amount of damages[.]" Management is defined to include "certain current and/or former directors and executive officers of [Sempra] . . . ."  Accordingly, it is undisputed that Mr. Fazio demanded that the Board commence a civil action against Management. <br><br> <u>Evidence</u>: AEGIS's App'x GG (Depo. Ex. 52). | |
| 31.  ███████████████ <br><br> [Confidential Depo. Ex. 97, App'x EEE (Confidential Jett Depo. 103:12-23, App'x HHH).] | 31.  Undisputed that the SMC held a telephonic meeting on April 14, 2016. <br><br> Disputed as to the characterization that these were the only updates provided. In addition to updates on 1) resident relocations relating to Aliso Canyon; (2) the "root cause analysis" that was being conducted in order to determine the cause of the leak (the "Root Cause Analysis"); (3) legislative and regulatory matters; (4) media; and (5) insurance coverage, the SMC also provided a litigation update. <br><br> <u>Evidence</u> <br><br> AEGIS's App'x EEE (Confidential Depo. Ex. 97). |
| 31. Moving Party Statement: <br><br> Undisputed that the SMC held a telephonic meeting on April 14, 2016. Undisputed that during the meeting, updates on the following were provided: (1) resident relocations relating to Aliso Canyon; (2) the "root cause analysis" that | |

29

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| was being conducted in order to determine the cause of the leak (the "Root Cause Analysis"); (3) legislative and regulatory matters; (4) media; and (5) insurance coverage. While Sempra stated it was disputed that these were the "only" matters discussed, AEGIS never claimed these were the only matters discussed. Finally, it was undisputed that the SMC meeting notes also reference a "litigation update", the details of which were redacted from the meeting notes. Evidence: AEGIS's App'x EEE (Confidential Depo. Ex. 97). | |
| 32. On May 4, 2016, Marsh provided AEGIS with notice of the following two lawsuits: (1) *David Shupak v. Debra L. Reed, et al.*, No. BC617444 (Superior Ct., Los Angeles Cnty., Cal., filed Apr. 19, 2016) (the "Shupak State Action"); and (2) *Arthur Fischman v. Debra L. Reed, et al.*, No. 3:16-cv-01006-WQH-NLS (S.D. Cal., filed Apr. 25, 2016) (the "Fischman Action"). [Depo. Ex. 12, App'x H (Vazquez Depo. 114:20-25—115:1-12, App'x GGG).] | 32. Undisputed. |
| 33. The plaintiff in the Shupak State Action alleged similar allegations to those alleged in the Firemen's Action, the Kanter Action, and the Shupak Federal Action. [*See* Depo. Ex. 12, App'x H (Vazquez Depo. 114:20-25—115:1-12, App'x GGG); Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG); Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x | 33. Undisputed that the *Shupak* State Action, the *Firemen's* lawsuit, the *Kanter* lawsuit, and the *Shupak* Federal Action all arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy. Disputed on the basis that the *Firemen's* and *Shupak* lawsuits alleged claims against various directors and officers of Sempra and SoCalGas, whereas the *Kanter* complaint only alleged claims |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| GGG).] | against the directors of Sempra.<br><br>Evidence<br><br>AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x D (Depo. Ex. 8); AEGIS's App'x F (Depo. Ex. 10). |
| 33. Moving Party's Statement:<br><br>Sempra admits that the *Shupak* State Action, the *Firemen's* lawsuit, the *Kanter* lawsuit, and the *Shupak* Federal Action all arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which demonstrates that the lawsuits involved similar allegations.<br><br>Furthermore, in Sempra's additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement shows that the allegations in the lawsuits were similar. | |
| 34. The plaintiff in the Fischman Action alleged similar allegations to those alleged in the Firemen's Action, the Kanter Action, the Shupak Federal Action, and the Shupak State Action.<br><br>[*See* Depo. Ex. 12, App'x H (Vazquez Depo. 114:20-25—115:1-12, App'x GGG); Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG); Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x GGG).] | 34. Undisputed that the *Fischman* lawsuit, *Shupak* lawsuits, *Firemen's* lawsuit, and the *Kanter* lawsuit all arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy.<br><br>Disputed on the basis that the *Firemen's, Fischman,* and *Shupak* lawsuits alleged claims against various directors and officers of Sempra and SoCalGas, whereas the *Kanter* complaint only alleged claims against the directors of Sempra.<br><br>Evidence |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| | | AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x D (Depo. Ex. 8); AEGIS's App'x F (Depo. Ex. 10). |

34. Moving Party's Statement:

Sempra admits that it is undisputed that the *Fischman* lawsuit, *Shupak* lawsuits, *Firemen's* lawsuit, and the *Kanter* lawsuit all arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which demonstrates that the lawsuits involved similar allegations.

Furthermore, in the additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement shows that the allegations in the lawsuits were similar.

Evidence: AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x D (Depo. Ex. 8); AEGIS's App'x F (Depo. Ex. 10).

| 35. |  | 35. | Undisputed that on May 11, 2016, Sempra's Board created the Demand Review Committee. Disputed that the Demand Review Committee's investigation was limited to the allegations contained in the Fazio demand letter. The Board created "the Demand Review Committee . . . to review, investigate, and make a recommendation to the Board in accordance with California law, as to what actions, if any, are necessary or appropriate and in the best interest of Sempra and its shareholders in light of the Demands and Derivative Actions, including whether to assert the |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Confidential Depo. Ex. 71, App'x LL (Confidential Muck Depo. 127:11-24—128:1-15, App'x FFF).] | claims made in the Demands and Derivative Actions . . . ." <br><br> Evidence <br><br> AEGIS's App'x II (Depo. Ex. 54 [Feb. 22, 2022, Brd. Resolution] at 2); AEGIS's App'x FFF (Muck Confidential Depo. at 93:4-24—95:1-3). |

35. Moving Party's Statement:

████████████████████████████████████

████████████████████████████████████

Evidence: Aegis App'x LL (Depo. Ex. 71 [Demand Review Committee Charter] at 1); AEGIS's App'x II (Depo. Ex. 54 [Feb. 22, 2022, Brd. Resolution] at 2).

| 36. ████████████ | 36. Undisputed that on May 12, 2016, the DRC determined to defer consideration of the Fazio demand. <br><br> Disputed that consideration of the |
|---|---|

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ▓▓▓▓▓▓▓▓ [Confidential Depo. Ex. 63, App'x JJ (Confidential Muck Depo. 129: 7-24; 130:1-5, App'x FFF).] | Fazio demand was deferred solely in order to wait until the Root Cause Analysis was complete. The Demand Review Committee notes from the May 12, 2016, meeting, state that, "[t]he Committee determined that, before it undertakes its review of the Demand, it would be important to have the benefit of the root cause analysis and other pertinent information being collected and analyzed by state and federal regulatory agencies." <br><br> Evidence <br><br> AEGIS' App'x JJ (Confidential Depo. Ex. 63). |
| 36. Moving Party's Statement: <br><br> Undisputed that on May 12, 2016, the DRC determined to defer consideration of the Fazio demand. Undisputed that the Demand Review Committee notes from the May 12, 2016, meeting, state that, "[t]he Committee determined that, before it undertakes its review of the Demand, it would be important to have the benefit of that root cause analysis and other pertinent information being collected and analyzed by state and federal regulatory agencies." <br><br> Evidence: AEGIS' App'x JJ (Confidential Depo. Ex. 63). | |
| 37. On June 14, 2016, counsel for AEGIS acknowledged receipt of the Shupak State Action and the Fischman Action and stated that, because the actions appeared to involve the same or similar alleged wrongful conduct as the previously filed lawsuits, AEGIS adopts and restates all of the | 37. Undisputed. <br><br> However, disputed that the Policy requires Sempra or the Insureds to provide AEGIS with "quarterly status reports, a defense cost budget for defending all of the lawsuits through the initial stages, and copies of all defense cost |

34

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| coverage defenses asserted in its March 24, 2016 letter as being equally applicable to the Shupak State Action and the Fischman Action. AEGIS also stated:<br><br>Please also let us know whether Morgan, Lewis & Bockius LLP intends to represent the new defendants in the Fischman Lawsuit. In our March 24, 2016 letter to you, we requested the name and hourly rate of each timekeeper at Morgan Lewis who may be billing on these matters, but have not yet received a response to this request.<br><br>We also requested at least quarterly status reports, a defense cost budget for defending all of the lawsuits through the initial stages, and copies of all defense cost statements, itemized as to the nature of the individual services rendered, the identity of the individual attorney providing the services, the time allocated to the specific service and a description of all disbursements. To date, we have not received a response to these requests.<br><br>[Depo. Ex. 13, App'x I (Vazquez Depo. 115:16-25—116:1-6, App'x GGG).] | statements, itemized as to the nature of the individual services rendered, the identity of the individual attorney providing the services, the time allocated to the specific service and a description of all disbursements." The Policy only required Sempra or the Insureds to provide "itemized invoices or other itemized materials documenting [its] DEFENSE COSTS . . . ."<br><br>Evidence<br><br>AEGIS's App'x V (Depo. Ex. 28 [Policy] at § IX.(A)). |

35

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 37. Moving Party's Statement:<br><br>The facts set forth in AEGIS's Statement of Facts paragraph 37 are undisputed. It is also undisputed that the Policy includes the language Sempra cited.<br><br>With regards to the other statements Sempra made, AEGIS was not attempting to argue what is required by the Policy in paragraph 37 and, therefore, Sempra's statements as to what is required by the Policy are irrelevant.<br><br><u>Evidence</u>: Aegis App'x I (Depo. Ex. 13). | |
| 38. In a June 24, 2016 letter to counsel for Mr. Fazio, Sempra stated that the Board established a "Demand Review Committee (the 'DRC') consisting of directors William Rusnack and Alan Boeckmann to consider the demand and the allegations set forth in the April 13 Letter and to report and make recommendations to the Board." That letter also indicated that the DRC determined to defer consideration of the Fazio Shareholder Derivative Demand until the Root Cause Analysis was completed.<br><br>[Depo. Ex. 53, App'x HH (Confidential Muck Depo. 88:13-24—91:1-7, App'x FFF).] | 38. Undisputed that in a June 24, 2016, letter to counsel for Mr. Fazio, Sempra stated that the Board established a "Demand Review Committee (the 'DRC') consisting of directors William Rusnack and Alan Boeckmann to consider the demand and the allegations set forth in the April 13 Letter and to report and make recommendations to the Board."<br><br>Disputed that the letter only indicated that the DRC had determined to defer consideration of the Fazio Shareholder Derivative Demand until the Root Cause Analysis was completed. The letter states, "*Among other things,* information necessary to determine the cause of the leak will not be available to the Company or the DRC until the root cause analysis being conducted . . . is complete." The letter also states: "In addition, the Company and/or SoCalGas currently are defending litigation brought by the |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | California Attorney General and the California Air Resources Board, the City of Los Angeles, Los Angeles County, the South Coast Air Quality Management District, and criminal charges brought by the LA District Attorney, as well as numerous civil lawsuits, each related to the issues alleged in the April 13 Letter. (See Apr. 13 Letter at 4-5). The DRC must evaluate how to proceed in light of these other matters, including whether any action that the DRC may initiate (or the timing of any action) would be in the Company's best interests." |
| | Evidence |
| | AEGIS's App'x HH (Depo. Ex. 53). |

38. Moving Party's Statement:

Sempra admits that it is undisputed that in a June 24, 2016, letter to counsel for Mr. Fazio, Sempra stated that the Board established a "Demand Review Committee (the 'DRC') consisting of directors William Rusnack and Alan Boeckmann to consider the demand and the allegations set forth in the April 13 Letter and to report and make recommendations to the Board."

Sempra admits that it is undisputed that the DRC had determined to defer consideration of the Fazio Shareholder Derivative Demand until the Root Cause Analysis was completed, among other things. Aegis never claimed that the only reason the DRC deferred consideration of the Fazio Shareholder Derivative Demand was because of the Root Cause Analysis. AEGIS does not dispute that the letter identifies other information that the DRC may consider in evaluating the Fazio Shareholder Derivative Demand.

37

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Evidence: AEGIS's App'x HH (Depo. Ex. 53). | |
| 39. On August 17, 2016, August 25, 2016, and again on September 14, 2016, counsel for AEGIS followed up with Marsh, Sempra, and/or Sempra's counsel on AEGIS's request for information about defense counsel for the noticed actions, which had not been provided as of those dates as requested.<br><br>[Depo. Ex. 74-2,[2] App'x NN (Deposition of Neil Cayabyab ("Cayabyab Depo.") 127:9-24—129:9, App'x III); Griffith Decl. ¶ 5, App'x LLL.] | 39. Undisputed |
| 40. On August 30, 2016, Sempra's Board received a letter from an attorney representing shareholder Howard Stapleton demanding that the Board conduct an investigation and take various actions to remedy similar alleged wrongdoing by the Board (the "Stapleton Demand").<br><br>[Depo. Ex. 54, App'x II (Muck Confidential Depo. 93:4-24—95:1-3, App'x FFF); Depo. Ex. 65, App'x KK (Muck Confidential Depo. 125:23-24—127:1-10, App'x FFF); Muck | 40. Undisputed that on August 30, 2016, Sempra's Board received a letter from an attorney representing shareholder Howard Stapleton.<br><br>Disputed that the letter "demand[ed] that the Board conduct an investigation and take various actions to remedy similar alleged wrongdoing by the Board." The evidence does not support this alleged fact.<br><br>Evidence<br><br>AEGIS's App'x II (Depo. Ex. 54). |

[2] There were inadvertently two exhibits labeled "Exhibit 74" during the depositions in this matter. As a result, AEGIS will refer to this second "Exhibit 74" as "Exhibit 74-2," which was marked during the deposition of Neil Cayabyab.

38

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | Confidential Depo. 28:20-24—29:1-3, App'x FFF.] | | |

40. Moving Party Statement:

Undisputed that on August 30, 2016, Sempra's Board received a letter from an attorney representing shareholder Howard Stapleton.

While Sempra stated what the letter requested was disputed, it is undisputed that the Board's February 22, 2022 Resolution (which was cited as the evidence for this statement of fact) stated that the Stapleton Demand Letter "demand[ed] that the Board conduct an investigation and take various actions to address certain allegations set forth in the Stapleton Demand." Furthermore, the evidence cited by Sempra in response to Statement of Fact 41 below, establishes that it is undisputed that the letter "demand[ed] that the Board take action against the Officers and Directors to recover the damages as a result of the Aliso Canyon gas leak . . . ."

Evidence: AEGIS's App'x II (Depo. Ex. 54); *See* Thayer Decl. ¶ 13, Ex. 10 [SEMPRA0044668-44677].

| 41. | Sempra has never provided a copy of the Stapleton Demand to AEGIS. [Jett Depo. 121:17-20, App'x HHH.] | 41. | Disputed. Sempra produced a copy of the Stapleton Demand to AEGIS on February 17, 2025. Evidence *See* Thayer Decl. ¶ 13, Ex. 10 [SEMPRA0044668-44677]. |

41. Moving Party's Statement:

Undisputed that Sempra never provided a copy of the Stapleton Demand to AEGIS prior to this coverage action being filed and did not provide the Stapleton Demand to AEGIS until February 17, 2025. It is also undisputed that a representative of Sempra, Ms. Jett, was asked, "Do you agree that the Stapleton shareholder demand was not -- was never provided to AEGIS?" and Ms. Jett responded, "To my knowledge, that is correct."

Evidence: *See* Thayer Decl. ¶ 13, Ex. 10 [SEMPRA0044668-44677]; AEGIS

39
DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| App'x HHH (Jett Depo. 121:17-20). | |
| 42. <br><br>[Confidential Depo. Ex. 83, App'x RR (Jett Depo. 81:8-24—82:1-4, App'x HHH).] | 42. Undisputed that the SMC held a telephonic meeting on December 15, 2016.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on (1) operations of Aliso Canyon; (2) the Root Cause Analysis; (3) regulatory matters; (4) media; and (6) financial and insurance matters, the SMC also provided an overview of SoCalGas Leadership Transition Plans and a litigation update.<br><br>Evidence<br><br>AEGIS's App'x RR (Confidential Depo. Ex. 83). |
| 31. Moving Party Statement:<br><br>Evidence: AEGIS's App'x RR (Confidential Depo. Ex. 83). | |
| 43. | 43. Undisputed that the SMC held a telephonic meeting on January 31, |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [black redaction box]<br><br>[Confidential Depo. Ex. 82, App'x QQ (Jett Depo. 80:13-24—81:1-11, App'x HHH).] | 2017.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on (1) public hearings concerning Aliso Canyon; (2) maintenance and assessment of wells; (3) media; and (4) financial and insurance matters, the SMC provided a litigation update.<br><br>Evidence<br><br>AEGIS's App'x QQ (Confidential Depo. Ex. 82). |

43. Moving Party Statement:

Undisputed that the SMC held a telephonic meeting on January 31, 2017, during which updates on the following were provided: (1) public hearings concerning Aliso Canyon; (2) maintenance and assessment of wells; (3) media; and (4) financial and insurance matters. While Sempra stated it was disputed that these were the "only" matters discussed, AEGIS never claimed these were the only matters discussed. Furthermore, while it is undisputed that the SMC meeting notes also reference a "Legal Update" because the entire section related to the "Legal Update" is redacted, it is not clear what litigation, if any, was discussed during that "Legal Update" (and whether any litigation update would have related to the D&O Litigation or some of the other several hundred cases involving the Aliso Canyon leak).

Evidence: AEGIS's App'x QQ (Confidential Depo. Ex. 82).

| 44. | On February 14, 2017, Morgan Lewis sent an email to AEGIS inviting AEGIS to join "the Sempra Insurance D&O eRoom," which contained approximately 143 invoices. The uploaded invoices totaled $3,931,132.50, were dated from January 31, 2016 | 44. | Undisputed that on February 14, 2017, Morgan Lewis sent an email to Mee Choi at AEGIS inviting Mee Choi to join "the Sempra Insurance D&O eRoom."<br><br>Disputed that the cited evidence supports the statement that the |

41

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| to December 16, 2016, and were from not only Morgan Lewis, but also Document Technologies, Inc. ("DTI"), iDiscover, LLC ("iDiscover"), the law firm O'Melveny & Meyers ("O'Melveny"), and Skadden. [Depo. Ex. 15, App'x J (Vazquez Depo. 117:23-25—118:1-23, App'x GGG); *see* Confidential Depo. Ex. 21, App'x P (Vazquez Depo. 125:7-23 and Confidential Deposition of R. Stacy Lane ("Lane Depo.") 41:20-25—42:1-8, App'x KKK); Griffith Decl. ¶ 6, App'x LLL.] | Sempra Insurance D&O eRoom "contained approximately 143 invoices. The uploaded invoices totaled $3,931,132.50, were dated from January 31, 2016, to December 16, 2016, and were from not only Morgan Lewis, but also Document Technologies, Inc. ("DTI"), iDiscover, LLC ("iDiscover"), the law firm O'Melveny & Meyers ("O'Melveny"), and Skadden. Evidence AEGIS's App'x J (Depo. Ex. 15); AEGIS's App'x P (Confidential Depo. Ex. 21). |

44. Moving Party's Statement:

Sempra agrees that it is undisputed that on February 14, 2017, Morgan Lewis sent an email to Mee Choi at AEGIS inviting Mee Choi to join "the Sempra Insurance D&O eRoom."

While Sempra disputes the remainder of this statement of fact, the evidence AEGIS cited, including the letter from Mr. Lane, supports the statement that the uploaded invoices that AEGIS addressed in Mr. Lane's letter totaled $3,931,132.50, were dated from January 31, 2016, to December 16, 2016, and were from Morgan Lewis DTI, iDiscover, O'Melveny, and Skadden. *See* App'x P.

Evidence: AEGIS's App'x J (Depo. Ex. 15); AEGIS's App'x P (Confidential Depo. Ex. 21).

| 45.  | 45. Disputed on the ground that there is no competent evidence to support this Fact. The "Evidence" supporting this "fact" is a letter prepared by AEGIS purportedly summarizing information |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
|  [Confidential Depo. Ex. 22, App'x Q (Confidential Lane Depo. 15:23-25—16:1-7, App'x KKK).] | contained in defense invoices. <u>Evidence</u> AEGIS's App'x Q (Confidential Depo. Ex. 22). |
| 45. Moving Party's Statement: Sempra does not dispute the facts set forth in paragraph 45 or offer evidence to dispute those facts. Instead, Sempra objects, claiming there is no competent evidence to support this fact. That denial, without admissible evidence, is insufficient to create a dispute of a material fact. A party opposing summary judgment must present affirmative, admissible evidence rather than merely disputing facts. *See* Fed.R.Civ. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Mere allegations, denials, or speculative assertions are insufficient; the non-moving party must identify specific evidence that creates a genuine issue for trial. There must be more than "some metaphysical doubt as to the material facts" or a "scintilla of evidence." *Anhing Corp. v. Thuan Phong Co.*, 215 F. Supp. 3d 919, 932 (C.D.Cal.2015) quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). | |
| 46.  | 46. Disputed on the ground that there is no competent evidence to support this Fact.  The "Evidence" supporting this Fact is a letter |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ██████████████ [Confidential Depo. Ex. 22, App'x Q (Confidential Lane Depo. 15:23-25—16:1-7, App'x KKK); Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x KKK); Confidential Depo. Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x KKK).] | prepared by AEGIS purportedly summarizing information contained in defense invoices.<br><br>Also disputed because the Fact incorrectly summarizes the rates in AEGIS' evidence.  According to AEGIS' evidence, MW Close had a rate of $975 in 2016 and a rate of $1,035 in 2017 and K. Volkar was an associate who had a rate of $515 in 2016 and $610 in 2017.<br><br>Evidence<br><br>AEGIS's App'x Q (Confidential Depo. Ex. 22); AEGIS's App'x S (Confidential Depo. Ex. 24). |

45. Moving Party's Statement:

██████████████████████████████

██████████████████████████████

██████████  therwise, Sempra does not dispute the facts set forth in paragraph 45 or offer evidence to dispute those facts. Instead, Sempra objects, claiming there is no competent evidence to support this fact. That denial, without admissible evidence, is insufficient to create a dispute of a material fact. A party opposing summary judgment must present affirmative, admissible evidence rather than merely disputing facts. *See* Fed.R.Civ. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."). Mere allegations, denials, or speculative assertions are insufficient; the non-moving party must identify specific evidence that creates a genuine issue for trial. There must be more than "some metaphysical doubt as to the material facts" or a "scintilla of evidence." *Anhing Corp. v. Thuan Phong Co.*, 215 F. Supp. 3d 919, 932 (C.D.Cal.2015) quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Addisu v. Fred Meyer*, 198 F.3d 1130,

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 1134 (9th Cir. 2000). | |
| Furthermore, Mr. Lane's summary of the invoices is admissible pursuant to Fed. R. Evid. 1006 which provides: "The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence" so long as the underlying originals or duplicates are available to other parties. *See IPS Group, Inc. v. Duncan Solutions, Inc.*, S.D.Cal. No. 15-cv-1526-CAB (MDD), 2018 U.S. Dist. LEXIS 140046, at *11 (Aug. 17, 2018) (declining to review 400+ pages of billing records, accepting that "the Court should not be burdened with a tedious review of voluminous time entries and hourly rates."). Here, there is no dispute that the invoices are voluminous and that Sempra has access to its own counsel's invoices. In addition, AEGIS has offered to provide the Court with copies of all of the invoices. (Def.'s Stmt. of Facts at 49, n. i.) | |
| 47. ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ [Confidential Depo. Ex. 81, App'x PP (Confidential Jett Depo. 78:15-24—80:1-7, App'x HHH).] | 47. Undisputed that the SMC held a telephonic meeting on February 17, 2017.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on (1) public hearings concerning Aliso Canyon; (2) maintenance and assessment of wells; (3) media; and (4) financial and insurance matters, the SMC provided a litigation update.<br><br>Evidence<br><br>AEGIS's App'x PP (Confidential Depo. Ex. 81). |
| 47. Moving Party's Statement:<br><br>██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ | |
| Evidence: AEGIS's App'x PP (Confidential Depo. Ex. 81). | |
| 48. On March 2, 2017, Marsh provided AEGIS and several other carriers with notice of the lawsuit captioned *Charles Fazio v. Debra L. Reed, et al.*, No. 37-2017-00007459-CU-SL-CTL (Superior Ct., San Diego, Cnty., filed Mar. 1, 2017) (the "Fazio Action"). In the email providing notice, Marsh stated:<br><br>We now have 251 complaints:<br><br>• 216 individual complaints;<br>• 25 class actions;<br>• 6 shareholder derivative/shareholder suits;<br>• 2 public complaints (settled AQMD case not included in count);<br>• 1 Proposition 65 complaint; and<br>• 1 criminal misdemeanor complaint.<br>[Depo. Ex. 16, App'x K (Jett Depo. 77:6-20, App'x HHH and Vazquez Depo. 119:1-17, App'x GGG).] | 48. Disputed on the ground that the evidence does not support this fact. The cited evidence is not a March 2, 2017, e-mail from Marsh to AEGIS and there are no statements from Marsh in the e-mail discussing the number of complaints. Deposition Ex. 16 is a March 2, 2017, e-mail from Joy Gao at Sempra.  In her e-mail, Ms. Gao states:<br><br>"We now have 251 complaints:<br><br>• 216 individual complaints;<br>• 25 class actions;<br>• 6 shareholder derivative/shareholder suits;<br>• 2 public complaints (settled AQMD case not included in count);<br>• 1 Proposition 65 complaint; and<br>• 1 criminal misdemeanor complaint."<br><br>Evidence<br><br>AEGIS's App'x K (Depo. Ex. 16). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 48. Moving Party's Statement: Undisputed that AEGIS inadvertently referred to "Marsh" rather than "Sempra" in paragraph 48. Undisputed that on March 2, 2017, Joy Gao at Sempra sent an e-mail to AEGIS providing notice of a new case, *Charles Fazio v. Debra L. Reed, et al.*, No. 37-2017-00007459-CU-SL-CTL (Superior Ct., San Diego, Cnty., filed Mar. 1, 2017) (the "Fazio Action"). Undisputed that in her March 2, 2017 e-mail Ms. Gao states: "We now have 251 complaints: <ul><li>216 individual complaints;</li><li>25 class actions;</li><li>6 shareholder derivative/shareholder suits;</li><li>2 public complaints (settled AQMD case not included in count);</li><li>1 Proposition 65 complaint; and</li><li>1 criminal misdemeanor complaint."</li></ul> Evidence: AEGIS's App'x K (Depo. Ex. 16). | |
| 49. The plaintiff in the Fazio Action alleged similar allegations to those alleged in the Firemen's Action, the Kanter Action, the Shupak Federal Action, the Shupak State Action, and the Fischman Action. [*See* Depo. Ex. 16, App'x K (Jett Depo. 77:6-20, App'x HHH and Vazquez Depo. 119:1-17, App'x GGG); Depo. Ex. 12, App'x H (Vazquez Depo. 114:20-25—115:1-12, App'x GGG); Depo Ex. 8, App'x D (Vazquez Depo. 92:12-24—93:1-2, App'x GGG); Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x | 49. Undisputed that the five actions arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy. Evidence AEGIS's App'x K (Depo. Ex. 16); AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x D (Depo. Ex. 8); AEGIS's App'x F (Depo. Ex. 10). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| GGG).] | |

49. Moving Party's Statement:

Sempra admits that it is undisputed that the allegations in the "five actions" arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which establishes that the lawsuits involved similar allegations.

Furthermore, in the additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement shows that the allegations in the lawsuits were similar.

Evidence: AEGIS's App'x K (Depo. Ex. 16); AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x D (Depo. Ex. 8); AEGIS's App'x F (Depo. Ex. 10).

| | | | |
|---|---|---|---|
| 50. | On March 27, 2017, counsel for AEGIS acknowledged receipt of the Fazio Action and stated that, because the Fazio Action appeared to involve the same or similar alleged wrongful conduct as the previously filed lawsuits, AEGIS adopts and restates all of the coverage defenses asserted in its March 24, 2016 and June 14, 2016 letters as being equally applicable to the Fazio Action. AEGIS also noted that the Fazio Action identified three defendants not named in any of the prior lawsuits and asked Sempra to let AEGIS know which law firm will represent them in the Fazio Action.<br><br>[Depo. Ex. 17, App'x L (Vazquez Depo. 120:17-25—121:1-8, | 50. | Undisputed. |

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| App'x GGG).] | |
| 51. On April 4, 2017, Marsh informed counsel for AEGIS that the new defendants in the Fazio Action are represented by O'Melveny.<br><br>[Depo. Ex. 18, App'x M (Vazquez Depo. 122:13-24, App'x GGG).] | 51. Undisputed. |
| 52. On April 21, 2017, Sempra informed AEGIS that Debra Reed would like to be represented by separate counsel (the law firm of Cooley LLP ("Cooley")) in the tendered actions and, on April 25, 2017, counsel for AEGIS consented to separate representation for Ms. Reed and asked to be provided rate information.<br><br>[Depo. Ex. 20, App'x O (Vazquez Depo. 124:10-125:1-4, App'x GGG).] | 52. Undisputed that on April 21, 2017, Sempra sent an email to AEGIS and the other insurers in Sempra 2015-16 D&O insurance program stating: "Ms. Reed currently is Sempra's chair, president, and CEO. She previously served as an officer of SoCalGas. In light of the allegations against her and her various roles at Sempra and SoCalGas (including her service as both a member of the board of directors and an officer of Sempra), Ms. Reed has determined that it is appropriate that she be represented by separate counsel in the litigation (we anticipate that existing counsel would still function as "lead" counsel to the extent possible, given the governing ethical rules)."<br><br>Evidence<br><br>AEGIS's App'x O (Depo. Ex. 20); AEGIS's App'x GGG (Vazquez Depo. at 124:10-125:1-4). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 52. Moving Party's Statement:<br><br>The fact that AEGIS stated in paragraph 52 is undisputed. The language that Sempra cited provides more details regarding the undisputed language of the letter that AEGIS summarized but does not establish any disputes of fact. In addition to the language that Sempra quoted, it is undisputed that counsel for AEGIS responded and stated, "AEGIS consents to separate representation for Ms. Reed. Can you please send us rate information?"<br><br>Evidence: AEGIS's App'x O (Depo. Ex. 20); AEGIS's App'x GGG (Vazquez Depo. at 124:10-125:1-4). | |

| | | | |
|---|---|---|---|
| 53. | ███████████████<br>███████████████<br>███████████████<br>███████████████<br>███████████<br><br>[Confidential Depo. Ex. 91, App'x ZZ (Confidential Jett Depo. 91:8-17, App'x HHH).] | 53. | Undisputed that the SMC held a telephonic meeting on April 21, 2017.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on (1) Aliso Canyon wells operations; (2) the storage safety enhancement plan; and (3) proposed legislation, the SMC provided a legal update.<br><br>Evidence<br><br>AEGIS's App'x XX (Confidential Depo. Ex. 91). |

53. Moving Party's Response:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ██████████████ | |
| Evidence: AEGIS's App'x ZZ (Confidential Depo. Ex. 91). | |
| 54. <br><br>[Confidential Depo. Ex. 90, App'x YY (Jett Depo. 89:4-15, App'x HHH).] | 54. Undisputed that the SMC held a meeting on May 11, 2017.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on (1) operations update, including on the maintenance and testing of various storage wells, and that 44 wells had received approval and 67 wells were undergoing phase 2 testing; (2) California Senate Bill 57; (3) discussions with government agencies; (4) storage safety enhancement plan; (5) financial and insurance matters, the SMC provided a legal update. <u>Evidence</u><br><br>AEGIS's App'x YY (Confidential Depo. Ex. 90). |

54. Moving Party's Response:

██████████████████████████████

██████████████████████████████

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ██████████████████████████████████████████████████████████████████████████████ | |
| Evidence: AEGIS's App'x YY (Confidential Depo. Ex. 90). | |
| 55. On May 23, 2017, counsel for AEGIS acknowledged receipt of the invoices uploaded on February 14, 2017. Of the $3,931,132.50 in fees and costs provided, AEGIS recognized $2,494,622.55 as eroding the $5,000,000 retention. AEGIS explained that it deducted various fees and costs primarily "due to redacted time entries or excessive rates." In addition, AEGIS stated: As set forth in our March 24, 2016 letter to you, AEGIS will only agree to recognize reasonable and necessary fees and expenses at hourly rates agreed upon by AEGIS. Accordingly, AEGIS applied the following maximum hourly rates to the Invoices by using the maximum rates charged by Morgan, Lewis & Brokius LLP: (1) $995 for Partners; (2) $640 for Associates; and (3) $325 for Paralegal/Support. Further, in our March 24th letter AEGIS requested that the Insured provide defense cost statements that are itemized as to the nature of the individual services rendered. Thus, AEGIS | 55. Disputed on the ground that the evidence does not support the statement that the invoices were uploaded on February 14, 2017. The letter merely states "this letter acknowledges receipt of the invoices listed in the attached summary representing defense cost charges through December 2016[.]" Undisputed that AEGIS sent the May 23, 2017, letter and that the letter states that AEGIS recognized $2,494,622.55 of the $3,931,132.50 in DEFENSE COSTS submitted for payment. Also undisputed that the May 23, 2017, letter contains the quoted language. Disputed that AEGIS's deductions were appropriate or permitted under the Policy. Evidence AEGIS's App'x P (Confidential Depo. Ex. 21). |

52

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| deducted each time entry that was redacted and could not be reviewed based on the individual services rendered. . . . Please let us know if you have any questions concerning the deductions. [Confidential Depo. Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x KKK).] | |

55. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS sent the May 23, 2017, letter and that the letter states that AEGIS recognized $2,494,622.55 of the $3,931,132.50 submitted for payment. Also undisputed that the May 23, 2017, letter contains the quoted language.

AEGIS was not making an argument here regarding the legal issue of whether the deductions were appropriate and, therefore, Sempra's statements regarding that issue are irrelevant.

Evidence: AEGIS's App'x P (Confidential Depo. Ex. 21).

| 56. | On June 13, 2017, Marsh provided AEGIS with notice of the lawsuit captioned *Arlander Favors v. Debra L. Reed, et al.*, Case No. BC-664302 (Superior Ct., Los Angeles, Cal., filed Jun. 7, 2017) (the "Favors Action" or, together with the Firemen's Action, the Kanter Action, the Shupak Federal Action, the Shupak State Action, the Fischman Action, and the Fazio Action, the "Derivative Actions" or, together with the Plumley | 56. | Undisputed. |
|---|---|---|---|

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Action, the "D&O Actions" or the "Claim"). [Depo. Ex. 19, App'x N (Vazquez Depo. 123:8-23, App'x GGG).] | |
| 57. The plaintiff in the Favors Action alleged similar allegations to those alleged in the Firemen's Action, the Kanter Action, the Shupak Federal Action, the Shupak State Action, the Fischman Action, and the Fazio Action.<br><br>[*See* Depo. Ex. 19, App'x N (Vazquez Depo. 123:8-23, App'x GGG); Depo. Ex. 16, App'x K; (Jett Depo. 77:6-20, App'x HHH and Vazquez Depo. 119:1-17, App'x GGG); Depo. Ex. 12, App'x H (Vazquez Depo. 114:20-25—115:1-12, App'x GGG); Depo. Ex. 12, App'x H (Vazquez Depo. 92:12-24—93:1-2, App'x GGG); Depo. Ex. 10, App'x F (Vazquez Depo. 104:8-25—105:1, App'x GGG).] | 57. Undisputed that the seven actions arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy.<br><br>Evidence<br><br>AEGIS's App'x N (Depo. Ex. 19); App'x K (Depo. Ex. 16); AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x F (Depo. Ex. 10). |

57. Moving Party's Statement:

Sempra admits that it is undisputed that the allegations in the "seven actions" arise out of the same alleged "Wrongful Acts" as that term is defined in the Policy, which establishes that the lawsuits involved similar allegations.

Furthermore, in the additional facts and supporting evidence paragraph number 145, Sempra states, "The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants." This statement shows that the

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| allegations in the lawsuits were similar.<br><br>Evidence: AEGIS's App'x N (Depo. Ex. 19); AEGIS's App'x K (Depo. Ex. 16); AEGIS's App'x H (Depo. Ex. 12); AEGIS's App'x F (Depo. Ex. 10). | |
| 58. ⬛<br><br>[Confidential Depo. Ex. 84, App'x SS (Jett Depo. 82:5-18, App'x HHH).] | 58. Disputed. The SMC did not hold a telephonic meeting on June 20, 2017. The meeting was held in person at 488 8th Avenue, San Diego, California on June 20, 2017.<br><br>Further disputed on the ground that the updates were not limited to the four listed in AEGIS's "fact." In addition to updates on 1) Aliso Canyon proposed Injection Enhancement Plan; (2) legislative matters; (3) discussions with governmental agencies; and (4) financial and insurance matters, the SMC provided a legal update.<br><br>Evidence<br><br>AEGIS's App'x SS (Confidential Depo. Ex. 84). |
| 58. Moving Party's Statement:<br><br>⬛ | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ███████████████████████████████████████████████ Evidence: AEGIS's App'x SS (Confidential Depo. Ex. 84). | |
| 59. On June 28, 2017, counsel for AEGIS acknowledged receipt of the Favors Action and stated that, because the Favors Action appeared to involve the same or similar alleged wrongful conduct as the previously filed lawsuits, AEGIS adopts and restates all of the coverage defenses asserted in its March 24, 2016, June 14, 2016, and March 27, 2017 letters as being equally applicable to the Favors Action. [Ex. C. to Lane Decl., App'x KKK; Lane Decl. ¶ 7, App'x KKK.] | 59. Undisputed. |
| 60. In July 2017, the DRC retained Susan S. Muck, Esq. with the law firm of Fenwick & West LLP ("Fenwick") "to assist the Committee in investigating the allegations contained in the Demands and Derivative Actions . . . ." [Depo. Ex. 54, App'x II at 2, n.2; Confidential Depo. 93:4-24— 95:1-3, App'x FFF); Confidential Muck Depo. 17:22-24—19:1-11, App'x FFF.] | 60. Undisputed. |
| 61. On August 4, 2017, the court in the Fischman Action granted Mr. | 61. Undisputed that on August 4, 2017, the court in the Fischman |

56

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Fischman's Motion to Voluntarily Dismiss the Complaint against him.<br><br>[Ex. A to Request for Judicial Notice.] | Action granted Fischman's Motion to Voluntarily Dismiss the Complaint.<br><br>Disputed as to the statement that the court granted Fischman's Motion to Voluntarily Dismiss the Complaint *against him*. This was not a complaint *against* Mr. Fischman. It was a complaint that Mr. Fischman brought *against* various directors and officers of Sempra.<br><br>Evidence<br><br>Ex. A to AEGIS's Request for Judicial Notice. |

61. Moving Party's Statement:

Undisputed that on August 4, 2017, the court in the Fischman Action granted Fischman's Motion to Voluntarily Dismiss the Complaint.

Evidence: Ex. A to AEGIS's Request for Judicial Notice.

| 62. | 62. |
|---|---|
|  | Undisputed that on August 17, 2017, counsel for Sempra sent a letter to counsel for AEGIS disputing deductions that AEGIS had made to the invoices that had been submitted to date.<br><br>Disputed that counsel for AEGIS indicated that it would agree to produce unredacted copies of certain invoices that had been provided. Counsel stated that "AEGIS has no basis to deduct fees based on Sempra's redactions |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Ex. D to Lane Decl., App'x KKK; Lane Decl. ¶ 8, App'x KKK.] | of time entries containing privileged attorney-client communications and/or attorney work product . . . . without waiving any of its rights, Sempra has re-reviewed the invoices at issue in AEGIS' letter and removed or narrowed some of the redactions."

Disputed as to the characterization that the letter stated that "*all the work listed in the submitted invoices* related to our benefited the defense of the D&O Actions because it allegedly involved coordinating with other defense counsel involved in the D&O Actions, meeting with the Board of Directors concerning the status of the D&O Actions, and work related to the special demand committee." (emphasis added). The portion of the letter inaccurately summarized in this "fact" responds to the "corporate work" deductions and states "a review of the time entries shows that the work clearly related to, or benefitted the defense of the Securities and Derivatives lawsuits. Indeed, most of the tasks involved coordinating with the other defense counsel involved in the Securities and Derivatives lawsuits, meetings with the Board of Directors concerning the status of the Securities and Derivatives lawsuits, and work related to the |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | special demand committee—all tasks that assist in the defense and/or benefit the defense of the Securities and Derivatives lawsuits." <br><br> Evidence <br><br> AEGIS's App'x KKK (Lane Decl., Ex. D at 5). |

62. Moving Party's Statement:

███████████████████████████████████████
███████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████

Evidence: AEGIS's App'x KKK (Lane Decl., Ex. D at 5).

| 63. ███████████████████ | 63. Undisputed that the SMC held a meeting on September 7, 2017. <br><br> Disputed as to the characterization |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Confidential Depo. Ex. 89, App'x XX (Confidential Jett Depo. 88:12-24, App'x HHH).] | that these were the only updates provided. In addition to updates on: (1) the commencement of reinjection at the Aliso Canyon field; (2) the status of the Root Cause Analysis; (3) proposed legislation; (4) discussions with governmental agencies; and (5) financial and insurance matters, the SMC also provided a Legal Update.<br><br>Evidence<br><br>AEGIS's App'x XX (Confidential Depo. Ex. 89). |

63. Moving Party's Statement:

Evidence: AEGIS's App'x XX (Confidential Depo. Ex. 89).

| | | | |
|---|---|---|---|
| 64. | On September 15, 2017, Sempra in the Kanter, Shupak, Firemen's Fund, and Favors Actions filed a Demurrer that stated:<br><br>As the Court is aware, the | 64. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| United States District Court for the Southern District of California—applying California law—already dismissed a derivative shareholder action, known as Fischman on behalf of Sempra Energy v. Reed, No. 16CV1006-WQH-AGS, 2017 WL 1166349 (S.D. Cal. Mar. 29, 2017 ("Fischman"), arising from the same Leak. The core allegations and causes of action in this Complaint are essentially the same as the Fischman complaint.<br><br>[Ex. B to Request for Judicial Notice.] | |
| 65. <br><br> [Confidential Depo. Ex. 87, App'x VV (Jett Depo. 85:9-20, App'x HHH).] | 65. Undisputed that the SMC held a meeting on November 9, 2017.<br><br>Disputed as to the characterization that these were the only updates provided. In addition to updates on: (1) the Root Cause Analysis; (2) the status of the Aliso Canyon field; (3) winter reliability assessments; (4) meetings with federal agencies relating to reliability concerns; (5) legislation; and (6) financial and insurance matters, the SMC also provided a Legal Update.<br><br>Evidence<br><br>AEGIS's App'x VV (Confidential Depo. Ex. 87). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 65. Moving Party's Statement:<br><br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br>████████████████████<br><br>████████████████████<br>████████████████████<br>████████████████████<br><br>Evidence: AEGIS's App'x VV (Confidential Depo. Ex. 87). | |
| 66. On November 17, 2017, counsel for AEGIS sent a letter to counsel for Sempra in which it indicated that AEGIS had adjusted its deductions based upon Sempra unredacting certain invoices to recognize $3,027,354.59 as eroding the $5,000,000 retention, and explained why the other deductions taken by AEGIS were reasonable and appropriate. Specifically, with respect to the legal rates applied by AEGIS, AEGIS stated:<br><br>The rates charged by Morgan Lewis, O'Melveny & Myers and Skadden Arps are higher than the rates AEGIS would expect to pay for legal representation in California for | 66. Undisputed that AEGIS's counsel sent the November 17, 2017, letter to Sempra's counsel. Also undisputed that the letter includes the quoted language. Disputed that the deductions AEGIS referred to in the letter were justified and/or appropriate under the Policy.<br><br>Evidence<br><br>AEGIS's App'x Q (Confidential Depo. Ex. 22). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
| --- | --- |
| this type of litigation. However, as an accommodation to the Insureds, AEGIS proposed maximum hourly rates that incorporate the actual rates of Morgan Lewis . . . . The proposed rates recognize Morgan, Lewis & Bockius LLP's rates as reasonable under the circumstances. As O'Melveny Myers and Skadden Arps are defending the same cases in a similar market as Morgan Lewis, AEGIS does not believe the rates charged by those law firms as reasonable under the circumstances. | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ██████████ Please let us know if you have any questions concerning the deductions.<br><br>[Confidential Depo. Ex. 22, App'x Q (Confidential Lane Depo. 15:23-25—16:1-7, App'x KKK).] | |

66. Moving Party's Statement:

Undisputed that AEGIS's counsel sent the November 17, 2017, letter to Sempra's counsel and that the letter includes the quoted language. In paragraph 66, AEGIS was not attempting to make any arguments about the legal issues in this case and, therefore, Sempra's statements as to same are irrelevant.

Evidence: AEGIS's App'x Q (Confidential Depo. Ex. 22).

| 67. ██████████<br><br>[Confidential Depo. Ex. 85, App'x TT (Jett Depo. 82:23-24—83:1-17, App'x HHH).] | 67. Undisputed that the SMC held a telephonic meeting on February 21, 2018, and provided updates on the listed topics.<br><br>Disputed that the listed topics were the only updates provided on the February 21, 2018, call. In addition to updates on: (1) the Root Cause Analysis; (2) the status of the Aliso Canyon field; (3) winter reliability assessments; (4) meetings with federal agencies relating to reliability concerns; (5) legislation; and (6) financial and insurance matters, the SMC also provided a Legal Update. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| | | Evidence<br><br>AEGIS's App'x TT (Confidential Depo. Ex. 85). |
| 67. Moving Party's Statement:<br><br>████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>Evidence: AEGIS's App'x TT (Confidential Depo. Ex. 85). | | |
| 68. | [Inadvertently Omitted] | 68. | [N/A] |
| 69. ██████████████████████ | | 69. | Disputed on the ground that the cited evidence does not support this purported fact. Deposition Exhibit 50 is an August 11, 2021, letter from Sandra Smith Thayer to R. Stacy Lane. Pages 141:18-24—143:1-17 of the Neil Cayabyab Deposition also discuss the August 11, 2021, letter.<br><br>Evidence<br><br>AEGIS's App'x EE (Confidential Depo. Ex. 50); AEGIS's App'x III (Cayabyab Dep. at 141:18-24—143:1-17). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Derivatives lawsuits.<br><br>[Depo. Ex. 50, App'x EE (Cayabyab Depo. 141:18-24—143:1-17, App'x III).] | |
| 69. Moving Party's Response:<br><br>AEGIS inadvertently cited to and included the wrong document in Appendix EE. AEGIS will be filing a notice of correction to submit the correct exhibit, which supports the statements in paragraph 69. | |
| 70. On March 26, 2018, the court in the Plumley Action granted the defendants' Motion to Dismiss the Second Amended Complaint.<br><br>[Ex. C to Request for Judicial Notice.] | 70. Undisputed. |
| 71. ██████████████<br><br>[Confidential Depo. Ex. 86, App'x UU (Confidential Jett Depo. 84:13-24—85:1-8, App'x HHH).] | 71. Undisputed that the SMC held a meeting on May 9, 2018, and provided updates on the listed topics.<br><br>Disputed that the listed topics were the only updates provided on the May 9, 2018, call. ██████████████ |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | Evidence<br><br>AEGIS's App'x UU (Confidential Depo. Ex. 86). |
| 71. Moving Party's Statement:<br><br>████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>Evidence:<br><br>AEGIS's App'x UU (Confidential Depo. Ex. 86). | |
| 72. Apparently unaware of AEGIS's November 17, 2017 response letter to counsel for Sempra, on May 29, 2018, Marsh sent an email to AEGIS stating: "I believe the ball was in AEGIS's court to respond to the letter from Sempra's counsel on August 17, 2017. Was there further correspondence after that?"<br><br>[Depo. Ex. 23, App'x R (Vazquez Depo. 134:1-15, App'x GGG).] | 72. Undisputed that on May 29, 2018, Steven Hong of Marsh sent an email to AEGIS stating: "Hi Mee and Stacy, Sempra asked me to follow up on the submitted defense costs. I believe the ball was in AEGIS' court to respond to the letter from Sempra's counsel on August 17, 2017. Was there further correspondence after that? And could you please let me know the status on AEGIS's review of the invoices?"<br><br>Disputed that the evidence cited by AEGIS supports the purported fact that "Marsh was unaware of AEGIS's November 17, 2017[,] |

67

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | response letter to counsel for Sempra." Further disputed that this "fact" is material to any issue raised in AEGIS's motion for complete or partial summary judgment. There is no competent evidence because the proposed fact is irrelevant. *See* Evidentiary Objections ¶ 4. Evidence AEGIS's App'x R (Confidential Depo. Ex. 23). |

72: Moving Party's Statement:

Sempra admits that it is undisputed that on May 29, 2018, Steven Hong of Marsh sent an email to AEGIS stating: "Hi Mee and Stacy, Sempra asked me to follow up on the submitted defense costs. I believe the ball was in AEGIS' court to respond to the letter from Sempra's counsel on August 17, 2017. Was there further correspondence after that? And could you please let me know the status on AEGIS's review of the invoices?"

Sempra argues that it is irrelevant that "Marsh was unaware of AEGIS's November 17, 2017[,] response letter to counsel for Sempra." This statement is relevant to rebut Sempra's assertion that AEGIS failed to timely respond to its August 17, 2017 letter and/or breached the Policy. The email from Marsh demonstrates that Sempra's own broker was unaware of AEGIS's November 17, 2017 response, undermining any assertion that AEGIS failed to engage or respond.

| 73. | On June 18, 2018, counsel for AEGIS sent a letter to counsel for Sempra again explaining why the deductions taken by AEGIS were reasonable and appropriate. AEGIS stated that, after accounting for various revised | 72.1 | Undisputed that on June 18, 2018, R. Stacy Lane, counsel for AEGIS sent a letter to Sandra Thayer, Sempra's counsel, indicating the categories of deductions AEGIS imposed on the invoices submitted by Sempra for payment. |
|---|---|---|---|

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| deductions, AEGIS would recognize $3,030,776.59 as eroding the $5,000,000 retention, and asked Sempra to please let AEGIS know if it had any questions concerning the deductions.<br><br>[Exhibit E to Lane Decl., App'x KKK; Lane Decl. ¶ 9, App'x KKK.] | Undisputed that the June 18, 2018, letter states that, after accounting for the revised deductions imposed by AEGIS, AEGIS would recognize $3,030,776.59 as eroding the $5,000,000 retention, and asked Sempra to please let AEGIS know if it has any questions concerning the deductions.<br><br>Disputed to the extent that AEGIS contends that the deductions imposed by AEGIS were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x KKK (Lane Decl. ¶ 9, Ex. E). |

73. Moving Party's Statement:

Undisputed that on June 18, 2018, R. Stacy Lane, counsel for AEGIS sent a letter to Sandra Thayer, Sempra's counsel, indicating the categories of deductions AEGIS identified related to the invoices submitted by Sempra for payment. Undisputed that the June 18, 2018, letter states that, after accounting for AEGIS's revised deductions, AEGIS would recognize $3,030,776.59 as eroding the $5,000,000 retention, and asked Sempra to please let AEGIS know if it has any questions concerning the deductions. AEGIS was not attempting to make any arguments about legal issues and, therefore, Sempra's statements as to potential arguments about legal issues are irrelevant.

Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 9, Ex. E).

| 74.  | 73. | Undisputed that the SMC held a meeting on September 5, 2018, and received updates on the listed |
|---|---|---|

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
|  [Confidential Depo. Ex. 88, App'x WW (Confidential Jett Depo. 85:21-24—86:1-8, App'x HHH).] | topics.  Evidence  AEGIS's App'x WW (Confidential Depo. Ex. 88). |
| 74. Moving Party's Statement:  Evidence: AEGIS's App'x WW (Confidential Depo. Ex. 88). | |
| 75. On September 17, 2018, Marsh informed AEGIS that additional invoices had been uploaded to the Sempra D&O eRoom. This included approximately 244 invoices, which were dated from January 31, 2016 through April 13, 2018, and included invoices totaling approximately | 74. Undisputed that on September 17, 2018, Marsh emailed AEGIS stating that Sempra had uploaded invoices to the Sempra D&O eRoom.  Disputed on the ground that the cited evidence does not support this purported fact. The cited |

70

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| $6,479,250.01.<br><br>[Exhibit F to Lane Decl., App'x KKK; Lane Decl. ¶ 10, App'x KKK; *see* Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x KKK).] | evidence does not indicate that the link of the Sempra D&O eRoom sent on September 17, 2018, included "approximately 244 invoices, which were dated from January 31, 2016[,] through April 13, 2018, and included invoices totaling approximately $6,479,250.01."<br><br>Evidence<br><br>AEGIS's App'x KKK (Lane Decl. ¶10, Ex. F; AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |
| 75. Moving Party's Statement:<br><br>It is undisputed that on September 17, 2018, Marsh emailed AEGIS stating that Sempra had uploaded invoices to the Sempra D&O eRoom. | |
| 76. On November 21, 2018, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred by: (1) Morgan Lewis; (2) O'Melveny; and (3) Skadden. Of the $2,547,607.51 in fees and costs provided, AEGIS recognized $1,506,868.39 (in addition to the previously recognized $3,030,263.29) as eroding the $5,000,000 retention. AEGIS explained that it deducted various fees and costs primarily "due to redacted time entries, excessive billing rates, or fees that | 75. Undisputed that the November 21, 2018, letter states this information.<br><br>Disputed to the extent that AEGIS contends that the deductions imposed by it were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| were not incurred in defense of the Claim." AEGIS asked Sempra to please let AEGIS know if it had any questions concerning the deductions.<br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x KKK).] | |

76. Moving Party Statement:

Sempra agreed that it is undisputed that the November 21, 2018, letter states the information contained in paragraph 76 of AEGIS's Statement of Facts.

AEGIS was not attempting to make any arguments about legal issues and, therefore, Sempra's statements as to potential arguments about legal issues are irrelevant.

Evidence: AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11).

| 77. | 76. |
|---|---|
| <br><br>[Confidential Depo. Ex. 95, App'x CCC (Confidential Jett Depo. 98:20-24—99:1-13, App'x HHH).] | Undisputed that the SMC held a telephonic meeting on December 3, 2018, and received updates on the listed topics.<br><br>Disputed on the ground that the cited evidence purportedly |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | supporting this fact is not included. Appendix HHH does not contain pages 98 and 99.<br><br>Evidence<br><br>AEGIS's App'x CCC (Confidential Depo. Ex. 95); AEGIS's App'x HHH (Confidential Jett Depo. [note absence of 98:20-24—99:1-13]). |

77. Moving Party's Statement:

[REDACTED]

Evidence: AEGIS's App'x CCC (Confidential Depo. Ex. 95).

| 78. On May 15, 2019 and May 17, 2019, the SMC held two telephonic meetings in which updates on the Root Cause Analysis were provided.<br><br>[Confidential Depo. Ex. 96, App'x DDD (Confidential Jett Depo. 101:20-24—102:1-14, App'x HHH); Confidential Depo. Ex. 94, App'x BBB (Jett Depo. 97:6-23, App'x HHH).] | 77. Undisputed that the SMC held a telephonic meeting on May 15, 2019, and May 17, 2019, and received updates on the Root Cause Analysis.<br><br>Disputed that the listed topics were the only updates provided during the May 15, 2019, and May 17, 2019, telephonic meetings. In addition to updates on the Root Cause Analysis, the SMC also |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | | received a Legal Update. Evidence AEGIS's App'x 94 (Confidential Depo. Ex. 94); AEGIS's App'x DDD (Confidential Depo. Ex. 96). | |
| 78. Moving Party's Statement: It is undisputed that the SMC held a telephonic meeting on May 15, 2019, and May 17, 2019, and received updates on the Root Cause Analysis. While Sempra stated it was disputed that that the listed topics were the "only" matters discussed, AEGIS never claimed these were the only matters discussed. Furthermore, while it is undisputed that the May 15, 2019, SMC meeting notes also reference a "Legal and Regulatory Update," because the entire section related to that update is redacted, it is not clear what was discussed (and whether any update would have related to the D&O Litigation or some of the other several hundred cases involving the Aliso Canyon leak). Evidence: AEGIS's App'x BBB (Confidential Depo. Ex. 94); AEGIS's App'x DDD (Confidential Depo. Ex. 96). | | | |
| 79. | On July 3, 2019, counsel for Sempra sent an email to counsel for AEGIS stating that Sempra had allegedly submitted "well over $15,000,000 in defense invoices under the AEGIS D&O policy in connection with the Aliso Canyon litigation and ha[s] yet to receive any reimbursement from AEGIS." [Depo. Ex. 25, App'x T (Vazquez Depo. 139:21-25—140:1-12, App'x GGG).] | 78. | Undisputed that on July 3, 2019, counsel for Sempra sent an email to AEGIS's counsel stating that "Sempra and SoCalGas have now submitted well over $15,000,000 in defense invoices under the AEGIS D&O policy in connection with the Aliso Canyon litigation and have yet to receive any reimbursement from AEGIS." Disputed as to the characterization that Sempra had "allegedly submitted" well over $15,000,000 in defense costs to AEGIS. As of July 3, 2019, Sempra had uploaded between $15,000,000 and |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | $18,000,000 in defense costs to the e-room that had been awaiting AEGIS' review and payment since at least January 2019.<br><br>Evidence<br><br>AEGIS's App'x T (Dep. Ex. 25). |

79. Moving Party's Statement:

Sempra admits that it is undisputed that on July 3, 2019, counsel for Sempra sent an email to AEGIS's counsel stating that "Sempra and SoCalGas have now submitted well over $15,000,000 in defense invoices under the AEGIS D&O policy in connection with the Aliso Canyon litigation and have yet to receive any reimbursement from AEGIS."

AEGIS was not attempting to "characterize" the amounts Sempra had submitted as of July 3, 2019 and, therefore, Sempra's arguments as to same are irrelevant.

Evidence: AEGIS's App'x T (Dep. Ex. 25).

| 80. On July 3, 2019, counsel for AEGIS sent an email to counsel for Sempra indicating that only $6.4 million in fees and costs had been submitted to date, and stated: "If there are additional invoices that you would like to submit for AEGIS' consideration, please feel free to do so."<br><br>[Depo. Ex. 25, App'x T (Vazquez Depo. 139:21-25—140:1-12, App'x GGG).] | 79. Undisputed that on June 3, 2019, counsel for AEGIS sent an email to counsel for Sempra stating that "only $6.4 million had been submitted to AEGIS as reflected on the attached defense cost chart."<br><br>Disputed as the quoted language is not accurately transcribed. The July 3, 2019, letter states, "If there are additional defense invoices that you would like to submit for AEGIS' consideration, please feel free to do so."<br><br>Evidence<br><br>AEGIS's App'x T (Depo. Ex. 25). |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 80. Moving Party's Statement: <br><br>Undisputed that on June 3, 2019, counsel for AEGIS sent an email to counsel for Sempra stating that "only $6.4 million had been submitted to AEGIS as reflected on the attached defense cost chart." Undisputed that the e-mail also states, "If there are additional defense invoices that you would like to submit for AEGIS' consideration, please feel free to do so." <br><br>Evidence: AEGIS's App'x T (Depo. Ex. 25). | |
| 81. On July 3, 2019, counsel for Sempra, informed counsel for AEGIS that there had allegedly been "between $15,000,000 and $18,000,000 in defense invoices in the e-room awaiting AEGIS' review and payment since at least January 2019." <br><br>[Depo. Ex. 25, App'x T (Vazquez Depo. 139:21-25—140:1-12, App'x GGG).] | 80. Undisputed that on June 3, 2019, counsel for Sempra sent an email to AEGIS' counsel stating: "I believe there have been between $15,000,000 and $18,000,000 in defense invoices in the e-room awaiting AEGIS' review and payment since at least January 2019." <br><br>Disputed as to the characterization that there had "allegedly" been "between $15,000,000 and $18,000,000 in defense invoices in the e-room awaiting AEGIS' review and payment since at least January 2019." The inclusion of the "allegedly" language is not "fact," it is simply legal argument. <br><br>Evidence <br><br>AEGIS's App'x T (Depo. Ex. 25). |
| 81. Moving Party's Statement: <br><br>Sempra admits that it was undisputed that on June 3, 2019, counsel for Sempra sent an email to AEGIS' counsel stating: "I believe there have been between $15,000,000 and $18,000,000 in defense invoices in the e-room awaiting AEGIS' | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| review and payment since at least January 2019."<br><br>AEGIS was not attempting to "characterize" or make any arguments related to the amounts Sempra had submitted as of July 3, 2019 and, therefore, Sempra's arguments as to same are irrelevant. Instead, Sempra only included the word "allegedly" to clarify that that was the amount Sempra contended had been submitted at that point, but that the evidence cited shows that at the time of the July 2019 email the parties disagreed on the precise amount that had been submitted.<br><br>Evidence: AEGIS's App'x T (Depo. Ex. 25). | |
| 82. On July 8, 2019, counsel for AEGIS sent an email to counsel for Sempra explaining that "AEGIS will review the invoices once we receive the link, but AEGIS has no obligation to continually seek out the invoices the Insured may want us to pay through the D&O eRoom. We suggest that you inform us on a quarterly basis what invoices the Insured has paid and for which it seeks reimbursement, and then AEGIS will 'enter' the eRoom to review those invoices."<br><br>[Depo. Ex. 25, App'x T (Vazquez Depo. 139:21-25—140:1-12, App'x GGG).] | 81. Undisputed that on July 8, 2019, counsel for AEGIS sent an email to counsel for Sempra containing the quoted language.<br><br>Disputed that this "fact" is material to any issue raised in AEGIS's motion for complete or partial summary judgment.<br><br>There is no competent evidence because the proposed fact is irrelevant. *See* Evidentiary Objections ¶ 5.<br><br>Evidence<br><br>AEGIS's App'x T (Depo. Ex. 25). |

82. Moving Party's Statement:

Sempra admits that it is undisputed that on July 8, 2019, counsel for AEGIS sent an email to counsel for Sempra containing the quoted language.

With regards to Sempra's contention that this statement is irrelevant, this statement is relevant to rebut Sempra's assertion that AEGIS failed to pay the invoices in a timely manner and/or breached the Policy. It demonstrates that

77

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| AEGIS acted reasonably in reviewing and responding the invoice dumps, given the manner in which the invoices provided and Sempra's unreasonable expectation that AEGIS should be paying invoices that it had not been provided notice of. <br> <u>Evidence</u>: AEGIS's App'x T (Depo. Ex. 25). | |

| | |
|---|---|
| 83. █████████████████████████ <br><br> [Confidential Depo. Ex. 93, App'x AAA (Jett Depo. 94:1-14, App'x HHH).] | 82. Undisputed that the SMC held a meeting on July 8, 2019, and received updates on the listed topics. <br><br> █████████████████████████ <br><br> <u>Evidence</u> <br><br> AEGIS's App'x AAA (Confidential Depo. Ex. 93). |

83. Moving Party's Statement:

█████████████████████████████████████

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| ████████████████████████████████ | | | |
| Evidence: AEGIS's App'x AAA (Confidential Depo. Ex. 93). | | | |
| 84. | On July 17, 2019, counsel for Sempra provided counsel for AEGIS with a link to download various invoices. The link contained approximately 189 invoices dated from May 11, 2016 through May 13, 2019. [Ex. K. to Lane Decl., App'x KKK; Lane Decl. ¶ 11, App'x KKK; *see* Confidential Depo. Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ).] | 83. | Undisputed that on July 17, 2019, counsel for Sempra provided counsel for AEGIS with a link to download invoices related to the investigation and defense of the D&O Lawsuits. Disputed on the ground that the cited evidence does not support this fact. There is no evidence showing the number of invoices contained in the sharefile link or the dates of those invoices. The letter from AEGIS [Confidential Deposition Exhibit 27] does not state that the invoices referred to in the letter were the same invoices sent to AEGIS on July 17, 2019. Evidence AEGIS's App'x KKK (Lane Decl. ¶ 11, Ex. K); AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22). |
| 84. Moving Party's Statement: Sempra admits that it is undisputed that on July 17, 2019, counsel for Sempra provided counsel for AEGIS with a link to download invoices. | | | |

79

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 11, Ex. K); AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22). | |
| 85. On September 19, 2019, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred between April 2016 and April 2019 by: (1) Morgan Lewis; (2) O'Melveny; and (3) Skadden. Of the $8,233,514.35 in fees and costs provided, AEGIS recognized $2,749,118.24 (in addition to the previously recognized $4,537,131.68) as eroding the $5,000,000 retention. AEGIS agreed to pay and has paid $2,286,249.91. AEGIS explained that it deducted various fees and costs primarily "due to excessive billing rates, a lack of documentation for expenses, and insufficient description." AEGIS asked Sempra to please let AEGIS know if it had any questions concerning the deductions.<br><br>[Confidential Depo. Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x KKK).] | 84. Undisputed that AEGIS sent the September 19, 2019, letter and that the letter acknowledges receipt of the invoices, and that AEGIS agreed to pay $2,286,249.91.<br><br>Disputed that on the ground that the cited evidence does not support the fact that "AEGIS . . . has paid $2,286,249.91" or when the alleged payment was made by AEGIS.<br><br>Evidence<br><br>AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22). |
| 85. Moving Party's Statement:<br><br>Sempra agrees it undisputed that AEGIS sent the September 19, 2019, letter and that the letter acknowledges receipt of the invoices, and that AEGIS agreed to pay $2,286,249.91.<br><br>While Sempra disputes the fact that $2,286,249.91 was paid, claiming that the | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.)<br><br>Evidence: AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22). | |
| 86. On April 8, 2020, counsel for Sempra sent an email to counsel for AEGIS indicating that additional invoices had been uploaded to the eRoom. The new upload of invoices contained approximately 76 invoices, totaled $1,187,520.90, and were dated from April 23, 2019 through March 30, 2020.<br><br>[Depo. Ex. 30, App'x W (Vazquez Depo. 175:22-25—176:1-6, App'x GGG); Confidential Depo. Ex. 31, App'x X (Vazquez Depo. 177:6-15, App'x GGG).] | 85. Undisputed that Sempra's counsel sent an email on April 8, 2020, indicating that additional invoices had been uploaded to the eRoom.<br><br>Disputed that the "upload of invoices contained approximately 76 invoices, totaled $1,187,520.90, and were dated from April 23, 2019 through March 30, 2020" on the ground that the evidence does not support this fact.<br><br>Evidence<br><br>AEGIS's App'x W (Depo. Ex. 30); AEGIS's App'x GGG (Vazquez Depo. at 175:22-25—176:1-6, 177:6-15); AEGIS's App'x X (Confidential Depo. Ex. 31). |
| 86. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that Sempra's counsel sent an email on April 8, 2020, indicating that additional invoices had been uploaded to the eRoom.<br><br>Evidence: AEGIS's App'x W (Depo. Ex. 30); AEGIS's App'x GGG (Vazquez Depo. at 175:22-25—176:1-6, 177:6-15); AEGIS's App'x X (Confidential Depo. Ex. 31). | |
| 87. In a Schedule 14A that Sempra filed with the United States Securities and Exchange | 86. Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Commission that included a 2020 Notice of Annual Shareholders Meeting and Proxy Statement dated May 5, 2020, Sempra stated, "Our Demand Review Committee, whose members are Alan L. Boeckmann, Chair, Michael N. Mears and William C. Rusnack, meets on call by the Chairman of this committee to investigate allegations set forth in any demands received from shareholders relating to the natural gas well leak at the SoCalGas Aliso Canyon natural gas storage facility and related matters, and to provide a recommendation to the Board of Directors for any actions that the committee determines are necessary or appropriate in light of its review of the demands." <br><br> [Depo. Ex. 49, App'x DD at 17 (pg. 15 of PDF) (Confidential Muck Depo. 22:14-24—23:1-14, App'x FFF); Ex. D to Request for Judicial Notice.] | |
| 88. On June 1, 2020, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred between March 2019 and March 2020 by: (1) Morgan Lewis; (2) O'Melveny; and (3) Skadden. Of the $1,187,520.90 in fees and costs provided, AEGIS recognized $789,745.75, and agreed to pay and has paid | 87. Undisputed that AEGIS sent the June 1, 2020, letter acknowledging receipt of additional invoices and that AEGIS made deductions. <br><br> Disputed that that AEGIS "has paid $789,745.75" on the ground that the evidence does not support this fact. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| $789,745.75. AEGIS explained that it deducted various fees and costs primarily "due to excessive billing rates, a lack of documentation for expenses, insufficient descriptions, and fees incurred in connection with non-covered matters." AEGIS asked Sempra to please let AEGIS know if it had any questions concerning the deductions.<br><br>[Confidential Depo. Ex. 31, App'x X (Vazquez Depo. 177:6-15, App'x GGG).] | Evidence<br><br>AEGIS's App'x X (Confidential Depo. Ex. 31); AEGIS's App'x GGG (Vazquez Depo. at 177:6-15). |

88. Moving Party's Statement:

Sempra agrees it is undisputed that AEGIS sent the June 1, 2020, letter acknowledging receipt of additional invoices and that AEGIS made deductions.

While Sempra disputes that AEGIS "has paid $789,745.75," claiming that the evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.)

| 89. | In September 2020, Susan S. Muck, Esq. joined the law firm of Wilmer Cutler Pickering Hale & Dorr LLP ("WilmerHale").<br><br>[Depo. Ex. 54, App'x II at 2, n. 2 (Muck Confidential Depo. 93:4-24—95:1-3, App'x FFF); Muck Confidential Depo. 19:4-14, App'x FFF.] | 88. | Undisputed. |
|---|---|---|---|
| 90. | No attorney at the law firms of Fenwick or WilmerHale entered an appearance on behalf of any | 89. | Undisputed and irrelevant. *See* Evidentiary Objections ¶ 6. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Sempra D&O in any of the D&O Actions.<br><br>[Muck Confidential Depo. 56:9-24—58:1-12, App'x FFF.] | |

90. AEGIS' Response:

Sempra admits that this paragraph is undisputed. While Sempra claims this statement is irrelevant, this statement is relevant to the issue of whether the fees incurred by Fenwick and WilmerHale are Defense Costs under the Policy. The fact that neither firm entered an appearance on behalf of any D&O in the D&O Actions supports AEGIS's position that these firms were not retained *by or on behalf of the D&Os* but, rather, were retained by or on behalf of the DRC, which represented the interests of Sempra.

| | AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|---|
| 91. | Susan Muck testified in her deposition as follows:<br><br><br><br><br><br><br><br><br><br><br>Ms. Muck also testified that, with regard to regulatory matters, as follows: | 90. | Undisputed that the Deposition of Susan Muck contains the excerpted testimony.<br><br>Disputed because the excerpted language provided by AEGIS is out of context and is not the entirety of the quoted testimony. |

84

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Muck Confidential Depo. 65:13-21, App'x FFF; Muck Confidential Depo. 41:2-6, App'x FFF.] | The complete line of questioning regarding the regulatory matters in the Aliso Canyon litigation: |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| |  |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | ████████████████ Evidence AEGIS's App'x FFF (Confidential Muck Depo. at 65:11-21, 40:12—42:8). |
| 91. Moving Party's Statement: Sempra agrees that it is undisputed that the Deposition of Susan Muck contains the excerpted testimony set forth in paragraph 91 and, therefore, that fact is undisputed. Undisputed that the language AEGIS cited is "not the entirety of the quoted testimony," as Sempra contends. | |
| 92. On or about May 27, 2020 and October 12, 2020, counsel for Sempra sent counsel for AEGIS links to additional invoices for AEGIS to review. On or about December 8, 2020, counsel for Sempra re-sent counsel for AEGIS copies of all the links to invoices that Sempra had sent in 2020. The links contained approximately 69 invoices and were dated from December 31, 2019 through October 29, 2020. [Ex. G to Lane Decl., App'x KKK; Lane Decl. ¶ 12, App'x KKK; *see* Confidential Depo. Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9).] | 91. Undisputed that on May 27, 2020, and October 12, 2020, counsel for Sempra sent AEGIS' counsel links to additional invoices to AEGIS for review. On or about December 8, 2020, counsel for Sempra re-sent AEGIS' counsel copies of all the links to invoices that Sempra had submitted to AEGIS in 2020. Disputed that the link contained approximately 69 invoices dated from October 31, 2016, through October 29, 2020, on the ground that the evidence does not support this fact. Evidence AEGIS's App'x KKK (Lane Decl. ¶12, Ex. G); AEGIS's App'x Y (Confidential Depo. Ex. 32). |
| 92. Moving Party's Statement: Sempra admits that it is undisputed that on May 27, 2020, and October 12, 2020, | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| | counsel for Sempra sent AEGIS' counsel links to additional invoices to AEGIS for review. It is also undisputed that on or about December 8, 2020, counsel for Sempra re-sent AEGIS' counsel copies of all the links to invoices that Sempra had submitted to AEGIS in 2020.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶12, Ex. G); AEGIS's App'x Y (Confidential Depo. Ex. 32). | | |
| 93. | On December 14, 2020, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred by: (1) Morgan Lewis; (2) O'Melveny; (3) Skadden; (4) Fenwick & West LLP ("Fenwick"); (5) iDiscover; and (6) UnitedLex. Of the $3,235,506.72 in fees and costs provided, AEGIS recognized $1,503,860.33, and agreed to pay and has paid $1,503,860.33. AEGIS explained that it deducted various fees and costs primarily "due to excessive billing rates, a lack of documentation for expenses, insufficient descriptions, and fees incurred in connection with non-covered matters." AEGIS asked Sempra to please let AEGIS know if it had any questions concerning the deductions.<br><br>[Confidential Depo. Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9).] | 92. | Undisputed that AEGIS sent the December 14, 2020, letter acknowledging receipt of invoices and agreeing to pay $1,503,860.33.<br><br>Disputed that AEGIS paid $1,503,860.33 on the ground that the evidence does not support this fact.<br><br>Evidence<br><br>AEGIS's App'x Y (Confidential Depo. Ex. 32). |
| 93. Moving Party's Statement: | | | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence | |
|---|---|---|---|
| Sempra admits that it is undisputed that AEGIS sent the December 14, 2020, letter acknowledging receipt of invoices and agreeing to pay $1,503,860.33.<br><br>While Sempra disputes that AEGIS paid $1,503,860.33, claiming that the evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.) | | | |
| 94. | On February 4, 2021, the court entered judgment granting the demurrers filed in the Kanter, Favors and Shupak Actions.<br><br>[Ex. E to Request for Judicial Notice.] | 93. | Undisputed. |
| 95. | On August 11, 2021, counsel for Sempra provided counsel for AEGIS with a link to download various invoices. The link contained approximately 70 invoices, which were dated from November 17, 2020 to July 20, 2021.<br><br>[Exhibit H to Lane Decl., App'x KKK; Lane Decl. ¶ 13, App'x KKK; *see* Confidential Depo. Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x KKK).] | 94. | Undisputed that on August 11, 2021, counsel for Sempra provided AEGIS's counsel with a link to download invoices dated from November 17, 2020, to July 20, 2021, for fees and costs that Sempra had incurred in the D&O Lawsuits.<br><br>Evidence<br><br>AEGIS's App'x KKK (Lane Decl. ¶ 13, Ex. H); AEGIS's App'x Z (Confidential Depo. Ex. 33); AEGIS's App'x JJJ (Confidential Lane Depo. at 87:19-25). |
| 95. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that on August 11, 2021, counsel for Sempra provided AEGIS's counsel with a link to download invoices dated from November 17, 2020, to July 20, 2021, for fees and costs that Sempra had incurred in the D&O Lawsuits. | | | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 96. On August 11, 2021, counsel for Sempra sent a letter to counsel for AEGIS counsel for Sempra sent a letter to counsel for AEGIS again disputing the deductions that AEGIS had made to the invoices that had been submitted to date. In that letter, Sempra stated: | 95. Undisputed that on August 11, 2021, Sempra's counsel sent AEGIS' counsel a letter disputing the deductions that AEGIS made to defense invoices submitted by Sempra.<br><br>Disputed. AEGIS mischaracterizes the quoted language. In its letter, Sempra stated: |



0

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| <br><br>[Exhibit I to Lane Decl., App'x KKK; Lane Decl. ¶ 14, App'x KKK.] | <u>Evidence</u><br><br>AEGIS's App'x KKK (Lane Decl. ¶ 14, Ex. I). |

96. Moving Party's Statement:

Sempra agrees that it is undisputed that on August 11, 2021, Sempra's counsel sent AEGIS' counsel a letter disputing the deductions that AEGIS made to

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| defense invoices submitted by Sempra. It is also undisputed that the letter contains the language Sempra quoted, which supports the statements in AEGIS's paragraph 96.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 14, Ex. I). | |
| 97. On October 8, 2021, counsel for AEGIS responded to Sempra's August 11, 2021 letter and noted that AEGIS's application of counsel rates is further supported by the Wolters Kluwer Real Rate Report. AEGIS further stated:<br><br>█████████████████ | 96. Undisputed that on October 8, 2021, counsel for AEGIS sent a letter to Sempra's counsel.<br><br>Disputed that the October 8, 2021, letter was a response to Sempra's August 11, 2021, letter. Deposition Exhibit 33 states that the "Submission Summary – August 11, 2021." In addition, disputed that the Exhibit 33 states that AEGIS's application of counsel rates is further supported by the Wolters Kluwer Real Rate Report and includes the quoted language.<br><br>Disputed that the cited evidence supports the purported fact that "AEGIS's application of counsel rates is further supported by the Wolters Kluwer Real Rate Report" because that is legal argument.<br><br>Evidence<br><br>AEGIS's App'x Z (Confidential Dep. Ex. 33). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| <br><br>[Confidential Depo. Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x KKK).] | |
| 97. Moving Party's Statement<br><br>Appendix Z, which AEGIS cited to for this statement of fact, includes one of two letters Mr. Lane sent on October 8, 2021. AEGIS intended to include both of the October 8, 2021 letters in Appendix Z. AEGIS will submit a notice submitting the second letter that was inadvertently not previously submitted, which will support the statements provided in paragraph 97 of the statement of facts.<br><br>Evidence: AEGIS's App'x Z.[3] | |
| 98. On October 8, 2021, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred by: (1) Morgan Lewis; (2) O'Melveny; (3) Skadden; and (4) Fenwick. Of the $1,391,962.02 in fees and costs provided, AEGIS recognized $690,841.42, and agreed to pay and has paid $690,841.42. AEGIS explained that it deducted various fees and costs primarily "due to excessive billing rates, a lack of | 97. Undisputed that AEGIS sent the October 8, 2021, letter acknowledging receipt of invoices and agreeing to pay $690,841.42.<br><br>Disputed that AEGIS paid $690,841.42 on the ground that the evidence does not support this fact. |

[3] Note that Appendix Z includes one of two letters Mr. Lane sent on October 8, 2021. AEGIS intended to include both October 8, 2021 letters in Appendix Z. AEGIS will submit a notice submitting the second letter that was inadvertently not previously submitted.

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| documentation for expenses, insufficient descriptions, and fees incurred in connection with non-covered matters." AEGIS asked Sempra to please let AEGIS know if it had any questions concerning the deductions. <br><br> [Confidential Depo. Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x KKK).] | |

98. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS sent the October 8, 2021, letter acknowledging receipt of invoices and agreeing to pay $690,841.42.

While Sempra disputes that the evidence supports that AEGIS paid $690,841.42, claiming that the evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.)

| | | | |
|---|---|---|---|
| 99. | On February 11, 2022, Sempra's Board adopted the DRC's recommendation to reject the Fazio and Stapleton Shareholder Derivative Demands. <br><br> [Depo. Ex. 65, App'x KK (Muck Confidential Depo. 125:23-24—127:1-10, App'x FFF); Depo. Ex. 54, App'x II at 4-6; (Muck Confidential Depo. 93:4-24—95:7-9, App'x FFF).] | 98. | Disputed. On February 22, 2022, Sempra's Board adopted the DRC's recommendation and formally resolved to reject the Fazio and Stapleton Shareholder Derivative Demands. <br><br> Evidence <br><br> AEGIS's App'x KK (Depo. Ex. 65). |

99. Moving Party's Statement:

It is undisputed that on February 22, 2022, Sempra's Board adopted the DRC's recommendation and formally resolved to reject the Fazio and Stapleton

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Shareholder Derivative Demands.<br><br>Evidence: AEGIS's App'x II (Dep. Ex. 54); AEGIS's App'x KK (Depo. Ex. 65). | |
| 100 The Board adopted Resolutions dated February 22, 2022 related to the DRC's Recommendations, which stated the directors appointed to the DRC were appointed "to review, investigate, and make a recommendation to the Board in accordance with California law, as to what actions, if any, are necessary or appropriate and in the best interest of Sempra and its shareholders in light of the Demands and Derivative Actions, including whether to assert the claims made in the Demands and Derivative Actions."<br><br>[Depo. Ex. 54, App'x II (Muck Confidential Depo. 93:4-24—95:1-3, App'x FFF).] | 99. Undisputed that on February 22, 2022, Sempra's Board of Directors adopted the recommendation of the Demand Review Committee that the Board reject the Fazio demand and seek dismissal of the Derivative Actions.<br><br>Undisputed that Deposition Exhibit 54 states "Whereas, on May 11, 2016, the Board appointed independent directors William C. Rusnack and Alan L. Boeckmann to serve on the Demand Review Committee (the "**Committee**") to review, investigate, and make a recommendation to the Board in accordance with California law, as to what actions, if any, are necessary or appropriate and in the best interests of Sempra and its shareholders in light of the Demands and Derivative Actions, including whether to assert the claims made in the Demands and Derivative Actions[.]"<br><br>Disputed to the extent that AEGIS contends that the cited evidence supports the purported fact that the directors appointed to the DRC were only tasked with reviewing and investigating the shareholder demands because this is simply |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | legal argument. <u>Evidence</u> AEGIS's App'x II (Dep. Ex. 54). |

100. Moving Party's Statement:

Sempra admits that it is undisputed that on February 22, 2022, Sempra's Board of Directors adopted the recommendation of the Demand Review Committee that the Board reject the Fazio demand and seek dismissal of the Derivative Actions. Sempra also admitted that Deposition Exhibit 54 states "Whereas, on May 11, 2016, the Board appointed independent directors William C. Rusnack and Alan L. Boeckmann to serve on the Demand Review Committee (the "*Committee*") to review, investigate, and make a recommendation to the Board in accordance with California law, as to what actions, if any, are necessary or appropriate and in the best interests of Sempra and its shareholders in light of the Demands and Derivative Actions, including whether to assert the claims made in the Demands and Derivative Actions[.]"

While Sempra said that it was disputing the statement to the extent AEGIS was making a legal argument, AEGIS did not make any legal argument and, therefore, that statement is irrelevant here.

<u>Evidence</u>: AEGIS's App'x II (Dep. Ex. 54).

| 101 | On December 30, 2022, counsel for Sempra sent an email to counsel for AEGIS indicating that additional invoices had been uploaded to the eRoom. The invoices submitted on that date included invoices dated from May 9, 2016 through December 19, 2022, included approximately 319 invoices, and contained invoices reflecting $18,547,009.01 in fees and costs.<br><br>[Depo. Ex. 34, App'x AA | 100. | Undisputed that on December 30, 2022, counsel for Sempra sent an email to AEGIS' counsel indicating that additional invoices had been uploaded to the eRoom.<br><br>Disputed that the "upload of invoices" contained approximately $18,547,009.01.<br><br>AEGIS does not support the fact that the invoices that Sempra submitted in the December 30, 2022, link were dated from May 9, |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| (Vazquez Depo. 188:20-25—189:1-3, App'x GGG); *see* Confidential Depo. Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x KKK).  ] | 2016, to December 19, 2022. Nor does the evidence clearly indicate that the link contained 319 invoices reflecting $18,547,009.01 in fees and costs. |

101. Moving Party's Statement:

Sempra admits that it is undisputed that on December 30, 2022, counsel for Sempra sent an email to AEGIS' counsel indicating that additional invoices had been uploaded to the eRoom.

While Sempra contends that AEGIS does not support the fact that the invoices that Sempra submitted in the December 30, 2022, link were dated from May 9, 2016, to December 19, 2022, the May 23, 2023 letter sent by AEGIS's counsel (AEGIS App'x BB at Page ID #:2332) references the December 29, 2022 "Submission" (which should have referenced December 30, rather than December 29). The chart contained in AEGIS's counsel's May 23, 2022 letter summarizes the invoices submitted on December 30, 2022 and identifies the dates of the invoices, the amount of each invoice, and the total amount of all those invoices. (AEGIS App'x BB at Page ID #:2332-Page ID #:2340.)

Further, AEGIS's counsel's summary of the invoices is admissible evidence pursuant to Fed. R. Evid. 1006 which provides: "The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence" so long as the underlying originals or duplicates are available to other parties. *See IPS Group, Inc. v. Duncan Solutions, Inc.*, S.D.Cal. No. 15-cv-1526-CAB (MDD), 2018 U.S. Dist. LEXIS 140046, at *11 (Aug. 17, 2018) (declining to review 400+ pages of billing records, accepting that "the Court should not be burdened with a tedious review of voluminous time entries and hourly rates."). Here, there is no dispute that the invoices are voluminous and that Sempra has access to its own counsel's invoices. In addition, AEGIS has offered to provide the Court with copies of all of the invoices. (Def.'s Stmt. of Facts at 49, n. i.)

| | | | |
|---|---|---|---|
| 102 | On May 23, 2023, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred by: (1) | 101. | Undisputed that the May 23, 2023, letter states this information.<br><br>Disputed to the extent that AEGIS |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Cooley; (2) Fenwick; (3) iDiscover; (4) Morgan Lewis; (5) O'Melveny; (6) Skadden; (7) UnitedLex; and (8) WilmerHale. Of the $18,547,009.01 in fees and costs provided, AEGIS recognized $1,561,193.03, and agreed to pay and has paid $1,561,193.03. ██████████████ ██████████████ ██████████████ ██████████████ ██████████████ ██████████████ [Confidential Depo. Ex. 36, App'x BB (Confidential Lane Depo. 101:17-25—102:1-5, App'x KKK).] | contends that the deductions imposed by it were reasonable and appropriate as this is legal argument. Disputed that AEGIS "has paid Sempra $18,547,009.01" on the ground that the evidence does not support this fact. Evidence AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App'x JJJ (Confidential Lane Depo. at 101:17-25—102:1-5). |

102. Moving Party's Statement:

Sempra admits that it is undisputed that the May 23, 2023, letter states the information contained in paragraph 102. While Sempra disputes that AEGIS "has paid Sempra $18,547,009.01," claiming that the evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.) While Sempra also states that it disputes if AEGIS contends that the deductions imposed by it were reasonable and appropriate, AEGIS did not make any such arguments in this statement of fact.

Evidence: AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App'x JJJ (Confidential Lane Depo. at 101:17-25—102:1-5).

98

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 103 The invoices submitted to AEGIS reflected the following hourly rates for Cooley attorneys in 2017: (1) JC Dwyer, partner $1,160; (2) CA Deatrick, paralegal $375; (3) CE TenBroeck, partner $1,010; and (3) EE Herinton, associate $710.<br><br>[Confidential Depo. Ex. 36, App'x BB (Confidential Lane Depo. 101:17-25—102:1-5, App'x KKK). ] | 102. Undisputed that the invoices that Sempra submitted to AEGIS reflect the following hourly rates for Cooley attorneys working on the D&O Lawsuits in 2017: (1) JC Dwyer, partner $1,160; (2) CA Deatrick, paralegal $375; (3) CE TenBroeck, partner $1,010; and (4) EE Herinton, associate $710.<br><br>Evidence<br><br>AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App'x JJJ (Confidential Lane Depo. at 101:17-25—102:1-5). |

103. Moving Party's Statement:

Sempra admits that it is undisputed that the invoices that Sempra submitted to AEGIS reflect the following hourly rates for Cooley attorneys in 2017: (1) JC Dwyer, partner $1,160; (2) CA Deatrick, paralegal $375; (3) CE TenBroeck, partner $1,010; and (4) EE Herinton, associate $710.

Evidence: AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App'x JJJ (Confidential Lane Depo. at 101:17-25—102:1-5).

| | |
|---|---|
| 104 On December 15, 2023, Sempra filed the Complaint in this case (the "Coverage Action").<br><br>[ECF Doc. No. 1.] | 103. Undisputed. |
| 105 Before the Coverage Action was filed, the Fazio Demand was never tendered to AEGIS for coverage under the Derivative Investigation Cost Coverage Section of the Policy. | 104. Disputed. AEGIS had possession of the Fazio shareholder derivative demand since around 2017. It was attached as an exhibit to the Fazio complaint which was provided to AEGIS in 2017. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [Depo. Ex. 16, App'x K (Jett Depo. 77:6-24—78:1-14, App'x HHH).] | <u>Evidence</u><br><br>AEGIS's App'x K & EE (Depo. Exs. 16 & 50); Lane Depo. at 39:25—41:1-19. |

105. Moving Party's Statement:

While the Fazio shareholder derivative demand was an exhibit to the Fazio complaint, when Sempra sent a copy of the Fazio complaint, Sempra did not reference the shareholder demand and never provided separate notice of the demand. Ms. Jett testified that when Sempra sent a copy of the Complaint, the cover email stated, "A copy of the complaint attached." In addition, Ms. Jett was asked, "But you would agree with me Ms. Gao did not mention I'm providing you a copy of a shareholder derivative demand?" In response, Ms. Jett stated, "This particular email does not mention that, no." Ms. Jett was then asked, "Are you aware of any other emails in which Sempra sent a copy of the Fazio demand to AEGIS?" Ms. Jett responded, "I am not."

[Depo. Ex. 16, App'x K (Jett Depo. 77:6-24—78:1-14, App'x HHH).]

| | |
|---|---|
| 106 On February 21, 2024, Sempra provided a link to invoices which contained many of the over 1,000 invoices that Sempra had previously submitted to AEGIS during this matter. Additionally, the link contained approximately 161 new invoices. The new invoices totaled approximately $3,237,486.51 and were dated from August 28, 2017 through December 1, 2023 (collectively, with all of the previously submitted invoices, the "Invoices").<br><br>[Ex. J to Lane Decl., App'x KKK; Lane Decl. ¶ 15, App'x KKK; Confidential Depo. Ex. 37, App'x | 105. Undisputed that on February 21, 2024, Sempra provided AEGIS with a link to invoices that Sempra had previously submitted to AEGIS for coverage.<br><br>AEGIS does not support the fact that the invoices that Sempra submitted in the February 21, 2024, link were dated from August 28, 2017, through December 1, 2023. Nor does the evidence clearly indicate that the link contained over 1,000 invoices that Sempra had previously submitted to AEGIS or 161 invoices reflecting $3,237,486.51 in fees and costs. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| CC (Confidential Lane Depo. 100:12-24, App'x KKK).] | Paragraph 15 to the Lane Declaration lacks foundation and is hearsay. *See* Evidentiary Objections ¶ 1. <br><br> Evidence <br><br> AEGIS's App'x JJJ (Lane Decl. ¶ 15); AEGIS's App'x CC (Confidential Depo. Ex. 37); AEGIS's App'x CC (Confidential Lane Depo. at 100:12-24). |

106. Moving Party's Statement:

Sempra admits that it undisputed that on February 21, 2024, Sempra provided AEGIS with a link to invoices that Sempra had previously submitted to AEGIS for coverage.

While Sempra contends that AEGIS does not support the fact that the invoices that Sempra submitted in the February 21, 2024, link were dated from August 28, 2017, through December 1, 2023, the submitted evidence supports this statement. AEGIS's counsel's letter referenced the February 21, 2024 submission (App'x CC at Page ID #:2399) and the chart contained in this letter summarizes the invoices submitted on February 21, 2024 and identifies the dates of the invoices, the amount of each invoice, and the total amount of the invoices. (App'x CC at Page ID #:2399 to 2402.) While Sempra contends that the evidence cited does not reflect $3,237,486.51 in fees and costs or the number of invoices, the chart lists each of the new invoices submitted and the total of the new invoices submitted. (*Id.*) This summary is admissible pursuant to Fed. R. Evid. 1006. (*See* Defendant's Responses to Plaintiff Sempra's Evidentiary Objections #2, which explains why these summaries are admissible evidence.)

As to Sempra's objections, AEGIS's presentation of opposing counsel's email and the statements therein are not hearsay pursuant to Fed. R. Evid. 801(d)(2), which excludes certain statements from the hearsay rule when
    The statement is offered against an opposing party and:
    (A) was made by the party in an individual or representative capacity;
    (B) is one the party manifested that it adopted or believed to be true;

101

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| (C) was made by a person whom the party authorized to make a statement on the subject; [and]<br>(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]<br><br>The statements contained in Exhibit J to Mr. Lane's Declaration fall within this exception to the hearsay rule because the email was sent by counsel for Sempra (by counsel of record in this case).<br><br>AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time Exhibit J to Mr. Lane's Declaration was sent and received. (*See generally* Lane Decl., App'x KKK.) | |
| 107 On April 24, 2024, counsel for AEGIS acknowledged receipt of additional invoices representing fees and costs incurred by: (1) Fenwick; (2) Morgan Lewis; (3) O'Melveny; (4) Skadden; and (5) UnitedLex. Of the $3,237,486.51 in fees and costs provided, AEGIS recognized $687,511.46 and agreed to pay and has paid $687,511.46. ███████████████████████████████████████████████████████████████████████████████████████████████████████ [Confidential Depo. Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x KKK).] | 106. Undisputed that AEGIS sent the April 24, 2024, letter acknowledging receipt of invoices and agreeing to pay Sempra $687,511.46.<br><br>Disputed that AEGIS paid Sempra $687,511.46 on the ground that the evidence does not support this purported fact.<br><br>Evidence<br><br>AEGIS's App'x CCC (Confidential Depo. Ex. 37); AEGIS's App'x JJJ (Confidential Lane Depo. at 100:12-24). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 107. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that AEGIS sent the April 24, 2024, letter acknowledging receipt of invoices and agreeing to pay Sempra $687,511.46.<br><br>While Sempra disputes that AEGIS paid Sempra $687,511.46, claiming that the evidence does not support this fact, there is no actual dispute regarding the amount AEGIS has paid because the parties agree that AEGIS has paid $7,519,401 in this matter. (*See* Sempra's Stmt. of Facts ¶ 228.) | |
| 108 <br><br>[Jett Depo. 67:13-18, App'x HHH.] | 107. Undisputed that the Deposition of Jennifer Jett states:<br><br>Q. So you have no independent understanding as to why some things are redacted and others were not?<br><br>A. With respect to this Aliso Canyon matter, I do not have knowledge of specific rationale between -- behind what was redacted. I mean, it was – anything legal in nature is legal advice.<br><br>Disputed as the purported fact is a legal conclusion about the preparation of Sempra's witness. Sempra only agreed to produce a witness to confirm that redactions were made by an attorney because the reasons for the redactions are privileged. Sempra did not agree to produce a witness to testify about why the redactions were added to Sempra's invoices. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | Evidence<br><br>AEGIS's App'x HHH (Jett Depo. at 66:6-16, 67:13-18); Thayer Decl. ¶ 15, Ex. 11 (Plaintiff's Objections to Defendant's Notice of Rule 30(b)(6) Deposition of Sempra). |
| 108. Moving Party's Statement:<br><br>Sempra admits that Ms. Jett testified to the quoted language. | |
| 109 In Plaintiff Sempra's Objections and Responses to Defendant's First Set of Interrogatories, Sempra stated: "there were no depositions conducted in any of the *D&O Lawsuits*. There also was no written discovery (e.g., interrogatories, requests for admission, or requests for production of documents) in any of the *D&O Lawsuits*."<br><br>[Depo. Ex. 51, App'x FF at 44-45 (Jett Depo. 20:11-24—21:1-5; 45:16-24—46:1-22, App'x HHH).] | 108. Undisputed. |
| 110 A total of 1091 Invoices[4] have been submitted by Sempra to AEGIS for coverage under the Policy. | 109. Disputed because the evidence does not provide the total number of invoices that Sempra submitted to AEGIS for coverage under the |

---

[4] Due to the number of invoices that were submitted and the fact that AEGIS's counsel's letters list all the deductions to the invoices, AEGIS did not submit copies of all the invoices that were submitted to AEGIS. If the Court would prefer that AEGIS submit all the invoices, AEGIS will do so, upon the Court's request.

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| | [*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x KKK), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x KKK), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x KKK), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x KKK), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x KKK), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x KKK), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x KKK).] | Policy.<br><br>There is no competent evidence because the cited evidence lacks foundation. *See* Evidentiary Objections ¶ 7. |

110. Moving Party's Statement:

AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the invoices were submitted to AEGIS, which were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Ex. KKK.) In addition, the deduction charts attached to the coverage correspondence sent by Mr. Lane to Sempra identifies each invoice submitted and reviewed, totaling 1,091. (Exs. P, Q, Ex. E to Lane Decl., Ex. S, Ex. U, Ex. X, Ex. Y, Ex. Z, Ex. AA, Ex. BB, Ex. CC.)

| 111 | AEGIS never consented to the retention or use of the Fenwick or WilmerHale law firms to represent any of the D&Os in the D&O Actions.<br><br>[Lane Decl. ¶ 18, App'x KKK.] | 109. | Disputed. There is no competent evidence because the cited evidence lacks foundation. *See* Evidentiary Objections ¶ 3. |

111. AEGIS' Response:
AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the invoices were submitted to AEGIS, which

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Def.'s App'x KKK.) In addition, Mr. Lane, on behalf of AEGIS, specifically consented to the use of Morgan Lewis in connection with the Claim[5] and, therefore, would also have knowledge about whether he or AEGIS consented to (or did not consent to) the use of any other law firm in connection with the Claim. (ECF 45-1 ¶ 55.) <br><br> Mr. Lane's statement is relevant insofar as it is further evidence of Sempra's unreasonable attempt to broaden the scope of coverage under the Policy, which only provides coverage for Defense Costs incurred by or on behalf of the D&Os in the investigation or defense of the Claim. (ECF 45-1 ¶ 7.) | |
| 112  <br><br> [Lane Decl. ¶ 17, App'x KKK.] | 110. Disputed. There is no competent evidence because the cited evidence lacks foundation. *See* Evidentiary Objections ¶ 2. |

112. AEGIS' Response:

Mr. Lane's summary of the invoices is admissible pursuant to Fed. R. Evid. 1006, which provides: "The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence" so long as the underlying originals or duplicates are available to other parties. *See IPS Group, Inc. v. Duncan Solutions, Inc.*, S.D.Cal. No. 15-cv-1526-CAB (MDD), 2018 U.S. Dist. LEXIS 140046, at *11 (Aug. 17, 2018) (declining to review 400+ pages of billing records, accepting that "the Court should not be burdened with a tedious review of voluminous time entries and hourly rates."). Here, there is no dispute that the

---

[5] Capitalized terms used in this Response have the same meaning ascribed to them as in AEGIS's Motion for Complete or Partial Summary Judgment.

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| invoices are voluminous and that Sempra has access to its own counsel's invoices. In addition, AEGIS has offered to provide the Court with copies of all of the invoices upon request. (ECF 45-1 at 49, n. i.)<br><br>Mr. Lane's statement does not mischaracterize the eData invoices. *See* Def.'s App'x  Z (stating, "it appears the vast majority of the amounts deducted from the Invoices related to the Insureds' document collection and review were for "eData/Data Processing Disbursements" for which the Insured has not provided any documentation or a sufficient description to facilitate AEGIS' review."))[6]; *see also* ECF 51-2 ¶ 115.) Sempra has submitted no contrary evidence indicating that the eData invoices referenced the D&O Actions as opposed to the "Aliso Canyon matters." A party opposing summary judgment must do more than simply dispute the moving party's facts—they must present specific, admissible evidence demonstrating a genuine issue of fact for trial. *See Richards v. County of L.A.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-59 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Mere allegations, denials, or a scintilla of evidence are insufficient to withstand summary judgment.<br><br>AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the eData invoices were submitted to AEGIS, which were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Def.'s App'x KKK; *see also* Def.'s App'x Z.) | |
| 113 In answer to Interrogatory No. 7 propounded by AEGIS on Sempra, which asked: "Identify which plaintiffs are referenced in the time entries referring to production of documents to the "civil plaintiffs" in Morgan, Lewis & Bockius LLP Invoice No. 4106291, including on pages 2 and 3, and state the name of the lawsuit those "civil plaintiffs" are | 111. Undisputed that AEGIS' Interrogatory No. 7 contained the quoted language.<br><br>Disputed because the excerpted language is out of context is not the entirety of the quoted testimony. In response to AEGIS' Interrogatory No. 7, in addition to its objections, Sempra responded: "as discussed above in response to |

[6] Note that Appendix Z includes one of two letters Mr. Lane sent on October 8, 2021. AEGIS intended to include both October 8, 2021 letters in Appendix Z. AEGIS will submit a notice of errata submitting the second letter that was not previously submitted.

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| parties to, the case number of that lawsuit, and the Court in which the lawsuit was filed," Sempra responded, in relevant part:<br><br>At this time, 6 years after the date of the time entries identified in this Interrogatory, it would be virtually impossible for Plaintiff to determine whether these time entries specifically related to any particular civil plaintiff group, or, if so, to which group they related.<br><br>[Depo. Ex. 51, App'x FF at 26-27 (Jett Depo. 20:11-24—21:1-5, App'x HHH).] | Interrogatory No. 5, the eData charges, including those referred to in this Interrogatory, relate to discovery conducted in connection with the Coordinated Proceeding, which included five of the *D&O Lawsuits*. The Coordinated Proceeding involved hundreds of lawsuits brought by over 48,000 individual plaintiffs, 270 business entities, five public agencies, and a number of alleged shareholders. These cases included (i) over 350 private civil complaints brought by individual community members, businesses, and land developers, (ii) over 25 putative class action complaints, (iii) 5 shareholder complaints and (iv) 3 public civil enforcement actions filed by various state and local agencies on behalf of the State of California and the South Coast Air Quality Management District ("SCAQMD"). At this time, 6 years after the date of the time entries identified in this Interrogatory, it would be virtually impossible for Plaintiff to determine whether these time entries specifically related to any particular civil plaintiff group, or, if so, to which group they related. However, as discussed above in response to Interrogatory No. 5, documents requested by any of the civil plaintiff groups in the Coordinated Proceeding were |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| | generally produced to all (except the shareholder plaintiffs) and were requested by the *Kanter* plaintiffs twice in the *Consolidated Kanter Lawsuit*. These documents were also made available to the Demand Review Committee's outside counsel whose investigation findings were instrumental to the defense, and ultimate dismissal, of the *Fazio Lawsuit* and was also helpful for the defense of the *Consolidated Kanter Lawsuit*."<br><br>Evidence<br><br>AEGIS's App'x FF (Dep. Ex. 51 at 26-27). |
| 113. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that AEGIS' Interrogatory No. 7 contained the quoted language. The additional quotes provided by Sempra do not alter the quoted language or create any issue of fact. | |
| 114  In response to Interrogatory Number 5, Sempra stated:<br><br>As AEGIS knows, after the 2015 Aliso Canyon natural gas leak, Sempra and SoCalGas were named as defendants in hundreds of lawsuits brought by over 48,000 individual plaintiffs, 270 business entities, and five public agencies. These cases included (i) over 350 private civil complaints brought by individual community | 112.  Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| members, businesses, and land developers, (ii) over 25 putative class action complaints, (iii) 6 shareholder complaints and 1 class action complaint alleging securities violations, (iv) 3 public civil enforcement actions filed by various state and local agencies on behalf of the State of California and the South Coast Air Quality Management District ("SCAQMD"), and (v) a criminal misdemeanor proceeding brought by the Los Angeles County District Attorney against SoCalGas."<br><br>[Depo. Ex. 51, App'x FF at 23-24 (Jett Depo. 20:11-24—21:1-5, App'x HHH).] | |
| 115   In his deposition, Neil Cayabyab stated that the "charges related to the eDiscovery were split between 50/50 between D&O and the civil lawsuits." When Mr. Cayabyab was asked "Do you know if there was any consideration given to the number of lawsuits in deciding to split them 50/50 between D&O lawsuits and the civil litigation?" he responded "I don't know."<br><br>[Cayabyab Depo. 44:22-24; 59:20-24, App'x III.] | 113.   Undisputed that in his deposition, Mr. Cayabyab stated that "the charges related to the eDiscovery were split between 50/50 between D&O and the civil lawsuits."<br><br>Disputed that this "fact" is material to any issue raised in AEGIS' motion for complete or partial summary judgment. *See* Evidentiary Objections ¶ 8. |
| 115. AEGIS' Response: | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| This statement is relevant to whether the eDiscovery charges and invoices constitute Defense Costs under the Policy. Mr. Cayabyab's testimony that the charges were split 50/50 between the D&O Actions and other civil litigation, and that he did not know the basis for that split, demonstrates that Sempra cannot meet its burden to show that the eDiscovery costs were incurred in defense of the D&O Actions, particularly when Sempra has conceded that no discovery occurred in the D&O Actions.<br><br>Evidence: Cayabyab Depo. 44:22-24; 59:20-24, App'x III; Pl.'s Stmt. of Facts ¶ 109. | |
| 116 According to the 2018 Real Rate Report, the average rate for partners in Los Angeles practicing "commercial," "corporate governance," "corporate: other," or "corporate: regulatory and compliance" in law firms of more than 1,000 lawyers during the time period between 2016 and 2018 was between $892 and $982 per hour.<br><br>[Ex. L to Lane Decl., App'x KKK; Decl. ¶ 16, App'x KKK.] | 114. Undisputed. |
| 117 ███████████ | 115. Undisputed for the May 17, 2016, Morgan Lewis Invoice No. 3483671 AEGIS made the listed deductions:<br><br>███████████ |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
|  [Confidential Depo. Ex. 22, App'x Q at 11 (Confidential Lane Depo. 15:23-25—16:1-7, App'x JJJ).] | Evidence<br><br>AEGIS's App'x Q (Confidential Depo. Ex. 22 at 11); Thayer Decl. ¶ 24, Ex. 18 (Redacted Morgan, Lewis & Bockius LLP Invoice No. 3483671 [AEGIS04387-04405]). |

117. Moving Party's Statement:

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
|  | |
| 118. For the June 17, 2016 Morgan Lewis Invoice No. 3499404, AEGIS made the following deductions for the entries listed on the below dates, containing the below descriptions, for the following timekeepers, for the amount of time identified, and for the reasons identified below:<br><br>• <br><br>[Confidential Depo. Ex. 22, App'x Q at 15 (Confidential Lane Depo. 15:23-25—16:1-7, App'x | 116. Undisputed that AEGIS made the listed deductions to the June 17, 2016, Morgan Lewis Invoice No. 3499404.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x JJJ (Confidential Lane Depo. at 15:23-25—16:1-7). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| JJJ).] | |
| 118. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that AEGIS made the listed deductions to the June 17, 2016, Morgan Lewis Invoice No. 3499404, which is all AEGIS stated in this statement of fact. While Sempra stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.<br><br>Evidence: AEGIS's App'x JJJ (Confidential Lane Depo. at 15:23-25—16:1-7). | |
| 119 For the September 20, 2016 Skadden Invoice No. 1633278, AEGIS made the following deductions for the entries listed on the below dates, containing the below descriptions, for the following timekeepers, for the amount of time identified, and for the reasons identified below:<br><br><br><br>[Confidential Depo. Ex. 22, App'x Q at 26 (Confidential Lane Depo. 15:23-25—16:1-7, App'x | 117. Undisputed that AEGIS made the listed deductions to the September 20, 2016, Skadden Invoice No. 1633278.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x (Confidential Lane Depo. at 15:23-25—16:1-7). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| JJJ).] | | |
| 119. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that AEGIS made the listed deductions to the September 20, 2016, Skadden Invoice No. 1633278, which is all AEGIS stated in this statement of fact. While Sempra stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.<br><br>Evidence: AEGIS's App'x Q. | | |
| 120 | For the November 21, 2016 Morgan Lewis Invoice No. 3599628, AEGIS made the following deductions for the entries listed on the below dates, containing the below descriptions, for the following timekeepers, for the amount of time identified, and for the reasons identified below:<br><br><br><br>[Confidential Depo. Ex. 22, App'x Q at 16 (Confidential Lane Depo. 15:23-25—16:1-7, App'x JJJ).] | 118. | Undisputed that AEGIS made the listed deductions to the November 21, 2016, Morgan Lewis Invoice No. 3599628.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x JJJ (Confidential Lane Depo. at 15:23-25—16:1-7). |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 119. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that AEGIS made the listed deductions to the September 20, 2016, Skadden Invoice No. 1633278, which is all AEGIS stated in this statement of fact. While Sempra stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.<br><br>Evidence: AEGIS's App'x JJJ. | |
| 121 For the September 10, 2019 O'Melveny Invoice No. 1040376, AEGIS made the following deduction for the entry listed on the below date, containing the below description, for the following timekeeper, for the amount of time identified and for the reason identified below:<br><br>• <br><br>[Confidential Depo. Ex. 31, App'x X (Vazquez Depo. 177:6-15, App'x GGG).] | 119. Disputed. For the September 10, 2019, O'Melveny Invoice No. 1040376, AEGIS made the stated deduction to the following invoice entry:<br><br><br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x X (Confidential Depo. Ex. 31); AEGIS's App'x GGG (Vazquez Depo. at 177:6-15). |
| 121. Moving Party's Statement:<br><br>Sempra admits that it is undisputed that for the September 10, 2019, O'Melveny Invoice No. 1040376, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |

116

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| ▮ While Sempra stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.<br><br>Evidence: AEGIS's App'x X (Confidential Depo. Ex. 31); AEGIS's App'x GGG (Vazquez Depo. at 177:6-15). | |
| 122 For the January 25, 2022 Morgan Lewis Invoice No. 2436375, AEGIS made the following deduction for the entry listed on the below date, containing the below description, for the following timekeeper, for the amount of time identified and for the reason identified below:<br><br>• <br><br>[Confidential Depo. Ex. 36, App'x BB (Vazquez Depo. 192:23-25—193:1-14, App'x GGG).] | 120. Disputed because Invoice No. 2436375 dated January 25, 2022, is from Cooley.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x BB (Confidential Depo. Ex. 36); App'x GGG (Vazquez Depo. at 192:23-25—193:1-14). |
| 122. Moving Party's Statement:<br><br>Sempra only disputed that the invoice was from Morgan Lewis, stating that it was from Cooley. While Sempra also stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.<br><br>Evidence: AEGIS's App'x BB (Confidential Depo. Ex. 36); App'x GGG | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| (Vazquez Depo. at 192:23-25—193:1-14). | |
| 123 For the March 17, 2017 Morgan Lewis Invoice No. 3671270, AEGIS made the following deductions for the entries listed on the below dates, containing the below descriptions, for the following timekeepers, for the amount of time identified, and for the reasons identified below:<br><br>• <br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ).] | 121. Undisputed that AEGIS made the deductions to the invoices.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |

123. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS made the stated deductions to the invoices. While Sempra also stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.

Evidence: AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's JJJ (Confidential Lane Depo. at 58:23-25—59:1-11).

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 124 For the May 2, 20217 Skadden Invoice No. 1664722, AEGIS made the following deductions for the entries listed on the below dates, containing the below descriptions, for the following timekeepers, for the amount of time identified, and for the reasons identified below:<br><br><br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ).] | 122. Undisputed that AEGIS made the listed deductions to the May 2, 2017, Morgan Lewis Invoice No. 1664722.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |

124. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS made the listed deductions to the May 2, 2017, Morgan Lewis Invoice No. 1664722. While Sempra also stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.

Evidence: AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11).

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| 125 | For the March 14, 2018 Morgan Lewis Invoice No. 3894858, AEGIS made the following deduction for the entry listed on the below date, containing the below description, for the following timekeeper, for the amount of time identified and for the reason identified below:<br><br>• ▮▮▮▮▮▮▮▮▮<br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ).] | 123. | Undisputed that AEGIS made the deductions to the invoice.<br><br>However, disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |

125. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS made the deductions to the invoice. While Sempra also stated, "disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.

Evidence: AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11).

| | | | |
|---|---|---|---|
| 126 | For the September 21, 2016 Skadden Invoice No. 1633282, AEGIS made the following deduction for the entry listed on the below date, containing the below description, for the following timekeeper, for the amount of time identified and for the reason identified below: | 124. | Undisputed that AEGIS made the deductions to the invoice.<br><br>Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument. |

120

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| <br><br>[Confidential Depo. Ex. 22, App'x Q (Confidential Lane Depo. 15:23-25—16:1-7, App'x JJJ).] | Evidence<br><br>Confidential Depo. Ex. 22 (App'x Q); Confidential Lane Depo. at 15:23-25—16:1-7 (App'x JJJ). |

126. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS made the deductions to the invoice. While Sempra also stated, "Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions.

Evidence: Confidential Depo. Ex. 22 (App'x Q); Confidential Lane Depo. at 15:23-25—16:1-7 (App'x JJJ).

| 127 For the January 25, 2017 O'Melveny Invoice No. 961224, AEGIS made the following deductions: | 125. Disputed as AEGIS made the deductions to the invoices. |
|---|---|
| <br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ).] | Disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>Confidential Depo. Ex. 24 (App'x S); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| 127. Moving Party's Statement:<br><br>AEGIS is not making any legal arguments regarding its deductions, so Sempra's statements regarding any potential legal arguments are not relevant. ███████████<br><br>████████████████████████████<br><br>████████████████████████████<br><br>████████████████████████████<br><br>████████████████████████████<br><br>████████████████████<br><br>████████████<br><br>Evidence: Confidential Depo. Ex. 24 (App'x S at Page ID #:2102); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). | |
| 128 For the March 17, 2017 Morgan Lewis Invoice No. 3671275, AEGIS made the following deduction for the entry listed on the below date, containing the below description, for the following timekeeper, for the amount of time identified and for the reason identified below:<br><br>• ████████████████<br>  ████████████<br>  ████████<br><br>[Confidential Depo. Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ).] | 126. Undisputed that AEGIS made the deductions to the invoice.<br><br>However, disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument.<br><br>Evidence<br><br>AEGIS' App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). |
| 128. Moving Party's Statement: | |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Sempra admits that it is undisputed that AEGIS made the deductions to the invoice. While Sempra also stated, "disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions. <br><br> Evidence: AEGIS' App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11). | |
| 129 For the March 31, 2020 Cooley Invoice No. 2156956, AEGIS made the following deduction: <br><br>  <br><br> [Confidential Depo. Ex. 36, App'x BB (Confidential Lane Depo. 101:17-25—102:1-5, App'x JJJ).] | 127. Undisputed that AEGIS made the deductions to the invoice. <br><br> However, disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument. <br><br> Evidence <br><br> AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App's JJJ (Confidential Lane Depo. at 101:17-25—102:1-5). |
| 129. Moving Party's Statement: <br><br> Sempra admits that it is undisputed that AEGIS made the deductions to the invoice.  While Sempra also stated, "disputed to the extent that AEGIS contends that the deductions it imposed were reasonable and appropriate as this is legal argument[,]"AEGIS did not make any legal argument about the deductions. <br><br> Evidence: AEGIS's App'x BB (Confidential Depo. Ex. 36); AEGIS's App's JJJ (Confidential Lane Depo. at 101:17-25—102:1-5). | |
| 130 Approximately $240,000 of the Invoices submitted to AEGIS represented costs and expenses that are administrative, clerical, or constitute law firm overhead. <br><br> [*See* Confidential Ex. 21, App'x P | 128. Disputed as the purported fact is simply legal argument. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | | Sempra's Responses and Supporting Evidence |
|---|---|---|
| | (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ, Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ).] | |

130. Moving Party's Statement:

The statement was intended to identify the amounts that AEGIS deducted as administrative, clerical, or law firm overhead, rather than to make a legal argument that these deductions were proper.

[*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ).]

| 131 | AEGIS deducted approximately $1 million from the Invoices so that one consistent hourly rate system was applied to all of the Invoices submitted by Cooley, Skadden, Morgan Lewis, and O'Melveny. | 129. | Disputed. The evidence cited by AEGIS does not support this purported fact. The evidence cited states: "AEGIS will only agree to recognize reasonable and necessary fees and expenses at hourly rates agreed upon by AEGIS. Accordingly, AEGIS |
|---|---|---|---|

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| [*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ).] | applied the following maximum rates to the Invoices using the maximum rates charged by Morgan, Lewis & B[]ockius LLP: (1) $995 for Partners; (2) $640 for Associates, and (3) $325 for Paralegal/Support." Evidence *See* AEGIS's App'x P (Confidential Ex. 21); AEGIS's App'x JJJ (Confidential Lane Depo. at 41:20-25—42:1-8); AEGIS's App'x S (Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11); AEGIS's App'x U (Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22); AEGIS's App'x X (Ex. 31); AEGIS's App'x GGG (Vazquez Depo. at 177:6-15); AEGIS's App'x Ex. 32 (App'x Y); AEGIS's App'x JJJ (Lane Conf. Depo. at 72:1-9); AEGIS's App'x Z (Ex. 33); AEGIS's App'x JJJ (Confidential Lane Depo. at 87:19-25); AEGIS's App'x BB (Ex. 36); AEGIS's App'x JJJ (Lane Depo. at 101:17-25—102:1-5); AEGIS's App'x CCC (Ex. 37); AEGIS's App'x JJJ (Confidential Lane Depo. at 100:12-24). |

131. Moving Party's Statement:

It is undisputed that AEGIS applied a consistent hourly rate for counsel at the amounts identified in Sempra's statement. In addition, the deduction charts attached to the coverage correspondence sent by counsel for AEGIS, which was cited in paragraph 131, identifies deductions for each invoice submitted.

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| Accordingly, the evidence establishes approximately $1 million was deducted from the Invoices so that one consistent hourly rate system was applied to all of the Invoices submitted by Cooley, Skadden, Morgan Lewis, and O'Melveny.<br><br>[*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ).] | |
| 132 Approximately $13.3 million of the Invoices submitted to AEGIS was deducted because it is unclear from those invoices what matter they were incurred in connection with. Of that amount, approximately, $95,000 was deducted because various entries were redacted and, as such, it cannot be determined whether the fees and expenses were incurred in defense of the Claim.<br><br>[*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB | 130. Undisputed that AEGIS made deductions to the invoices that Sempra submitted to AEGIS for payment for "Insufficient Description," and "Insufficient description – Not clear that fees and costs were incurred in defense of covered Claim(s)," and "Insufficient description – unclear whether incurred in connection with covered Claim."<br><br>Disputed that AEGIS deducted approximately $13.3 million from the Invoices submitted by Sempra because it is unclear from those invoices what matter they were incurred in connection with. Further disputed that AEGIS deducted approximately $95,000 from the Invoices because it was allegedly unable to determine whether the fees and expenses were incurred in defense of the Claim because the invoices included redactions. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ).] | The evidence cited by AEGIS does not provide the totals for the deduction categories that AEGIS listed. Additionally disputed because various categories are overlapping, so it is unclear from the exhibits if there are duplicative deductions. <br><br> Evidence <br><br> *See* AEGIS's App'x P (Confidential Ex. 21); AEGIS's App'x S (Ex. 24); AEGIS's App'x U (Ex. 27); AEGIS's App'x X (Ex. 31); AEGIS's App'x GGG (Ex. 15); AEGIS's App'x Y (Ex. 32); AEGIS's App'x Z (Ex. 33); AEGIS's App'x BB (Ex. 36); AEGIS's App'x CC (Ex. 37). |

132. Moving Party's Statement:

Sempra admits that it is undisputed that AEGIS made deductions to the invoices that Sempra submitted to AEGIS for payment for "Insufficient Description," and "Insufficient description – Not clear that fees and costs were incurred in defense of covered Claim(s)," and "Insufficient description – unclear whether incurred in connection with covered Claim."

In addition, the deduction charts attached to the coverage correspondence sent by counsel for AEGIS, which was cited in paragraph 132, identifies deductions for each invoice submitted. Further, Mr. Lane's Declaration stated that approximately $12.6 million of the Invoices submitted to AEGIS were Morgan Lewis invoices pertaining to the hosting and review of electronic data collected and stored in connection with discovery that referenced nondescript "Aliso Canyon matters". Accordingly, the evidence establishes that AEGIS deducted approximately $13.3 million of the Invoices submitted to AEGIS on the basis that it was unclear from those invoices what matter they were incurred in connection with. Furthermore,

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| AEGIS' Uncontroverted Facts and Supporting Evidence | Sempra's Responses and Supporting Evidence |
|---|---|
| the evidence establishes that of that amount, approximately $95,000 was deducted because various entries were redacted. [*See* Confidential Ex. 21, App'x P (Confidential Lane Depo. 41:20-25—42:1-8, App'x JJJ), Ex. 24, App'x S (Confidential Lane Depo. 58:23-25—59:1-11, App'x JJJ), Ex. 27, App'x U (Confidential Lane Depo. 78:11-22, App'x JJJ), Ex. 31, App'x X (Vazquez Depo. 177:6-Ex. 15, App'x GGG), Ex. 32, App'x Y (Lane Conf. Depo. 72:1-9, App'x JJJ), Ex. 33, App'x Z (Confidential Lane Depo. 87:19-25, App'x JJJ), Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x JJJ), Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x JJJ; Lane Decl., App'x KKK at ¶ 17).] | |

## SEMPRA'S ADDITIONAL FACTS IN SUPPORT OF ITS OPPOSITION TO AEGIS'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 133. After Sempra notified AEGIS of the D&O Lawsuits, AEGIS said: [I]t is the duty of the Insureds and not the duty of AEGIS to investigate and defend Claims made against the Insureds. . . . The Insureds are required to use diligence and prudence at all times in the investigation, settlement, and defense of any Claim. Evidence: AEGIS's App'x G (Ex. 11 at 6) [AEGIS's App'x | Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| | GGG (Vazquez Depo. 105:22-25—1061:13)]. | |
| 134. | The Insureds and the Ds&Os obtained dismissals in all seven of the D&O Lawsuits with prejudice, after seven years of litigation, saving Sempra and the D&O insurers from the possibility of facing billions of dollars in potential liability.<br><br>Evidence: Declaration of Susan Muck in Support of Plaintiffs Opposition to AEGIS's Motion for Summary Judgment ("Muck Decl."), ¶¶ 23-25; Declaration of Warren Rissier in Support of Plaintiffs Opposition to AEGIS's Motion for Summary Judgment ("Rissier Decl.), ¶¶ 15-19. | Undisputed that the D&O Lawsuits were dismissed with prejudice.<br><br>Disputed as to the claim that these dismissals saved "Sempra and the D&O insurers from the possibility of facing billions of dollars in potential liability" as the amount of damages that the parties could be subject to is a legal issue related to interpretation of the claims in the D&O Lawsuits and interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 135. | AEGIS did not pay the "DEFENSE COSTS . . . on a current basis but no later than sixty (60) days after receipt by [AEGIS] of itemized invoices or other itemized materials documenting [the] DEFENSE COSTS.<br><br>Evidence: Declaration of Sandra Thayer in Support of Plaintiffs Opposition to AEGIS's Motion for Summary Judgment ("Thayer Decl."), ¶¶ 4-12, Exs. 2, 3-9. | Disputed. This is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 136. The Policy's "Advancement of DEFENSE COSTS" provision provides that AEGIS can seek reimbursement of DEFENSE COSTS "in the event and to the extent it is finally established that such DEFENSE COSTS . . . are not covered by this POLICY." <br><br> Evidence: AEGIS's App'x V (Ex. 28 at § IX.(A)) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3). | Disputed that the statement accurately states the language of the Policy provision. Instead, the Policy states, "Such advance payments by the INSURER shall be repaid to the INSURER by the DIRECTORS and OFFICERS or the INSURED ORGANIZATION, severally according to their respective interests, in the event and to the extent it is finally established that such DEFENSE COSTS, INQUIRY COSTS, or INVESTIGATIVE EXPENSE are not covered by this POLICY." <br><br> Evidence: AEGIS's App'x V at § IX.(A) (Ex. 28). |
| 137. AEGIS ignored Sempra's requests for payment of DEFENSE COSTS for month or years. <br><br> Evidence: AEGIS's App'x P (Ex. 21) [AEGIS's App'x JJJ (Lane Depo. 41:20-25—42:1-8)]; AEGIS's App'x Q (Ex. 22) [AEGIS's App'x JJJ (Lane Depo. 15:23—16:1-7)]; AEGIS's App'x R (Ex. 23) [AEGIS's App'x GGG (Vazquez Depo. 134:1-15—42:1-8)]; AEGIS' App'x S (Ex. 24) [AEGIS' App'x JJJ (Lane Depo. 58:23-25—59:1-11)]; AEGIS's App'x T (Ex. 25) [AEGIS's App'x GGG (Vazquez Depo. 139:21-25—140:1-12)]; AEGIS' App'x U (Ex. 27) [AEGIS' App'x JJJ (Lane Depo. 78:11-22)]; AEGIS's App'x W (Ex. 30) [AEGIS's App'x GGG (Vazquez | DISPUTED. AEGIS has paid all covered Defense Costs incurred by or on behalf of the D&Os in investigation or defense of the D&O Actions. <br><br> Further, this is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | Depo. 175:22-25—176:1-6)]; AEGIS' App'x X (Ex. 31) [AEGIS' App'x GGG (Vazquez Depo. 177:6-15]; AEGIS's App'x Y (Ex. 32) [AEGIS's App'x JJJ (Lane Depo. 72:1-9)]; AEGIS' App'x Z (Ex. 33) [AEGIS' App'x JJJ (Lane Depo. 87:19-25)]; Thayer Decl. ¶ 22, Ex. 16; Thayer Decl. ¶ 16, Ex.  12 (Vazquez Depo. at 188:17-192:1-21); AEGIS' App'x BB (Ex. 36) [AEGIS' App'x JJJ (Lane Depo. 101:17-25—102:1-5)]; AEGIS' App'x CC (Ex. 37) [AEGIS' App'x JJJ (Lane Depo. 100:12-24)]. | |
| 138. | AEGIS objected to the DEFENSE COSTS, claiming that some fees and costs were incurred for "corporate work" or were "not in defense of a claim," even though the DEFENSE COSTS related to key allegations against the Ds&Os in the D&O Lawsuits, including (i) the cause of the leak and alleged historic safety and maintenance issues at Aliso Canyon, (ii) statements made to the Securities and Exchange Commission ("SEC"), the press, and the public about Aliso Canyon and the leak, (iii) the post-leak resident relocation program, and (iv) the alleged failure to timely report the leak.<br><br>Evidence: AEGIS's App'x Q (Ex. 22 at 11, 14) [AEGIS's App'x KKK (Lane Depo. 15:23-25-16:1-7)]; AEGIS's App'x D (Ex. 8 at 6-7 (¶ 9), 8-14 (¶¶ 17-37), 17 (¶ 46), 20-21 ( (¶ 55, 57 & 58), 22 (¶ 64)) (*Firemen's* | Disputed, as what constitutes "DEFENSE COSTS" as defined by the Policy is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)).<br><br>Undisputed that AEGIS deducted certain amounts from the invoices, because the work was for "corporate work" or was "not in defense of a claim." |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| complaint); AEGIS's App'x D (Ex. 8 at 5 (¶ 5), 29 (¶ 2), 36 (¶¶ 25-27), 38-39 (¶¶  35 & 36), 41 (¶ 45), 44-46 (¶ (¶¶ 56 & 57 & 61 & 66 & 67)) (*Kanter* complaint) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]; AEGIS's App'x E (Ex. 9 at 5 (¶ 7), 7 (¶¶ 16-18), 9 (¶¶ 22-23), 10 (¶¶  27-28), 11 (¶ 30), 16-19 (¶¶ 51-57), 20-21 (¶¶ 61-64)) (*Plumley* complaint); [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]; AEGIS's App'x F (Ex. 10 at 13-14 (¶¶ 39-40), 21-23 (¶¶ 52-59), 24-25 (¶¶66-69), 26 (¶¶ 72-74), 28-29 (¶¶ 85-87), 30-31 (¶ 90), 33 (¶ 99)) (*Shupak* complaint) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]; AEGIS's App'x H (Ex. 12 at 42-43 (¶¶ 3-4), 44-45 (¶¶ 10-11), 46-48 (¶¶ 17 & 19), 49-56 (¶¶ 27-41),  63-66 (¶¶ 63, 66, 68 & 72), 69-76 (¶¶ 83, 85 & 88-99), 77-82 (¶¶ 102, 103, 105-113 & 115), 85 (¶ 123), 87 (¶¶ 127 & 129), 89 (¶ 133); 90-92 (¶¶ 140-143), 95 (¶ 154), 97 (¶ 163)) (*Fischman* complaint) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)];  AEGIS's App'x K (Ex. 16 at 5 (¶ 6), 6 (¶¶ 11 & 16), 16-20 (¶¶ 67-76), 22-34 (¶¶ 88-107 & 111-113), (*Fazio* complaint) [AEGIS App'x HHH (Jett Depo. 77:6-20); AEGIS App'x GGG (Vazquez Depo. 119:1-17)]; AEGIS's App'x N (Ex. 19 at 12-20 (¶¶ 28-48), 23 (¶ 63), 29 (¶ 83), 42-44 (¶¶ 123 & 126)) (*Favors* complaint) [AEGIS App'x GGG | |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| (Vazquez Depo. 123:8-23)]. | |
| 139. AEGIS apparently never reviewed the complaints in the D&O Lawsuits.<br><br>Evidence: Thayer Decl. ¶ 16, Ex 12 (Vazquez Depo. 168:15-169:6). | Disputed because both AEGIS and its coverage counsel did review the complaints filed in the Underlying Action when they were submitted under the Policy for coverage. (*See* Def.'s App'x GGG at 93:3-6; 104:22-105:4); (Def.'s App'x. G at 2-3) (correspondence from AEGIS's counsel summarizing allegations in *Fireman's Fund*, *Kanter*, *Shupak*, and *Plumley* Actions). |
| 140. AEGIS admitted in deposition that it would be reasonable for defense counsel to investigate issues related to the leak, statements made to the SEC, the post-leak relocation program, and the alleged failure to timely notify the authorities of the leak, given the allegations in the complaints.<br><br>Evidence: Thayer, Decl. ¶ 15, Ex 12 (Vazquez Depo. 91:24-92:8, 92:15-25, 94:13-95:5 95:6-25, 96:4-17). | Disputed. Mr. Vazquez testified as follows: Mr. Vazquez was asked, "Do you agree that it would be relevant to defense counsel that is defending the entity and the directors and officers and D&O loss -- in this D&O lawsuit to have basically an understanding of the underlying efforts to kill the leak?" Counsel for AEGIS stated, "Objection. Lacks foundation." Mr. Vazquez stated, "I'd like to see what the initial correspondence is, but it could be helpful."<br><br>Mr. Vazquez was asked, "In order to defend and investigate these complaints, would it be reasonable for Sempra's defense counsel to have conversations with other attorneys or do its own investigation as to whether or not Sempra failed to timely notify the proper |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| | authorities after discovering the well leak?" Counsel for AEGIS stated, "Objection to form.· Assumes facts not in evidence and lacks foundation." Mr. Vazquez stated, "Yes, it could be reasonable.<br><br>Mr. Vazquez was asked, "Would it be prudent for defense counsel to have a basic understanding of how the whole relocation effort worked and what Sempra's role was in the relocation effort in order to defend the cases, the D&O cases?" Counsel for AEGIS stated, "Objection to form. Lacks foundation. Assumes facts not in evidence." Mr. Vaquez responded, "Yes."<br><br>Evidence: Thayer, Decl. ¶ 15, Ex 12 (Vazquez Depo. 91:24-92:8, 92:15-25, 94:13-95:5 95:6-25, 96:4-17) |
| 141. AEGIS also refused to pay anything towards the investigation by the Demand Review Committee ("DRC") of the Derivative Lawsuits, even though that investigation directly led to the dismissal of one Derivative Lawsuit and aided the defense of four other Derivative Lawsuits<br><br>Evidence: Thayer Decl. ¶ 16, Ex 12 (Vazquez Depo. 82:6-13)  Rissier Decl. ¶¶ 17-19, Exs. 1, 7. | Undisputed that AEGIS did not pay for fees incurred by the DRC, but disputed as to the remainder.<br><br>The court's decision in *Fazio* was based upon the allegations in the *Fazio* Lawsuit regarding the DRC, not based upon any factual findings related to the investigation. The *Fazio* decision makes it clear that it was Fazio's failure to "offer any affirmative allegations ***in the Amended Complaint*** that would suggest that the DRC's investigation was carried out in bad |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | | faith," and failure to "**allege any facts** to show that the DRC did not review this extensive list of evidence" that formed the basis of its decision. (Pl.'s Stmt. of Facts ¶ 215.)<br><br>Furthermore, Sempra admits that the *Consolidated Kanter* Lawsuit ultimately was dismissed by the court of appeal because the *Kanter* plaintiffs failed to plead demand futility under California Corporations Code section 800(b)(2), which demonstrates that the case was dismissed because of the allegations plead in the case, rather than the DRC's investigation. (Pl.'s Stmt. of Facts ¶ 229.)<br><br>Evidence: Rissier Decl. ¶ 18, Ex. 7. (facts 229) |
| 142. | AEGIS refused to pay for the fees and expenses incurred on connection with the DRC's investigation, claiming they were "not related to defense of claim/corporate matters,"<br><br>Evidence: AEGIS's App'x Y (Ex. 32 at 6) [AEGIS App'x JJJ (Lane Depo. 72:1-9)]. | Undisputed that AEGIS did not pay for costs associated with the DRC's investigation because they were "not related to defense of claim" and/or were "corporate matters."<br><br>Evidence: AEGIS's App'x Y (Ex. 32 at 6) [AEGIS App'x JJJ (Lane Depo. 72:1-9)]. |
| 143. | AEGIS stated in its Initial Disclosures in this lawsuit that the fees and costs incurred in connection with the DRC's investigation were INVESTIGATIVE EXPENSE, excluded from the | Disputed. AEGIS stated in its Initial Disclosures that AEGIS did not pay amounts "related to investigations of shareholder derivative demands (the "Shareholder Investigation") by |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| definition of DEFENSE COSTS.<br><br>Evidence: Thayer Decl. ¶ 23, Ex. 17. | the Demand Review Committee and a Special Matters Committee (the "Committees") that are not covered by the Policy."<br><br>Evidence: Thayer Decl. ¶ 23, Ex. 17. |
| 144. At the time the DRC was formed on May 11, 2016, there was already a CLAIM under the Policy.<br><br>Evidence: Thayer Decl. ¶ 16, Ex 12 (Vazquez Depo. 157:7-158:6); AEGIS's App'x D (Ex. 8) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]; AEGIS's App'x G (Ex. 11) [ AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2, 104:8-25—105:1, 105:22-25—106:1-13, 114:20-25—115:1-12, 119:1-17, 120:17-25—121:1-8)]; AEGIS's App'x LL (Ex. 71) [AEGIS's App'x FFF (Muck Depo. 127:11-24—128:1-15)]; AEGIS's App'x K (Ex. 16) [AEGIS's App'x HHH (Jett Depo. 77:6-20)]; AEGIS's App'x H (Ex. 12) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]; AEGIS's App'x F (Ex. 10) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]; AEGIS's App'x L (Ex. 17) [AEGIS's App'x GGG (Vazquez Depo. 120:17-25—121:1-8)]. | Disputed, as what constitutes a "CLAIM" under the Policy is a legal issue that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 145. The Derivative Lawsuits and many of the civil lawsuits filed against the Insureds in the *Leak Cases* contained allegations that the Ds&Os did not | Disputed as to the reliance upon the exhibits that are the subject of AEGIS's Objections to Evidence. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| provide adequate oversight over Aliso Canyon or the handling of the leak or potentially named the Ds&Os as DOE defendants. <br><br> Evidence: Declaration of Gary Greenfield in Support of Plaintiffs Opposition to AEGIS's Motion for Summary Judgment ("Greenfield Decl.") ¶ 22; Request for RFJN ¶ 1, Ex. 1 at 22-23, 26, 29  (¶¶ 51, 53, 68, & 84); RFJN ¶ 3, Ex. 3 at 119 (¶ 113); RFJN ¶ 4, Ex. 4 at 138-139 (¶ 11) RFJN ¶ 5, Ex. 5 at 158 (¶ 38); AEGIS's App'x D (Ex. 8 at 5 (¶ 5) (*Kanter* complaint) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]; AEGIS's App'x F (Ex. 10 at 14 (¶ 40.d.) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | *See, e.g.,* ¶¶ 1, 2, 5, 6. <br><br> Undisputed that the Derivative Lawsuits contained allegations that the Ds&Os did not provide adequate oversight over Aliso Canyon or the handling of the leak. |
| 146. The Policy does not define "reasonable fees and expenses," "investigation" or "defense." <br><br> Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:3-17, 161:21-162:9); AEGIS's App'x V (Ex. 28 at §VI) (Policy) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3)]. | Disputed, as the interpretation of the Policy is a legal issue that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 147. ████████████████████████████ | Disputed. This is what they actually testified to: <br><br> ████████████████████████████ |

137
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
|  Evidence: Thayer Decl. ¶ 18, Ex. 14 (Murnane Depo. 117:19-119:8, 123:16-124:5); AEGIS App'x GGG (Vazquez Depo. 160:3-17). | <br><br>Evidence: Thayer Decl. ¶ 18, Ex. 14 (Murnane Depo. 117:19-119:8, 123:16-124:5); Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:3-17). |
| 148. <br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:16-17). | Disputed. This is what they actually testified to: |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | | <br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:3-17). |
| 149. | AEGIS could not define the terms "investigation" or "defense," other than to refer Sempra to "Websters." Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:9-11, 161:21-162:9). | Disputed. This is what they actually testified to:<br><br>Mr. Vazquez was asked, "And let's go down and talk about defense costs. So the provision covers all reasonable fees and expenses incurred by or on behalf of the directors and officers in the investigation, negotiation, settlement, or defense of a claim. What does investigation mean?" In response, he stated, "I'm assuming it's the Websters definition."<br><br>Mr. Vazquez was then asked, "AEGIS doesn't have a specific understanding of what is included in investigation?" Counsel for AEGIS then stated, "Object to form." Mr. Vazquez then stated, "It's not a word that's defined in the policy |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| | so..."<br><br>Mr. Vazquez was asked, "What does defense mean in this provision?" Counsel for AEGIS objected, "Document speaks for itself." Mr. Vazquez then stated, "The word 'defense' is not defined in the policy, so Websters definition of defense makes sense."<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. 160:3-17). |
| 150. AEGIS did not pay the DEFENSE COSTS within 60 days of receipt of the invoices.<br><br>Evidence: Thayer Decl. ¶¶ 5-13, Exs. 2, 3-9, 16. | Disputed. AEGIS has paid all covered Defense Costs incurred by or on behalf of the D&Os in investigation or defense of the D&O Actions. |
| 151. On October 23, 2015, SoCalGas discovered a leak near a natural gas storage well at its Aliso Canyon natural gas storage facility. Shortly thereafter, the Insureds were sued in numerous lawsuits filed by, among others, (1) individual plaintiffs who sought damages for bodily injury and property damage, (2) property developers, (3) businesses, and (4) government entities, including the Los Angeles District Attorney.<br><br>Evidence: Rissier Decl. ¶ 5. | Undisputed. |
| 152. Several of the Ds&Os were named as defendants in the *Toll Brothers* lawsuit, a lawsuit brought by property | Undisputed. |

140

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| developers against the Insureds after the October 2015 leak at Aliso Canyon.<br><br>Evidence: RFJN ¶ 2, Ex. 2. | |
| 153. Hundreds of complaints were filed against the Insureds in the *Leak Cases*, including the Second Amended Consolidated Master Class Action Property Complaint and the Third Amended Consolidated Complaint for Individual Actions, the operative complaint for the over 35,000 Individual tort plaintiffs who sought damages for, among other things, negligence and fraudulent concealment arising out of the Leak and alleged negligence maintenance and oversight at Aliso Canyon contained numerous allegations against the Ds&Os and potentially identified the Ds&Os as DOE defendants.<br><br>Evidence: Rissier Decl. ¶¶ 1, 3, Ex. 1 at 22-23, 26, 29  (¶¶ 51, 53, 68, & 84); RFJN ¶ 3, Ex. 3 at 119 (¶ 113); RFJN ¶ 4, Ex. 4 at 138-139 (¶ 11) RFJN ¶ 5, Ex. 5 at 158 (¶ 38). | Disputed due to the reliance upon the exhibits that are the subject of AEGIS's Objections to Evidence. *See, e.g.,* ¶¶ 3, 4, 6. |
| 154. On February 11, 2016, the first Derivative Lawsuit, *Firemen's Retirement Systems v. Reed,* was filed.<br><br>Evidence: AEGIS's App'x (Ex. 8 at 2) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| The *Firemen's* plaintiff alleged that the directors and officers breached their fiduciary duties in connection with the leak, potentially exposing Sempra to billions of dollars in liability and expenses as well as damage to its reputation.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 4 (¶1), 7 (¶10), 21 (¶59) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. 155. | Disputed in part. Undisputed that the *Firemen's* plaintiff alleged that the directors and officers breached their fiduciary duties in connection with the leak. Disputed that the complaint potentially exposed "Sempra to billions of dollars in liability and expenses as well as damage to its reputation," as that is a legal issue that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 156.  The *Firemen's* plaintiff alleged that the director and officer defendants "either knew, [were] reckless, or [were] grossly negligent in not knowing that the Well was unsafe and Sempra lacked an appropriate contingency plan in the event of a leak at the Well."<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 8-14 (¶¶17-37)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed that the *Firemen's* plaintiff made these allegations in the *Firemen's* complaint. |
| 157. The *Firemen's* plaintiff also alleged that the director and officer defendants "caused or allowed Sempra to fail to timely provide adequate temporary housing to the thousands of affected | Undisputed that the *Firemen's* plaintiff made these allegations in the *Firemen's* complaint. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| residents, despite specific orders from the Health Department instructing Sempra to do so." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 8-14 (¶¶17-37)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | |
| 158. The *Firemen's* plaintiff also alleged that the directors and officer defendants were obligated to "ensure that the Sempra Companies complied with their legal obligations and requirements, including complying with all state and federal laws concerning natural gas storage and leak response" and "remain informed as to how Sempra and/or SoCalGas conducted operations, and, upon receipt of notice of information of imprudent or unusual conditions or practices, make reasonable inquiries in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as necessary to comply with applicable laws." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 15-16 (¶42 (a) & (c)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed, except that it stated, ""remain informed as to how Sempra and/or SoCalGas conducted operations, and, upon receipt of notice of information of imprudent or unsound conditions or practices, make reasonable inquiries in connection therewith, and to take steps to correct such conditions or practices and make such disclosures as necessary to comply with applicable laws." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 15-16 (¶42 (a) & (c)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. |
| 159. The *Firemen's* plaintiff alleged that the director and officer defendants breached their duties by, among other things "(i) fail[ing] to timely notify the proper authorities after discovering the | Undisputed. |

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | Well leak; (ii) fail[ing] to install a safety valve on the Well; (iii) [causing SoCalGas to] continuously pollute the air and ground water; (iv) [causing SoCalGas to] expose thousands of local residents to toxic gases and harmful chemicals; and (v) fail to timely provide affected residents with adequate temporary housing." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 14 (¶46)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | |
| 160. | The *Firemen's* plaintiff alleged that Sempra's "Board is responsible for risk oversight at Sempra, including with respect to natural gas storage and management." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 20 (¶56)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |
| 161. | The *Firemen's* plaintiff also alleged that the director defendants were "aware of the tremendous environmental, public health, and financial risks posed by the Well, yet failed to take meaningful action to prevent significant harm . . . . [which] caused or allowed Sempra to: (i) fail to safely maintain the Well; (ii) fail to timely notify the proper authorities upon discovery of the gas leak; (iii) fail to timely initiate its contingency plan for plugging the Well; (iv) fail to timely provide adequate temporary housing to thousands of gas leak | Undisputed, except that the quoted language in paragraph 161 contained an additional word. Instead, the original language of the complaint states, "(ii) fail to timely notify proper authorities upon discovery of the gas leak[.]" <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 21 (¶ 58)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. |

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| victims in the area surrounding the Well; and (v) cause significant damage to the environment." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 21 (¶ 58)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | |
| 162. The *Firemen's* complaint contained numerous allegations about statements allegedly made by the directors and officers and by Sempra in Sempra's filings with the Securities and Exchange Commission regarding, among other things, SoCalGas' natural gas storage wells, including the alleged potential risk in operating natural gas wells, and the Aliso Canyon gas leak. <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 6-7 (¶9), 20-21 (¶¶ 55 & 57), 22 (¶ 64)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |
| 163. The *Firemen's* plaintiff sought, among other things, damages and an order directing Sempra to allow the stockholders to vote on "a proposal to create a Board level committee to oversee well safety and well failure contingency planning." <br><br> Evidence: AEGIS's App'x D (Ex. 8 at 25-26 (¶ B.4)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |
| 164. On February 23, 2016, the second Derivative Lawsuit, *Kanter v. Reed,* | Undisputed. <br><br> <u>Evidence</u>: AEGIS's App'x D at |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| was filed.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 28) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Page ID #:1690, 1708. |
| 165. The *Kanter* plaintiff alleged that Sempra's Directors "failed to ensure that Aliso Canyon was operated and maintained properly to prevent leaks of noxious odors, hazardous gases, chemicals, pollutants, and contaminants into the air causing health and safety problems."<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 30 (¶ 5)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |
| 166. The *Kanter* plaintiff alleged that the director defendants also likely would be named as the Doe defendants identified in a number of the civil negligence lawsuits arising out of the leak.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 30 (¶ 4), 32-35 (¶¶ 13-24), 40 (¶ 40), 45 (¶62)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |
| 167. The *Kanter* complaint also contained allegations regarding statements made in Sempra's SEC filings.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 29 (¶ 3), 39-40 (¶ 38), 41 (¶ 45)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 168. The *Kanter* complaint also contained allegations about the history of the Aliso Canyon storage field, the potential cause of the leak, and alleged safety issues at the field, which were the subject of the government-ordered Root Cause Analysis.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 29 (¶ 2); 36 (¶ 25-27), 38-39 (¶¶ 35-36), 41 (¶ 45); 44-46 (¶¶ 56-57, 61, 66, 67)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. | Undisputed, except as to the statement about the Root Cause Analysis, as the cited evidence does not contain allegations related to that issue.<br><br>Evidence: AEGIS's App'x D (Ex. 8 at 29 (¶ 2); 36 (¶ 25-27), 38-39 (¶¶ 35-36), 41 (¶ 45); 44-46 (¶¶ 56-57, 61, 66, 67)) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]. |
| 169. On February 29, 2016, a securities class action, *Plumley v. Sempra Energy,* was filed against Sempra and two of its officers.<br><br>Evidence: AEGIS's App'x E (Ex. 9 at 3) [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]. | Undisputed. |
| 170. The *Plumley* plaintiffs alleged that the individual defendants violated the federal securities laws in connection with the Aliso Canyon leak and resulting civil lawsuits by, among other things, allegedly making "materially false and misleading statements regarding [Sempra's] business, operations . . . and internal controls" to the public and to the Securities and Exchange Commission.<br><br>Evidence: AEGIS's App'x E (Ex. 9 at 5 (¶ 7)) [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]. | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| 171. | The *Plumley* complaint contains numerous allegations about allegedly misleading statements made by Sempra, and approved by the individual defendants, to the public and the press.<br><br>Evidence: AEGIS's App'x E (Ex. 9 at 8 (¶ 21), 10-11 (¶¶ 29-30), 15 (¶ 48), 16-20 (¶¶ 51-55, 60-62)) [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]. | Undisputed. |
| 172. | The *Plumley* complaint also alleged that Sempra made misleading statements in its SEC filings, which were reviewed and approved by the individual defendants.<br><br>Evidence: AEGIS's App'x E (Ex. 9 at 5 (¶ 7), 7 (¶¶ 16-18); 9-11 (¶¶ 22-23, 27-28, 30), 16-21 (¶¶ 51-57, 61-64)) [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]. | Undisputed. |
| 173. | On March 14, 2016, the third Derivative Lawsuit, *Shupak v. Reed,* was filed against the Ds&Os.<br><br>Evidence: AEGIS's App'x F (Ex. 10 at 3) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 174. | Shupak alleged that "[a]s a result of the [Ds&Os's] wrongful conduct, [the Insureds] allowed the Leak to begin, failed to repair the Leak in a timely manner, failed to provide for the residents affected by the leak in an adequate and timely manner, and | Undisputed. |

148

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| disseminated false and misleading statements." <br><br> Evidence: AEGIS's App'x (Ex. 10 at 26 (¶ 72)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | |
| 175. Shupak also alleged that the director and officer defendants were required to "ensure that [Sempra and SoCalGas] complied with their legal obligations and requirements, including . . . disseminating truthful and accurate statements to the SEC, other government agencies, and the investing public and complying with all state and federal laws concerning natural gas storage and leak response." <br><br> Evidence: AEGIS's App'x F (Ex. 10 at 13 (¶ 39-40)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 176. Shupak also alleged that the director and officers defendants were obligated to "remain informed as to how [Sempra and SoCalGas] conducted their operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make reasonably inquiry in connection therewith, and take steps to correct such conditions or practices and make such disclosures as necessary to comply with federal and state laws." <br><br> Evidence: AEGIS's App'x F (Ex. 10 at 14 (¶ 40.d)) [AEGIS's App'x GGG | Undisputed. |

149
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| (Vazquez Depo. 104:8-25—105)]. | |
| 177. Shupak also alleged that the director and officer defendants' alleged wrongful acts "have subjected Sempra and SoCalGas to at least 83 negligence-related lawsuits, criminal charges, the [*Plumley* lawsuit], several lawsuits brought by city and state agencies, and a federal government investigation." <br><br> Evidence: AEGIS's App'x (Ex. 10 at 26 (¶ 73)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 178. Shupak also alleged that as a result of the director and officer defendants' alleged wrongful acts, Sempra and SoCalGas likely will face billions of dollars in loss, including legal and settlement fees and lost gas from the leak. <br><br> Evidence: AEGIS's App'x (Ex. 10 at 26 (¶¶ 73-74), 29 (¶ 89), 31 (¶ 100)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 179. The *Shupak* complaint also contained numerous allegations regarding the history of the Aliso Canyon natural gas storage facility and the October 2015, leak, which was the subject of the government-ordered Root Cause Analysis. <br><br> Evidence: AEGIS's App'x (Ex. 10 at 21-23 (¶¶ 52-59), 24 (¶ 66), 26 (¶ 72), 28 (¶ 85), 33 (¶ 99)) [AEGIS's App'x | Undisputed, except as to the statement about the Root Cause Analysis, as the cited evidence does not contain allegations related to that issue. <br><br> Evidence: AEGIS's App'x (Ex. 10 at 21-23 (¶¶ 52-59), 24 (¶ 66), 26 (¶ 72), 28 (¶ 85), 33 (¶ 99)) [AEGIS's App'x GGG (Vazquez Depo. 104:8- |

150

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| GGG (Vazquez Depo. 104:8-25—105)]. | 25—105)]. |
| 180. The *Shupak* complaint also contained numerous allegations about statements made by Sempra, and approved by the director and officer defendants, in Sempra's filings with the SEC.<br><br>Evidence: AEGIS's App'x (Ex. 10 at 24 (¶ 68), 26 (¶¶ 73-74), 28-30 (¶¶ 85-87, 90)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 181. Shupak also alleged that Sempra and SoCalGas' delay in providing temporary relocation for residents impacted by the natural gas leak at Aliso Canyon was due, in part, "to the Board's intimate connections with high-ranking state officials."<br><br>Evidence: AEGIS's App'x F (Ex. 10 at 24-25 (¶¶ 67, 69) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 182. Shupak also alleged that certain of the director defendants likely also faced liability in the related negligence cases in the *Leak Cases* as DOE defendants.<br><br>Evidence: AEGIS's App'x F (Ex. 10 at 29-30 (¶¶ 88-90) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | Undisputed. |
| 183. Shupak also alleged that the directors and officers' insurance that is the subject of this lawsuit is relevant to | Undisputed. |

151
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| the determination of whether demand on the board was futile.<br><br>Evidence: AEGIS's App'x F (Ex. 10 at 32-33 (¶¶ 92-94)) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105)]. | |
| 184. On April 25, 2016, the fourth Derivative lawsuit, *Fischman v. Reed,* was filed.<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 3) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed. |
| 185. Fischman alleged that the Ds&Os breached their fiduciary duties to the Insureds by "knowingly causing the Company to underspend on safety measures and remediation efforts at the Company's Aliso Canyon underground storage wells . . . leading to a massive natural gas leak which existed for years at the well but was first discovered in October 2015."<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 38 (¶ 1) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed. |
| 186. The *Fischman* complaint contained numerous allegations based on statements made in Sempra's SEC disclosures, which allegedly were "reviewed, approved, and signed" by certain of the director defendants.<br><br>Evidence: AEGIS's App'x H (Ex. 12 | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| at 39-40 (¶¶ 3-4), 44-45 (¶ 19), 60-61 (¶¶ 66, 68), 63 (¶ 72), 74-80 (¶¶ 103, 105-108, 11, 115), 84-87 (¶¶ 127, 129, 133, 140)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | |
| 187. Fischman alleged that "[a]s a direct result of the Director Defendants' breaches of their fiduciary duties, SoCalGas [and Sempra]" were named in "over 83 lawsuits, many of which name . . . Does 100, who likely will include the Director Defendants, including *State v.* SoCalGas which explicitly describes the Director Defendants as the Does that will ultimately be named. Evidence: AEGIS's App'x H (Ex. 12 at 82-83 (¶ 124) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed, except the quote stated "Does 1-100." Evidence: AEGIS's App'x H (Ex. 12 at 82-83 (¶ 124) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. |
| 188. Fischman also alleged that the director and officer defendants "caused the Company to issue false and misleading statements regarding the leak" and referred to a number of allegedly misleading statements made to the press. Evidence: AEGIS's App'x H (Ex. 12 at 41-42 (¶ 10), 60 (¶ 63), 67 (¶ 85), 88 (¶141)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed. |
| 189. Fischman alleged that the director and | Undisputed. |

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| officer defendants' actions "cost the Company more than $50 million in remediation costs" and "have exposed the Company to billions of dollars in potential liability for violations of state and federal law."<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 40 (¶4); *See also* AEGIS's App'x H (Ex. 12 at 84 (¶ 127), 86 (¶ 136), 92-93 (¶¶ 154, 156)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | |
| 190. Fischman also alleged that the director and officer defendants were responsible for Sempra and/or SoCalGas' failure "to timely notify the proper authorities after discovering the Well leak," which was the subject of the criminal misdemeanor lawsuit brought against SoCalGas arising out of the 2015 leak.<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 60 (¶ 63), 66-67 (¶ 123), 94 (¶ 163)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed that the Fischman complaint included the quoted language, but disputed that Fischman included allegations in the cited provisions regarding the subject of the criminal misdemeanor lawsuit brought against SoCal Gas.<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 60 (¶ 63), 66-67 (¶ 123), 94 (¶ 163)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. |
| 191. The *Fischman* complaint also contained numerous allegations about the post 2015, leak temporary relocation program for residents who lived near Aliso Canyon, including allegations that the director and officer defendants' alleged breaches of their fiduciary duties resulted in the Los Angele County Department of Public Health's order requiring SoCalGas to | Undisputed, except there was a typographical error in "Los Angeles." |

154
DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | provide temporary relocation to residents.<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 42-43 (¶ 11, 17), 46-55 (¶¶ 27-41, 43-48), 60 (¶ 63), 74 (¶ 102), 82 (¶ 123), 92 (¶ 154)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | |
| 192. | The *Fischman* complaint also contained numerous allegations about the history of the Aliso Canyon facility, including allegations of negligent maintenance and management of the site, which allegedly resulted in "a time bomb that the [director and officer defendants" knew would eventually go off."<br><br>Evidence:  AEGIS's App'x H (Ex. 12 at 42-43 (¶ 13), 46-55 (¶¶ 27-41, 43-48), 60 (¶ 63), 62 (¶¶ 69-70), 64-73 (¶¶ 73-82, 85-101), 80 (¶ 116), 82 (¶ 123), 88-89 (¶¶ 141, 143), 92-94 (¶¶ 154-156, 163)) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | Undisputed. |
| 193. | The *Fischman* complaint also contained a number of allegations concerning statements made to the California Public Utilities Commission ("CPUC") by Sempra and/or SoCalGas regarding Aliso Canyon and the October 2015 leak, including allegations that the director and officer defendants were aware of the statements and/or admissions made | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| to the CPUC.<br><br>Evidence: AEGIS's App'x H (Ex. 12 at 68-73 (¶¶ 88-99), 77-79 (¶ 108-113), 88-89 (¶¶ 142-143) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]. | |
| 194. On March 1, 2017, the fifth Derivative Lawsuit, *Fazio v. Reed,* was filed.<br><br>AEGIS's App'x K (Ex. 16 at 2) [AEGIS App'x HHH (Jett Depo. 77:6-20)].<br><br>Evidence: | Undisputed. |
| 195. The *Fazio* lawsuit was the only one of the Derivative Lawsuits that was preceded by a shareholder derivative demand letter.<br><br>Evidence: AEGIS's App'x K (Ex. 16 at 44-48) [AEGIS App'x HHH (Jett Depo. 77:6-20)]; AEGIS's App'x D (Ex. 8 at 22 (¶ 63); AEGIS's App'x AEGIS's App'x D (Ex. 8 at 44 (¶ 54) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]; AEGIS's App'x F (Ex. 10 at 27-28 (¶ 81, 83-85) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105:1)]; AEGIS App'x H (Ex 12 at 87-91 (¶¶140-148)[AEGIS's App'x (Vazquez Depo. 114:20-25—115:1-12)]; AEGIS's App'x N (Ex. 19 at 47-50 (¶¶ 140-149) [AEGIS's App'x GGG (Vazquez Depo. 123:8-23)]. | Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| 196. | The *Fazio* demand letter was sent after several Derivative Lawsuits had already been filed alleging that a demand of the board would have been futile because the board was not disinterested.<br><br>Evidence: AEGIS's App'x D (Ex. 8) [AEGIS's App'x GGG (Vazquez Depo. 92:12-24—93:1-2)]; AEGIS's App'x F (Ex. 10) [AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105:1)]; AEGIS's App'x LL (Ex. 71) [AEGIS's App'x FFF (Confidential Muck Depo. 127:11-24—128:1-15)]. | Disputed that the evidence establishes the facts asserted. |
| 197. | *Fazio* alleged that the Ds&Os "made a broad range of false and misleading statements concerning the Aliso Canyon facility's safety, maintenance and infrastructure, as well as Sempra's capabilities and policies regarding the plugging of any leaks" to the CPUC, the public, press, and SEC.<br><br>Evidence: AEGIS's App'x K (Ex. 16 at 5-6 (¶¶ 6, 11, 16), 22-33 (¶¶ 88-107, 111-113)). | Undisputed. |
| 198. | The *Fazio* complaint also alleged that Sempra and SoCalGas were "named as defendants in at least 138 lawsuits, including one for criminal conduct," "due in part to Defendants' [including the director and officer defendants] false and misleading statements.<br><br>Evidence: AEGIS's App'x K (Ex. 16 at 6 (¶ 16)) [AEGIS App'x HHH (Jett | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| Depo. 77:6-20)]. | |
| 199. The *Fazio* complaint contained numerous allegations regarding statements made to the CPUC regarding Aliso Canyon<br><br>Evidence: AEGIS's App'x K (Ex. 16 at 16-20 (¶¶ 67-71), 22-25 (¶¶ 88-91)) [AEGIS's App'x HHH (Jett Depo. 77:6-20)]. | Undisputed. |
| 200. The Stapleton Demand Letter, in August 2016, but it did not result in a subsequent derivative lawsuit.<br><br>Evidence: Muck Decl. ¶ 6. | Disputed because it is not clear what is intended by this sentence because it appears to be missing words. |
| 201. On June 7, 2017, the sixth Derivative Lawsuit, *Favors v. Reed,* was filed<br><br>Evidence: AEGIS's App'x N (Ex. 19 at 3) [AEGIS's App'x GGG (Vazquez Depo. 123:8-23)]. | Undisputed. |
| 202. *Favors* alleged that the Ds&Os "either knew, [were] reckless, or [were] grossly negligent in not knowing that the Well was unsafe and Sempra lacked an appropriate contingency plan in the event of a leak at the Well."<br><br>Evidence: AEGIS's App'x N (Ex. 19 at 12-20 (¶¶ 28-48)) [AEGIS's App'x GGG (Vazquez Depo. 123:8-23)]. | Undisputed. |
| 203. Sempra and the Ds&Os obtained dismissals with prejudice in the D&O | Undisputed that there were dismissals entered in the D&O Lawsuits, but the remainder is a |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| Lawsuits.<br><br>Evidence: Rissier Decl. ¶ 19. | legal issue that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 204. On May 11, 2016, in response to the Derivative Lawsuits and the two shareholder demand letters, Sempra's board of directors appointed two independent directors to serve on the DRC to review, investigate, and determine the appropriate response to the shareholder demands and the Derivative Lawsuits.<br><br>Evidence: Muck Decl. ¶ 7; AEGIS's App'x II (Ex. 54 at 2) [AEGIS's App'x FFF (Muck Depo. 93:4-24—95:1-3)]. | Undisputed that the Board Resolution that Sempra cited states, "Whereas, on May 11, 2016, the Board appointed independent directors William C. Rusnack and Alan L. Boeckmann to serve on the Demand Review Committee (the "Committee") to review, investigate, and make a recommendation to the Board in accordance with California law, as to what actions, if any, are necessary or appropriate and in the best interest of Sempra and its shareholders in light of the Demands and Derivative Actions, including whether to assert the claims made in the Demands and Derivative Actions[.]<br><br>Evidence: AEGIS's App'x II (Ex. 54 at 2) [AEGIS's App'x FFF (Muck Depo. 93:4-24—95:1-3)]. |
| 205. The DRC's outside counsel investigated the allegations of the Derivative Lawsuits and the | Undisputed. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| shareholder demands.<br><br>Evidence: Muck Decl. ¶ 10. | |
| 206. As the court in the *Leak Cases* summarized in its order dismissing the *Fazio* lawsuit with prejudice, the DRC's investigation included (i) interviews of 24 witnesses; (ii) the review and an analysis of 235 depositions taken in connection with the 35,000 individual claims and 250 business claims in the *Leak Cases*, including 7,500 deposition exhibits; (iii) the review of 148,000 documents from among over 3,000,000 produced in the *Leak Cases*; (iv) extensive legal and factual research and analysis of standards, cases, statutes of limitations, potential witnesses, and precedents applicable to the claims and potential claims against the directors and officers named in the Derivative Lawsuits and the demand letters; and (v) monitoring the *Leak Cases* and other Aliso Canyon leak-related proceedings, including reviewing court submissions and attending proceedings.<br><br>Evidence: Rissier Decl. ¶ 17, Ex. 1. | Disputed in part. The court in the Fazio decision stated that "Plaintiff however fails to offer any affirmative allegations in the Amended Complaint that would suggest that the DRC's investigation was carried out in bad faith or constitutes an unreasonable failure to investigate material facts." The court then notes that the "Board Resolution specifically notes that the DRC did as follows as part of its investigation" and included much of the items noted in Sempra's paragraph 206. That list, however, did not include a reference to 35,000 individual claims, 250 business claims, or a reference to 3,000,000 documents that were produced, which Sempra included in paragraph 206. Furthermore, the list the court described was a summary of the Board's Resolution describing the investigation, rather than factual findings as to what was done in the investigation.<br><br>Evidence: Rissier Decl. ¶ 17, Ex. 1 at 9. |
| 207. The depositions the DRC reviewed in connection with its investigation included depositions of certain of the Ds&Os. | Undisputed. |

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| Evidence: Muck Decl. ¶ 15. | |
| 208. The more than 3,000,000 documents produced in the *Leak Cases* were made available to the DRC's counsel in connection with their independent investigation of the Derivative Lawsuits.<br><br>Evidence: Muck Decl. ¶ 14; Rissier Decl. ¶ 8, 10-11. | Undisputed that more than 3,000,000 documents were produced in the *Leak Cases* that were made available to the DRC's counsel.<br><br>Disputed that the DRC's counsel was conducting an "independent investigation of the Derivative Lawsuits," as it is unclear what is meant by this language and whether this is intended to interpret to provide an interpretation of some of the Policy language, which would be inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)).<br><br>Evidence: Muck Decl. ¶ 14; Rissier Decl. ¶ 8, 10-11. |
| 209. After completing its investigation, the DRC "concluded that it [was] not in Sempra's best interest to pursue any claims [against the Ds&Os] based on the allegations contained in the Demands and Derivative Actions."<br><br>Evidence: Muck Decl. ¶ 23; AEGIS's App'x II (Ex. 54 at 2) [AEGIS's | Undisputed. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| App'x FFF (Muck Depo. 93:4-24—95:1-3)]. | |
| 210. On February 22, 2022, Sempra's board adopted the DRC's recommendation and formally resolved to reject the Demands and seek dismissal of the remaining Derivative Lawsuits, including the *Fazio* Lawsuit.<br><br>Evidence: Muck Decl. ¶ 24; AEGIS's App'x II (Ex. 54 at 2) [AEGIS's App'x FFF (Muck Depo. 93:4-24—95:1-3)]. | Undisputed. |
| 211. The DRC's investigation and conclusion were instrumental to the dismissal of the *Fazio* Lawsuit and helpful in obtaining the dismissal of the *Consolidated Kanter* Lawsuit.<br><br>Evidence: Rissier Decl. ¶¶ 17, 18, Exs. 1, 7. | Disputed. The court's decision was based upon the allegations in the *Fazio* Lawsuit regarding the DRC, not based upon any factual findings related to the investigation. The *Fazio* decision makes it clear that it was Fazio's failure to "offer any affirmative allegations ***in the Amended Complaint*** that would suggest that the DRC's investigation was carried out in bad faith," and failure to "***allege any facts*** to show that the DRC did not review this extensive list of evidence" that formed the basis of its decision. (Pl.'s Stmt. of Facts ¶ 215.) |
| 212. On June 23, 2022, Fazio filed an Amended Complaint, which specifically challenged the DRC's investigation by alleging, among other things that "neither Plaintiff nor the | Disputed. Aegis objects to the Rissier Declaration for the reasons set forth in paragraph 3 of AEGIS's Objections to Evidence Cited by |

162

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | Court can reasonably conclude that the DRC's investigation was independent, adequate, or performed in good faith." <br><br> <u>Evidence</u>: Rissier Decl. ¶ 14, Ex. 3. | Plaintiff. <br><br> Notwithstanding the objection, undisputed that Fazio filed an Amended Complaint, which alleged that "neither Plaintiff nor the Court can reasonably conclude that the DRC's investigation was independent, adequate, or performed in good faith." <br><br> <u>Evidence</u>: Rissier Decl. ¶ 14, Ex. 3. |
| 213. | On July 26, 2022, the Insureds filed a demurrer to the *Fazio* Amended, which the Ds&Os joined, wherein the Insureds argued that absent allegations showing that the board acted in bad faith by refusing Fazio's demand, Fazio was not entitled to the extraordinary relief of taking control of litigation decisions from the Board. <br><br> <u>Evidence</u>: Rissier Decl. ¶ 15, Exs. 4-5. | Disputed. Aegis objects to the Rissier Declaration for the reasons set forth in paragraph 3 of AEGIS's Objections to Evidence Cited by Plaintiff. <br><br> Notwithstanding the objection, undisputed that on July 26, 2022, the Insureds filed a demurrer to the *Fazio* Amended Complaint, in which the Ds&Os joined. <br><br> <u>Evidence</u>: Rissier Decl. ¶ 15, Exs. 4-5. |
| 214. | On September 14, 2022, Fazio filed his opposition to the Insureds' demurrer.  In the opposition, Fazio based his opposition to the demurrer on three alleged "material shortcomings" of the DRC's investigation.  Specifically, Fazio argued that the DRC's investigation was insufficient and could not "support a presumption that the DRC's investigation was reasonable and performed in good faith because | Disputed. Aegis objects to the Rissier Declaration for the reasons set forth in paragraph 3 of AEGIS's Objections to Evidence Cited by Plaintiff. <br><br> Notwithstanding the objection, undisputed that on September 14, 2022, Fazio filed his opposition to the Insureds' demurrer. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL
FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| (1) the identity of each of the 24 witnesses interviewed by the DRC [was] not disclosed; (2) the DRC did not memorialize its findings in a document provided to Fazio; and (3) over the six-year period that the DRC conducted its investigation, the membership of the DRC did not remain constant." <br><br> Evidence: Rissier Decl. ¶ 16, Ex. 6. | Evidence: Rissier Decl. ¶ 16, Ex. 6. |
| 215. On November 30, 2022, The *Fazio* court sustained the demurrer without leave to amend because Fazio did not "offer any suggestions for how he might allege facts tending to establish bad faith or an unreasonably inadequate investigation by the DRC." The court addressed Fazio's challenge to the DRC's investigation, noting the "extensive list of evidence" reviewed by the DRC, and finding, among other things: <br><br> • "Plaintiff however fails to offer any affirmative allegations in the Amended Complaint that would suggest that the DRC's investigation was carried out in bad faith or constitutes an unreasonable failure to investigate material facts." <br><br> • "Plaintiff does not allege any facts to show that the DRC did not review this extensive list of evidence." | Undisputed, except that the Court in *Fazio* focused on Plaintiffs' allegations regarding the DRC's investigation (and the documents attached to the complaint related to that investigation) rather than making any findings of fact related to the investigation. In particular, the Court noted that "Plaintiff does not allege any facts to show that the DRC did not review this extensive list of evidence." <br><br> Evidence: Rissier Decl. ¶ 17, Ex. 1. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| • "Accordingly, there is nothing in the Board Resolution that would remotely suggest that the DRC's investigation was conducted in bad faith or was unreasonably deficient."<br><br>• "In order to defeat the presumption of the business judgment rule that the DRC's investigation was proper, it is Plaintiff who must provide affirmative allegations of facts that, if true, would establish bad faith or an unreasonable failure by the DRC to investigate material facts.  Plaintiff has failed to do so."<br><br>• "The evidence cited by the DRC as justifying its conclusion is far more extensive than that detailed by the committee in [case cited by Fazio], where the committee merely noted that its investigation 'included extensive document review and interview of 17 individuals."<br><br>• "[T]he Board specifically relied on the DRC's investigation and recommendation when deciding to refuse Plaintiff's demand."<br><br><u>Evidence</u>: Rissier Decl. ¶ 17, Ex. 1; Muck Decl. ¶ 25, Ex. 4. | |
| 216. ███████████████████████ | Undisputed in part. █████████ hat the SMC charter stated that the |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| |

Evidence: AEGIS's App'x MM (Ex. 74) [AEGIS's App'x HHH (Jett Depo. at 48:4-24 – 49:1011, 53:14-24 - 54:1-6 )]; Griffith Decl. ¶ 4, Ex. C (Plumley Order); AEGIS's App'x OO (Ex. 75 at 1) [AEGIS's App'x HHH (Jett Depo. 53:14-24—54:1-6)]. | SMC "shall independently . . . examine and review, in conjunction with management, consultants, legal counsel and/or other advisors or experts . . . the facts and circumstances related to the Special Matters[.]" The Charter does not refer to the "Aliso Canyon leak and resulting litigation, including the D&O Lawsuits" and, instead, refers only to the "Special Matters," which were not defined in the Charter.

Evidence: AEGIS's App'x OO. |
| 217. | On March 24, 2016, AEGIS's counsel responded to Sempra's notice of the Derivative Lawsuits, stating:

In accordance with Section IX(E) of the Policy, it is the duty of the Insureds and not the duty of AEGIS to investigate and defend Claims made against the Insureds . . . . The Insureds are required to use diligence and prudence at all times in the investigation, settlement, and defense of any Claim.

Evidence: AEGIS App'x G (Ex. 11) [AEGIS's App'x GGG (Vazquez Depo. at 105:22-25 – 106:1-13)]. | Undisputed. |
| 218. | By the end of 2016, Sempra exhausted the Policy's $5,000,000 retention by the payment of DEFENSE COSTS and began sending invoices to AEGIS | This is a legal issue related to interpretation of the Policy as to when the retention was exhausted, which is inappropriate for a |

166
DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | for the DEFENSE COSTS incurred in connection with the D&O Lawsuits<br><br>Evidence: Thayer Decl. ¶ 3. | statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)).<br><br>It is undisputed, however, that Sempra has exhausted the retention in this matter. |
| 219. | AEGIS did not timely respond to Sempra's requests for payment.<br><br>Evidence: Thayer Decl. ¶ 5, 6, 13, Exs. 2, 9. | Disputed. This is a legal issue related to interpretation of the Policy as to what is a "timely" response based upon the terms of the Policy, which is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 220. | AEGIS refused to pay the DEFENSE COSTS in full on a current basis and save the coverage fight for a later date, as it promised to do in its Policy.<br><br>Evidence: Thayer Decl. ¶ 6; Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 188:17-192:1-21); AEGIS's App'x V (Ex. 28 at § IX(A) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25— | Disputed. AEGIS has paid all covered Defense Costs incurred by or on behalf of the D&Os in investigation or defense of the D&O Actions.<br><br>Furthermore, this is a legal issue related to interpretation of the Policy as to what is a DEFENSE COST based upon the terms of the |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 149:1-3)]; AEGIS's App'x P (Ex. 21) [AEGIS's App'x JJJ (Lane Depo. 41:20-25—42:1-8)]; AEGIS's App'x Q (Ex. 22) [AEGIS's App'x JJJ (Lane Depo. 15:23—16:1-7)]; AEGIS's App'x R (Ex. 23) [AEGIS's App'x GGG (Vazquez Depo. 134:1-15—42:1-8)]; AEGIS' App'x S (Ex. 24) [AEGIS' App'x JJJ (Lane Depo. 58:23-25—59:1-11)]; AEGIS's App'x T (Ex. 25) [AEGIS's App'x GGG (Vazquez Depo. 139:21-25—140:1-12)]; AEGIS' App'x U (Ex. 27) [AEGIS' App'x JJJ (Lane Depo. 78:11-22)]; AEGIS's App'x W (Ex. 30) [AEGIS's App'x GGG (Vazquez Depo. 175:22-25—176:1-6)]; AEGIS' App'x X (Ex. 31) [AEGIS' App'x GGG (Vazquez Depo. 177:6-15]; AEGIS's App'x Y (Ex. 32) [AEGIS's App'x JJJ (Lane Depo. 72:1-9)]; AEGIS' App'x Z (Ex. 33) [AEGIS' App'x JJJ (Lane Depo. 87:19-25)]; AEGIS' App'x BB (Ex. 36) [AEGIS' App'x JJJ (Lane Depo. 101:17-25—102:1-5)]; AEGIS' App'x CC (Ex. 37) [AEGIS' App'x JJJ (Lane Depo. 100:12-24)]. | Policy, which is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 221. AEGIS deducted millions of dollars from the invoices and denied coverage for any fees and expenses related to work conducted in connection with the DRC's investigation, and the SMC's investigation and oversight, of the Derivative Lawsuits<br><br>Evidence: AEGIS's App'x P (Ex. 21) [AEGIS's App'x JJJ (Lane Depo. | Undisputed that AEGIS did not pay amounts related to the DRC's investigation and the SMC's investigation. To the extent that Sempra is making an argument that AEGIS should have paid these amounts, that would be a legal issue, which is inappropriate for a statement of facts. *See* Initial |

168
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 41:20-25—42:1-8)]; AEGIS's App'x Q (Ex. 22) [AEGIS's App'x JJJ (Lane Depo. 15:23—16:1-7)]; AEGIS's App'x R (Ex. 23) [AEGIS's App'x GGG (Vazquez Depo. 134:1-15—42:1-8)]; AEGIS' App'x S (Ex. 24) [AEGIS' App'x JJJ (Lane Depo. 58:23-25—59:1-11)]; AEGIS's App'x T (Ex. 25) [AEGIS's App'x GGG (Vazquez Depo. 139:21-25—140:1-12)]; AEGIS' App'x U (Ex. 27) [AEGIS' App'x JJJ (Lane Depo. 78:11-22)]; AEGIS's App'x W (Ex. 30) [AEGIS's App'x GGG (Vazquez Depo. 175:22-25—176:1-6)]; AEGIS' App'x X (Ex. 31) [AEGIS' App'x GGG (Vazquez Depo. 177:6-15]; AEGIS's App'x Y (Ex. 32) [AEGIS's App'x JJJ (Lane Depo. 72:1-9)]; AEGIS' App'x Z (Ex. 33) [AEGIS' App'x JJJ (Lane Depo. 87:19-25)]; AEGIS' App'x BB (Ex. 36) [AEGIS' App'x JJJ (Lane Depo. 101:17-25—102:1-5)]; AEGIS' App'x CC (Ex. 37) [AEGIS' App'x JJJ (Lane Depo. 100:12-24)]. | Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("*No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.*" (emphasis in original)). |
| 222. AEGIS apparently had no claims handling guidelines regarding what constitutes reasonable fees and expenses incurred in the defense of CLAIMS.<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 54:20-25). | Undisputed that Mr. Vazquez was asked, "Does AEGIS provide its counsel any billing guidelines or anything like that in order for counsel to determine what should be paid and what shouldn't be paid into the policy?" In response he stated, "I have not done so. I didn't see anything like that in the file, either."<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| | (Vazquez Depo. at 54:20-25). |
| 223. AEGIS did not provide guidance to its coverage counsel, who made the deductions to the defense invoices.<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 54:20-25). | Undisputed that Mr. Vazquez was asked, "Does AEGIS provide its counsel any billing guidelines or anything like that in order for counsel to determine what should be paid and what shouldn't be paid into the policy?" In response he stated, "I have not done so. I didn't see anything like that in the file, either."<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 54:20-25). |
| 224. AEGIS did not ask a single question of defense counsel about the time entries.<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 62:20-64:15). | Undisputed that AEGIS did not ask questions directly of defense counsel because it was not AEGIS's obligation to do so, but disputed that AEGIS did not request additional information about the invoices from coverage counsel, who submitted the invoices.<br><br>Evidence<br><br>*See* AEGIS's App'x P (Confidential Ex. 21); AEGIS's App'x S (Ex. 24); AEGIS's App'x U (Ex. 27); AEGIS's App'x X (Ex. 31); AEGIS's App'x GGG (Ex. 15); AEGIS's App'x Y (Ex. 32); AEGIS's App'x Z (Ex. 33); AEGIS's App'x BB (Ex. 36); AEGIS's App'x CC (Ex. 37). |
| 225. Defense counsel had regular telephone conferences and e-mails with AEGIS and its counsel over the years about | Disputed because it is unclear what Sempra means by "regular conferences and e-mails" "over the years", but undisputed that defense |

170

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| the D&O lawsuits.<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vazquez Depo. at 39:21-40:24). | counsel had some conferences with AEGIS and its counsel about the D&O lawsuits. |
| 226. AEGIS also applied the following hourly-rate caps for all firms involved in the defense of the D&O Lawsuits: (i) $995 for partners; (ii) $640 for associates; and (iii) $325 for paralegals/support and did not increase the rates during the duration of the litigation.<br><br>Evidence: AEGIS's App'x P (Ex. 21) [AEGIS's App'x KKK (Lane Depo. 41:20-25 - 42:1-8)]; Greenfield Decl. ¶ 12-13. | Undisputed that AEGIS stated, "AEGIS will only agree to recognize reasonable and necessary fees and expenses at hourly rates agreed upon by AEGIS. Accordingly, AEGIS applied the following maximum hourly rates to the Invoices by using the maximum rates charged by Morgan, Lewis & Brockius LLP: (1) $995 for Partners;  (2) $640 for Associates; and (3) $325 for Paralegal/Support.<br><br>Evidence: AEGIS's App'x P (Ex. 21). |
| 227. AEGIS's claims adjuster could not provide any evidence justifying why AEGIS's rate caps were reasonable.<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 (Vaquez Depo. 65:4-66.21, 132:15-133:22) | Disputed, Mr. Vazquez was asked,<br><br>"Do you know how AEGIS determined the rates that it would pay in this lawsuit, or in the underlying lawsuits?" In response, he stated, "I know Morgan Lewis was the first firm that was involved, and AEGIS looked at the rates that Morgan Lewis was charging as well as rates of firms in a similar area of the country doing the same kind of work and determined that the rates that Morgan Lewis was charging were reasonable and applied those rates to the other firms."<br><br>Evidence: Thayer Decl. ¶ 16, Ex. 12 |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | | (Vaquez Depo. 65:4-13). |
| 228. | In total, AEGIS paid only $7,519,401, or less than 20%, of the total $43,025,114 in DEFENSE COSTS incurred in the investigation and defense of the CLAIM.<br><br>Evidence: Thayer Decl. ¶¶ 6-11, Exs. 3-8. | Undisputed that AEGIS paid $7,519,401, but disputed as to the remainder because the $43,025,114 number referred to by Sempra includes amounts that relate to invoices for uncovered amounts.<br><br>Furthermore, what constitutes a "DEFENSE COSTS incurred in the investigation and defense of the CLAIM" as defined by the Policy is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)).<br><br>CITATION |
| 229. | The DRC's investigation helped the defense of the *Consolidated Kanter* Lawsuit. Although the *Consolidated Kanter* Lawsuit ultimately was dismissed by the court of appeal because the *Kanter* plaintiffs failed to plead demand futility under California Corporations Code section 800(b)(2), the court also noted that "the eventual *refusal* of Fazio's demand made it more probable that the Board would have also *refused* plaintiffs' demand." | Disputed, this is a legal issue, which is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |

172
**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| *Kanter v. Reed,* 92 Cal. App. 5th 191, 213 (2023).<br>Evidence: Rissier Decl. ¶ 18, Ex. 7. | Furthermore, Sempra admits that the *Consolidated Kanter* Lawsuit ultimately was dismissed by the court of appeal because the *Kanter* plaintiffs failed to plead demand futility under California Corporations Code section 800(b)(2), which demonstrates that the case was dismissed because of the allegations plead in the case, rather than the DRC's investigation.<br><br>Furthermore, AEGIS objects to Mr. Rissier's Declaration, for the reasons set forth in AEGIS's Objections to Evidence No. 3. |
| 230. AEGIS refused to pay for time entries relating to "tracking key facts/issues," "facilitating attorney and client collaboration, review and analysis," "cite checking," and "supervis[ing] the priority review and redaction of electronic and hardcopy documents."<br><br>Evidence: AEGIS App'x Q (Ex. 22 at 2) [AEGIS App'x KKK (Lane Depo. 15:23-25—16:1-7)]. | Undisputed that AEGIS deducted certain entries on certain invoices, but disputed that the cited evidence refers to the time entries on page 2 of the exhibit. |
| 231. Nothing in the Policy requires Sempra or the Ds&Os to obtain AEGIS's consent before retaining counsel to investigate or defend CLAIMS.<br><br>Evidence: AEGIS's App'x V (Ex. 28) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3)]. | Disputed. This is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine*** |

173
DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | | *Disputes of Material Fact."* (emphasis in original)). |
| 232. | The only consent condition in the Policy is as to settlements, not DEFENSE COSTS. Evidence: AEGIS's App'x V (Ex. 28 at § IX.(E)) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3)]. | Disputed. This is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("*No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact."* (emphasis in original)). |
| 233. | Nothing in the Policy states that the fees and costs must be incurred by law firms retained to represent the interests of the Ds&Os who were named as defendants in a lawsuit or who appear as attorneys of record in a lawsuit. Evidence: AEGIS's App'x V (Ex. 28 at §§ VI.(C), IX.(A) & (E) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3)]. | Disputed. This is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("*No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact."* (emphasis in original)). |
| 234. | AEGIS paid for the fees and expenses of Cooley LLP even though it never appeared as counsel of record in the D&O Lawsuits. Evidence: AEGIS's App'x BB (Ex. 36 at 3) [AEGIS App'x KKK (Lane | Undisputed that AEGIS paid some of Cooley's fees and expenses but disputed that the cited evidence establishes that Cooley never appeared as counsel of record in the |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| Depo. 101:17-25, 102:1-5)] | D&O Lawsuits.<br><br>Evidence: AEGIS's App'x BB (Ex. 36 at 3) [AEGIS App'x KKK (Lane Depo. 101:17-25, 102:1-5)] |
| 235. The DRC's counsel was retained by a committee of Sempra's board of directors to investigate a CLAIM ("a civil . . . proceeding against any DIRECTORS or OFFICERS . . . ."<br><br>Evidence: AEGIS's App'x II (Ex. 54 at 2) [AEGIS App'x FFF (Muck Depo. 93:4-24, 95:7-9)]. | Disputed. This is a legal issue related to interpretation of the Policy that is inappropriate for a statement of facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 236. AEGIS told Sempra to "use diligence and prudence at all times in the investigation, settlement, and defense of any Claim."<br><br>Evidence: AEGIS's App'x G (Ex. 11) [App'x GGG (Vazquez Depo. 105:22-25—1061:13)]; AEGIS's App'x V (Ex. 28 at§ IX.(E) [AEGIS's App'x GGG (Vazquez Depo, 148:12-25—149:1-3)]. | Undisputed that in a March 24, 2016 AEGIS's counsel stated that "[t]he Insureds are required to use diligence and prudence at all times in the investigation, settlement and defense of the Claim."<br><br>Evidence: AEGIS's App'x G (Ex. 11) |
| 237. ██████████████████ | Disputed. █████████████ |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
|  | |

238.

Evidence: AEGIS's App'x D (Ex. 8 at 6-7 (¶ 9), 8-14 (¶¶ 17-37), 17 (¶ 46), 20-21 ( (¶ 55, 57 & 58), 22 (¶ 64)) (*Firemen's* complaint); AEGIS's App'x D (Ex. 8 at 5 (¶ 5), 29 (¶ 2), 36 (¶¶ 25-27), 38-39 (¶¶ 35 & 36), 41 (¶ 45), 44-46 (¶ (¶¶ 56 & 57 & 61 & 66 & 67)) (*Kanter* complaint) (AEGIS's App'x GGG (Vazquez Depo. 104:8-25—105:1)]; AEGIS's App'x E (Ex. 9 at 5 (¶ 7), 7 (¶¶ 16-18), 9 (¶¶ 22-23), 10 (¶¶ 27-28), 11 (¶ 30), 16-19 (¶¶ 51-57), 20-21 (¶¶ 61-64)) (*Plumley* complaint) [AEGIS's App'x GGG (Vazquez Depo. 98:21-25—99:1-10)]; AEGIS's App'x F (Ex. 10 at 13-14 (¶¶ 39-40), 21-23 (¶¶ 52-59), 24-25 (¶¶66-69), 26 (¶¶ 72-74), 28-29 (¶¶ 85-87), 30-31 (¶ 90), 33 (¶ 99)) (*Shupak* complaint) [AEGIS's App'x GGG

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| (Vazquez Depo. 104:8-25—105:1)]; AEGIS's App'x H (Ex. 12 at 42-43 (¶¶ 3-4), 44-45 (¶¶ 10-11), 46-48 (¶¶ 17 & 19), 49-56 (¶¶ 27-41),  63-66 (¶¶ 63, 66, 68 & 72), 69-76 (¶¶ 83, 85 & 88-99), 77-82 (¶¶ 102, 103, 105-113 & 115), 85 (¶ 123), 87 (¶¶ 127 & 129), 89 (¶ 133); 90-92 (¶¶ 140-143), 95 (¶ 154), 97 (¶ 163)) (*Fischman* complaint) [AEGIS's App'x GGG (Vazquez Depo. 114:20-25—115:1-12)]; AEGIS's App'x K (Ex. 16 at 5 (¶ 6), 6 (¶¶ 11 & 16), 16-20 (¶¶ 67-76), 22-34 (¶¶ 88-107 & 111-113), (*Fazio* complaint) [AEGIS's App'x HHH (Jett Depo. 77:6-20); AEGIS's App'x GGG (Vazquez Depo. 119:1-17)].AEGIS's App'x N (Ex. 19 at 12-20 (¶¶ 28-48), 23 (¶ 63), 29 (¶ 83), 42-44 (¶¶ 123 & 126)) (*Favors* complaint) (AEGIS's App'x GGG (Vazquez Depo. 123:8-23)]. | |
| 239. The Ds&Os had already been potentially identified as DOE defendants in other lawsuits in the Leak Cases before the SMC's formation and AEGIS received notice of the potential claim against the Ds&Os before the SMC's formation, and the scope of the SMC's investigation broadly covered everything related to the leak, including all litigation.<br><br>Evidence: RFJN ¶ 4, Ex. 4 at 4 (¶ 10-11); RFJN ¶ 5, Ex. 5 at 158 (¶ 38-39); AEGIS App'x A (Depo. Ex. 2) [ AEGIS App'x GGG (Vazquez Depo. | Disputed. AEGIS objects to the use of Exhibits 4 and 5 to the Request for Judicial Notice. Exhibits 4 and 5 to Plaintiff's Request for Judicial Notice do not appear to have been produced to Defendant in discovery. As such, Plaintiff should be prohibited from relying upon those documents. (Griffith Decl. ¶¶ 8-9.); *see also* AEGIS's Objections to Evidence Cited by Plaintiff ¶ 6.<br><br>Furthermore, the statements in this paragraph are legal issues that are inappropriate for a statement of |

177

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 19:22-5; 21:1-6)]. | facts. *See* Initial Standing Order for Civil Cases Assigned to Judge Josephine L. Staton, ECF No. 13 at ("***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact.***" (emphasis in original)). |
| 240. The invoices provided to AEGIS itemize the matter name and number, total amount of fees and expenses for the month, and include a detailed breakdown of every time entry, showing the date, timekeeper, description of the work, hours billed, and amount billed.<br><br>Evidence: Thayer Decl. ¶ 5, 16, Exs. 2, 12 (Vazquez Depo. 165:11-14). | Disputed. Many of the Unrecognized Invoices did not itemize the matter name and number, total amount of fees and expenses for the month, and include a detailed breakdown of every time entry, showing the date, timekeeper, description of the work, hours billed, and amount billed<br><br>*See* AEGIS's App'x P (Confidential Ex. 21); AEGIS's App'x S (Ex. 24); AEGIS's App'x U (Ex. 27); AEGIS's App'x X (Ex. 31); AEGIS's App'x GGG (Ex. 15); AEGIS's App'x Y (Ex. 32); AEGIS's App'x Z (Ex. 33); AEGIS's App'x BB (Ex. 36); AEGIS's App'x CC (Ex. 37). |
| 241. The documents in the Leak Cases were made available to the DRC's counsel in their investigation of the Derivative Lawsuits and were cited | Undisputed that the documents in the Leak Cases were made available to the DRC's counsel, but disputed as to the remainder. The *Fazio* |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| favorably in the Fazio court's ruling sustaining the demurrer.<br><br>Evidence: Muck Decl. ¶¶ 14-15, 25, Ex. 4; Rissier Decl. ¶¶ 8-10. | decision itself makes it clear that it was Fazio's failure to "offer any affirmative allegations *in the Amended Complaint* that would suggest that the DRC's investigation was carried out in bad faith," and failure to "*allege any facts* to show that the DRC did not review this extensive list of evidence" that formed the basis of its decision, not any documents obtained via discovery. (ECF 51-2 ¶ 215) (emphasis added). |
| 242. The documents collected and produced in the Leak Cases also were requested by the plaintiffs in the Consolidated Kanter Lawsuit multiple times and would have been produced in the Derivative Lawsuits had the Ds&Os not obtained dismissals of those lawsuits.<br><br>Evidence: Rissier Decl. ¶¶ 22-24, Exs. 9-11. | Sempra's assertion that the documents collected and produced in the Leak Cases were requested by the plaintiffs in the *Kanter* Action is incorrect. While the *Kanter* plaintiffs filed motions for relief from the stay of discovery (Rissier Decl. ¶¶ 22-24, Exs. 9-11 to Rissier Decl.), there was no written discovery served in *Kanter* or any other D&O Action. (ECF 51-2 ¶ 109.) |
| 243. AEGIS claimed that "[t]he rates charged by Morgan Lewis, O'Melveny & Myers and Skadden Arps are higher than the rates AEGIS would expect to pay for legal representation in California for this type of litigation."<br><br>Evidence: AEGIS App'x Q (Ex. 22 at 2)[AEGIS App'x KKK (Lane Depo. 15:23-25—16:1-7.)]. | Undisputed that AEGIS stated the quoted language in the letter. |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 244. AEGIS never provided anything to Sempra showing that the rates charged by the three law firms were higher than it "normally expected to pay" and never explained what it asserts it "normally expected to pay." <br><br> <u>Evidence</u>: Thayer Decl. ¶¶ 15, 20, Ex. 12 (Vazquez Depo. 110:17-111:14, 132:15-133:22); AEGIS App'x Q (Ex. 22 at 2) [AEGIS App'x KKK (Lane Depo. 15:23-25—16:1-7)]; AEGIS App'x P (Ex. 21) [AEGIS App'x GG (Vazquez Depo. 125:7-23); AEGIS App'x KKK (Lane Depo. 41:20-25—42:1-8)]. | Disputed. For example, on November 17, 2017, counsel for AEGIS sent a letter to counsel for Sempra and stated: <br><br> "The rates charged by Morgan Lewis, O'Melveny & Myers and Skadden Arps are higher than the rates AEGIS would expect to pay for legal representation in California for this type of litigation. However, as an accommodation to the Insureds, AEGIS proposed maximum hourly rates that incorporate the actual rates of Morgan Lewis . . . . The proposed rates recognize Morgan, Lewis & Bockius LLP's rates as reasonable under the circumstances. As O'Melveny Myers and Skadden Arps are defending the same cases in a similar market as Morgan Lewis, AEGIS does not believe the rates charged by those law firms as reasonable under the circumstances." Furthermore, on October 8, 2021, counsel for AEGIS stated that AEGIS's application of counsel rates is further supported by the Wolters Kluwer Real Rate Report. <br><br> <u>Evidence</u>: Confidential Depo. Ex. 22, App'x Q (Confidential Lane Depo. 15:23-25—16:1-7, App'x KKK); *see also* Substituted App'x Z. |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 245. The rates charged by defense counsel in the D&O Lawsuits are clearly reasonable, given the nature and complexity of the legal issues involved, the billions of dollars potentially at issue, the skill required and employed in handling those lawsuits, the experience and reputation of the attorneys involved, and the importance of the litigation not only to the Insureds but also to the Ds&Os. <br><br> Evidence: Greenfield Decl. ¶¶ 6, 8-11, Ex. 2 at 8-19. | Disputed. Objection to Relevance [Fed. R. Evid. 401 and 403] and Foundation [Fed. R. Evid. 602] [Fed. R. Evid. 901]. <br><br> In his Declaration, Mr. Greenfield states that he was asked by Sempra to provide his "opinion regarding the reasonableness of the fees and expenses incurred in the investigation and defense of [the D&O Actions]." However, the reasonableness of the Unrecognized Invoices is not at issue in the Motion or before this Court. Rather, the Motion seeks a *legal determination* as to whether the Unrecognized Invoices constitute Defense Costs as defined in the Policy. Mr. Greenfield expresses no opinions regarding whether those fees and expenses constitute Defense Costs nor could he as he does not appear to have reviewed the Policy and, as such, his opinions are not relevant to the issues before the Court, nor are they adequately supported. (*See* ECF No. 53-2 at 3); *see also Hansen Natural Corp. v. St. Paul Mercury Ins. Co.*, No. CV 08-5067-VBF(FMOx), 2009 U.S. Dist. LEXIS 134032, at *33-35 (C.D. Cal. Mar. 26, 2009) (rejecting the insured's attempt to create an issue of material fact as to whether fees and costs are covered defense costs via the use of expert opinions). |

DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| 246. AEGIS contends that it received $8,233,514.5 in invoices from Sempra's counsel via the eRoom by July 17, 2019, but AEGIS did not pay anything towards those invoices until 99 days later, on October 25, 2019.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 10, Ex. F; AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11); Thayer Decl. ¶ 6, Ex. 3. | Undisputed that AEGIS contends that it received $8,233,514.35 in invoices from Sempra's counsel via the eRoom by July 17, 2019.<br><br>Undisputed that Exhibit 3 to the Thayer Declaration states that the payment "scheduled disbursement date" is October 25, 2019.<br><br>Undisputed that there are approximately 99 days between July 17, 2019 and October 25, 2019.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 10, Ex. F; AEGIS's App'x S (Confidential Depo. Ex. 24); AEGIS's App'x JJJ (Confidential Lane Depo. at 58:23-25—59:1-11); Thayer Decl. ¶ 6, Ex. 3. |
| 247. AEGIS contends that it received $1,187,520.90 in invoices from Sempra's counsel via the eRoom on April 8, 2020, but AEGIS did not pay anything towards those invoices until 61 days later, on June 8, 2020.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 11, Ex. K); AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ (Confidential Lane Depo. at 78:11-22); Thayer Decl. ¶ 8, Ex. 4 | Undisputed that AEGIS contends that it received $1,187,520.90 in invoices from Sempra's counsel via the eRoom on April 8, 2020.<br><br>Undisputed that Exhibit 4 to the Thayer Declaration states that the payment "scheduled disbursement date" is June 8, 2020.<br><br>Undisputed that there are 61 days between April 8, 2020 and June 8, 2020.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 11, Ex. K); AEGIS's App'x U (Confidential Depo. Ex. 27); AEGIS's App'x JJJ |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| | (Confidential Lane Depo. at 78:11-22); Thayer Decl. ¶ 8, Ex. 4 |
| 248. AEGIS contends that it received $3,235,506 in invoices from Sempra via the eRoom on or about May 27, 2020 and October 12, 2020, but AEGIS did not pay anything towards those invoices until between 86 and 224 days later, on January 6, 2021.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶12, Ex. G); AEGIS's App'x Y (Confidential Depo. Ex. 32); Thayer Decl. ¶ 9, Ex. 5. | Undisputed that AEGIS contends it received $3,235,506.72 in invoices from Sempra via the eRoom on or about May 27, 2020 and October 12, 2020.<br><br>Undisputed that Exhibit 5 to the Thayer Declaration states that the payment "scheduled disbursement date" is January 6, 2021.<br><br>Undisputed that there are 86 days between October 12, 2020 and January 6, 2021 and 224 days between May 27, 2020 and January 6, 2021.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶12, Ex. G); AEGIS's App'x Y (Confidential Depo. Ex. 32); Thayer Decl. ¶ 9, Ex. 5. |
| 249. AEGIS contends that it received $1,391,962.02 in invoices from Sempra via the eRoom on or about August 11, 2021, but AEGIS did not pay anything towards those invoices until 70 days later, on October 20, 2021.<br><br>Evidence: AEGIS's App'x KKK (Lane Decl. ¶ 13, Ex. H); AEGIS's App'x Z (Confidential Depo. Ex. 33); AEGIS's App'x JJJ (Confidential Lane Depo. at 87:19-25); Thayer Decl. ¶ 10, Ex. 6. | Undisputed that AEGIS stated that it received $1,391,962.02 in invoices from Sempra via the eRoom on or about August 11, 2021.<br><br>Undisputed that Exhibit 6 to the Thayer Declaration states that the payment "scheduled disbursement date" is October 20, 2021.<br><br>Undisputed that there are 70 days between August 11, 2021 and October 20, 2021.<br><br>Evidence: AEGIS's App'x KKK |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | | AEGIS's Statement |
|---|---|---|
| | | (Lane Decl. ¶ 13, Ex. H); AEGIS's App'x Z (Confidential Depo. Ex. 33); AEGIS's App'x JJJ (Confidential Lane Depo. at 87:19-25); Thayer Decl. ¶ 10, Ex. 6. |
| 250. | AEGIS contends that it received $18,547,009.1 in invoices from Sempra via the eRoom on December 30, 2022, but AEGIS did not pay anything towards those invoices until 147 days later, on May 26, 2023.<br><br>Evidence: Depo. Ex. 34, App'x AA (Vazquez Depo. 188:20-25—189:1-3, App'x GGG); *see* Confidential Depo. Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x KKK); Thayer Decl. ¶ 11, Ex. 7. | Undisputed that AEGIS stated that it received $18,547,009.01 in invoices from Sempra via the eRoom on December 30, 2022.<br><br>AEGIS does not dispute that Exhibit 7 to the Thayer Declaration states that the payment "scheduled disbursement date" is May 26, 2023.<br><br>Undisputed that there are 147 days between December 30, 2022 and May 26, 2023.<br><br>Evidence: Depo. Ex. 34, AEGIS App'x AA (Vazquez Depo. 188:20-25—189:1-3, AEGIS App'x GGG); *see* Confidential Depo. Ex. 36, App'x BB (Lane Depo. 101:17-25—102:1-5, App'x KKK); Thayer Decl. ¶ 11, Ex. 7. |
| 251. | AEGIS contends that it received $3,237,486.51 in invoices from Sempra via the eRoom on February 21, 2024, but AEGIS did not pay anything towards those invoices until 63 days later, on April 23, 2024.<br><br>Evidence: AEGIS's App'x JJJ (Lane Decl. ¶ 15); AEGIS's App'x CC (Confidential Depo. Ex. 37); AEGIS's | Undisputed that AEGIS stated that it received $3,237,486.51 in invoices from Sempra via the eRoom on February 21, 2024.<br><br>AEGIS does not dispute that Exhibit 8 to the Thayer Declaration states that the payment "scheduled disbursement date" is April 23, |

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Sempra's Additional Facts and Supporting Evidence | AEGIS's Statement |
|---|---|
| App'x CC (Confidential Lane Depo. at 100:12-24); Thayer Decl. ¶ 12, Ex. 8. | 2024.<br><br>Disputed that there are 63 days between February 21, 2024 and April 23, 2024—there are 62 days between the two dates.<br><br>[Ex. J to Lane Decl., App'x KKK; Lane Decl. ¶ 15, App'x JJJ; Confidential Depo. Ex. 37, App'x CC (Confidential Lane Depo. 100:12-24, App'x KKK).] |

DATED: May 30, 2025

Respectfully submitted,

SACRO & WALKER LLP

BAILEY CAVALIERI LLC


By: _/s/ Larry M. Golub_
LARRY M. GOLUB
THOMAS J. PACIDO
SABRINA HAURIN
JOLENE S. GRIFFITH


Attorneys for Defendant ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

**DEFENDANT'S RESPONSE TO SEMPRA'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**