LARRY M. GOLUB, SBN: 110545
E-mail: lgolub@sacrowalker.com
THOMAS J. PACIDO, SBN: 331404
E-mail: tplacido@sacrowalker.com
Sacro & Walker LLP
700 North Brand Blvd., Suite 610
Glendale, California 91203
Telephone:   (818) 721-9597
Facsimile:   (818) 721-9670

SABRINA HAURIN (admitted *pro hac vice*)
E-mail: shaurin@baileycav.com
JOLENE S. GRIFFITH (admitted *pro hac vice*)
E-mail: jgriffith@baileycav.com
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
Facsimile:  (614) 221-0479

Attorneys for Defendant
Associated Electric & Gas
Insurance Services Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>Defendant. | Case No. 2:23-cv-10544-JLS-SSC<br>*Judge Josephine L. Staton*<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF SEMPRA'S EVIDENTIARY OBJECTIONS**<br><br>Date:      June 13, 2025<br>Time:     10:30 am<br>Crtrm.:  18A<br>**NO ORAL ARGUMENT UNLESS REQUIRED BY THE COURT** |

Pursuant to Judge Josephine L. Staton's Procedures ¶ 9(c)(ii), Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS"), hereby submits its Response to Sempra's Evidentiary Objections.

DEFENDANT'S RESPONSE TO SEMPRA'S EVIDENTIARY OBJECTIONS

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| 1. "On or about February 21, 2024, counsel for Sempra provided a link to invoices which contained many of the over 1,000 invoices Sempra had submitted to AEGIS during this matter."<br><br>(Lane Decl. ¶ 15) | A. Hearsay [Fed. R. Evid. 801-803]<br>• "[H]earsay evidence is inadmissible and may not be considered by this court on review of a summary judgment." *Blair Foods v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).<br><br>• "Hearsay is 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002) (quoting Fed. R. Evid. 801(c)).<br><br>B. Foundation<br>• Evidence introduced before a proper foundation has been laid is inadmissible. *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).<br><br>• The evidence cited from Exhibit J to Mr. Lane's Declaration does not contain any facts indicating that the link contained "over 1,000 invoices Sempra had submitted to AEGIS during this matter." At best, Exhibit J indicates that that Sempra's counsel sent AEGIS a link of invoices. |

DEFENDANT'S RESPONSE TO SEMPRA'S EVIDENTIARY OBJECTIONS

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| *AEGIS' Response:*<br><br>AEGIS's presentation of opposing counsel's email and the statements therein are not hearsay pursuant to Fed. R. Evid. 801(d)(2), which excludes certain statements from the hearsay rule when<br>    The statement is offered against an opposing party and:<br>    (A) was made by the party in an individual or representative capacity;<br>    (B) is one the party manifested that it adopted or believed to be true;<br>    (C) was made by a person whom the party authorized to make a statement on the subject; [and]<br>    (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]<br><br>The statements contained in Exhibit J to Mr. Lane's Declaration fall within this exception to the hearsay rule because the email was sent by counsel for Sempra (i.e., by counsel of record in this case).<br><br>AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time Exhibit J to Mr. Lane's Declaration was sent and received. (*See generally* Lane Decl., Def.'s App'x KKK.) | |
| 2. "Approximately $12.6 million of the Invoices submitted to AEGIS were Morgan Lewis invoices pertaining to the hosting and review of electronic data collected and stored in connection with discovery that referenced nondescript "Aliso Canyon matters."<br><br>(Lane Decl. ¶ 17) | A. Best Evidence<br>• The basis of Mr. Lane's knowledge is his review of the Invoices submitted to AEGIS.<br><br>• When evidence is based on information obtained from a document, the document is the best evidence of its content. *See* Fed. R. Evid. 1002; *U.S. v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) ("the best evidence rule provides that the original of a 'writing, recording, a photograph' is required the prove the contents thereof."). |

3

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| | B. Mischaracterization of the Evidence<br>• This statement mischaracterizes the Morgan Lewis invoices for eData. These invoices do not "reference 'nondescript' Aliso Canyon matters.'" These invoices indicated that they were for costs incurred in connection with the underlying actions.<br><br>C. Foundation<br>• Mr. Lane's Declaration lacks foundation. Evidence introduced before a proper foundation has been laid is inadmissible. *Dibble*, 429 F.2d at 602. Mr. Lane's statement does not contain any facts indicating the basis for which "[a]pproximately 12.6 million of the Invoices submitted to AEGIS were Morgan Lewis invoices" regarding eData in "Aliso Canyon matters." |

***AEGIS' Response:***

Mr. Lane's summary of the invoices is admissible pursuant to Fed. R. Evid. 1006, which provides: "The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence" so long as the underlying originals or duplicates are available to other parties. *See IPS Group, Inc. v. Duncan Solutions, Inc.*, S.D.Cal. No. 15-cv-1526-CAB (MDD), 2018 U.S. Dist. LEXIS 140046, at *11 (Aug. 17, 2018) (declining to review 400+ pages of billing records, accepting that "the Court should not be burdened with a tedious review of voluminous time entries and hourly rates."). Here, there is no dispute that the invoices are voluminous and that Sempra has access to its own counsel's invoices. In addition, AEGIS has offered to provide the Court with copies of all of the invoices upon request. (ECF 45-1 at 49, n. i.)

DEFENDANT'S RESPONSE TO SEMPRA'S EVIDENTIARY OBJECTIONS

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| Mr. Lane's statement does not mischaracterize the eData invoices. *See* Def.'s App'x Z ████████████████████████████████████████████████████████████ ████████████████████████████████████████ ; *see also* ECF 51-2 ¶ 115.) ████████████████████████████████████████████ A party opposing summary judgment must do more than simply dispute the moving party's facts—they must present specific, admissible evidence demonstrating a genuine issue of fact for trial. *See Richards v. County of L.A.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-59 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Mere allegations, denials, or a scintilla of evidence are insufficient to withstand summary judgment.<br><br>AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the eData invoices were submitted to AEGIS, which were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Def.'s App'x KKK; *see also* Def.'s App'x Z.) | |
| 3. "AEGIS never consented to the retention or use of the Fenwick or WilmerHale law firms to represent any of the D&Os in the D&Os Actions."<br><br>(Lane Decl. ¶ 18) | A. Foundation<br>• Evidence introduced before a proper foundation has been laid is inadmissible. *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).<br><br>• Mr. Lane's declaration does not contain any facts indicating that AEGIS never consented to the retention or use of the Fenwick or WilmerHale law firms. |

---

[1] Note that Appendix Z includes one of two letters Mr. Lane sent on October 8, 2021. AEGIS intended to include both October 8, 2021 letters in Appendix Z. AEGIS will submit a notice of errata submitting the second letter that was not previously submitted.

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| | B. Relevance<br>• This statement is irrelevant because it bears no relation to the question of whether AEGIS breached its duty to pay Sempra's defense fees and costs with respect to the underlying actions. |

*AEGIS' Response:*

AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the invoices were submitted to AEGIS, which were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Def.'s App'x KKK.) In addition, Mr. Lane, on behalf of AEGIS, specifically consented to the use of Morgan Lewis in connection with the Claim[2] and, therefore, would also have knowledge about whether he or AEGIS consented to (or did not consent to) the use of any other law firm in connection with the Claim. (ECF 45-1 ¶ 55.)

Mr. Lane's statement is relevant insofar as it is further evidence of Sempra's unreasonable attempt to broaden the scope of coverage under the Policy, which only provides coverage for Defense Costs incurred by or on behalf of the D&Os in the investigation or defense of the Claim. (ECF 45-1 ¶ 7.)

| | |
|---|---|
| 4. "Apparently unaware of AEGIS's November 17, 2017 response letter to counsel for Sempra, on May 29, 2018, Marsh sent an email to AEGIS stating: "I believe the ball was in AEGIS's court to respond to the letter from Sempra's counsel on August 17, 2017. Was there further correspondence after that?"<br><br>(Separate Statement ¶ 72) | A. Relevance<br>• This statement is irrelevant because it bears no relation to the question of whether AEGIS breached its duty to pay Sempra's defense fees and costs with respect to the underlying actions. |

---

[2] Capitalized terms used in this Response have the same meaning ascribed to them as in AEGIS's Motion for Complete or Partial Summary Judgment.

6

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| ***AEGIS' Response:***<br><br>This statement is relevant to rebut Sempra's assertion that AEGIS failed to timely respond to its August 17, 2017 letter and/or breached the Policy. The email from Marsh demonstrates that Sempra's own broker was unaware of AEGIS's November 17, 2017 response, undermining any assertion that AEGIS failed to engage or respond. | |
| 5. "On July 8, 2019, counsel for AEGIS sent an email to counsel for Sempra explaining that "AEGIS will review the invoices once we receive the link, but AEGIS has no obligation to continually seek out the invoices the Insured may want us to pay through the D&O eRoom. We suggest that you inform us on a quarterly basis what invoices the Insured has paid and for which it seeks reimbursement, and then AEGIS will 'enter' the eRoom to review those invoices."<br><br>(Separate Statement ¶ 82) | A. Relevance<br>• This statement is irrelevant because it bears no relation to the question of whether AEGIS breached its duty to pay Sempra's defense fees and costs with respect to the underlying actions. |
| ***AEGIS' Response:***<br><br>This statement is relevant to rebut Sempra's assertion that AEGIS failed to pay the invoices in a timely manner and/or breached the Policy. It demonstrates that AEGIS acted reasonably in reviewing and responding to the invoice dumps, given the manner in which the invoices were provided and Sempra's unreasonable expectation that AEGIS should be paying invoices that it had not been provided notice of. | |
| 6. <br><br>(Separate Statement ¶ 90) | A. Relevance<br>• This statement is irrelevant because it bears no relation to the question of whether AEGIS breached its duty to pay Sempra's defense fees and costs |

7

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| | with respect to the underlying lawsuits. |

**AEGIS' Response:**

This statement is relevant to the issue of whether the fees incurred by Fenwick and WilmerHale are Defense Costs under the Policy. ███████████████

| 7. "A total of 1091 Invoices have been submitted by Sempra to AEGIS for coverage under the Policy."<br><br>(Separate Statement ¶ 110) | A. Foundation<br>• Evidence introduced before a proper foundation has been laid is inadmissible. *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970).<br><br>• The evidence cited by AEGIS to support this fact does not contain any facts indicating that Sempra submitted "a total of 1,091 invoices" to AEGIS for coverage under the Policy. |

**AEGIS' Response:**

AEGIS laid a proper foundation for Mr. Lane's statement because Mr. Lane was counsel for AEGIS at the time that the invoices were submitted to AEGIS, which were then reviewed by Bailey Cavalieri LLC. (*See generally* Lane Decl., Def.'s App'x KKK.) In addition, the deduction charts attached to the coverage correspondence sent by Mr. Lane to Sempra identifies each invoice submitted and reviewed, totaling 1,091. (Def.'s App'x P, Q, S, U, X, Y, Z, BB, CC; Ex. E to Lane Decl., Def.'s App'x KKK.)

| 8. "In his deposition, Neil Cayabyab stated that the "charges related to the eDiscovery were split between 50/50 between D&O and the civil lawsuits." When Mr. Cayabyab was asked "Do | A. Relevance<br>• This statement is irrelevant because it bears no relation to the question of whether AEGIS breached its duty to pay |

DEFENDANT'S RESPONSE TO SEMPRA'S EVIDENTIARY OBJECTIONS

| Evidence Challenged by Sempra | Sempra's Objections |
|---|---|
| you know if there was any consideration given to the number of lawsuits in deciding to split them 50/50 between D&O lawsuits and the civil litigation?" he responded "I don't know."<br><br>(Separate Statement ¶ 115) | Sempra's defense fees and costs with respect to the underlying actions. |

***AEGIS' Response:***

This statement is relevant to whether the eDiscovery charges and invoices constitute Defense Costs under the Policy. Mr. Cayabyab's testimony that the charges were split 50/50 between the D&O Actions and other civil litigation, and that he did not know the basis for that split, demonstrates that Sempra cannot meet its burden to show that the eDiscovery costs were incurred in defense of the D&O Actions, particularly when Sempra has conceded that no discovery occurred in the D&O Actions. (ECF 51-2 ¶ 109.)

DATED: May 30, 2025          Respectfully submitted,

SACRO & WALKER LLP

BAILEY CAVALIERI LLC


By:  /s/ Larry M. Golub
     LARRY M. GOLUB
     THOMAS J. PACIDO
     SABRINA HAURIN
     JOLENE S. GRIFFITH


Attorneys for Defendant ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED