LARRY M. GOLUB, SBN: 110545
E-mail: lgolub@sacrowalker.com
THOMAS J. PACIDO, SBN: 331404
E-mail: tplacido@sacrowalker.com
Sacro & Walker LLP
700 North Brand Blvd., Suite 610
Glendale, California 91203
Telephone:   (818) 721-9597
Facsimile:   (818) 721-9670

SABRINA HAURIN (admitted *pro hac vice*)
E-mail: shaurin@baileycav.com
JOLENE S. GRIFFITH (admitted *pro hac vice*)
E-mail: jgriffith@baileycav.com
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
Facsimile:  (614) 221-0479

Attorneys for Defendant
Associated Electric & Gas
Insurance Services Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA,<br><br>               Plaintiff,<br><br>    vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>               Defendant. | Case No. 2:23-cv-10544-JLS-SSC<br>*Judge Josephine L. Staton*<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE CITED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     June 13, 2025<br>Time:    10:30 am<br>Crtrm.:  18A<br>       **NO ORAL ARGUMENT UNLESS REQUIRED BY THE COURT** |

Pursuant to Judge Josephine L. Staton's Procedures ¶ 9(c)(ii), Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS"), hereby submits its

DEFENDANT'S OBJECTIONS TO EVIDENCE CITED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT

Objections to the Evidence Cited by Plaintiff in Support of Its Opposition to Defendant's Motion for Complete or Partial Summary Judgment.

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
| 1. Declaration of Gary Greenfield and attached exhibits (ECF No. 53-0, 53-1, 53-2.) | A. Relevance [Fed. R. Evid. 401 and 403] and Foundation [Fed. R. Evid. 602] [Fed. R. Evid. 901]<br><br>In his Declaration, Mr. Greenfield states that he was asked by Sempra to provide his "opinion regarding the reasonableness of the fees and expenses incurred in the investigation and defense of [the D&O Actions][1]." However, the reasonableness of the Unrecognized Invoices is not at issue in the Motion or before this Court. Rather, the Motion seeks a *legal determination* as to whether the Unrecognized Invoices constitute Defense Costs as defined in the Policy. Mr. Greenfield expresses no opinions regarding whether those fees and expenses constitute Defense Costs nor could he as he does not appear to have reviewed the Policy and, as such, his opinions are not relevant to the issues before the Court, nor are they adequately supported. (*See* ECF No. 53-2 at 3); *see also Hansen Natural Corp. v. St. Paul Mercury Ins. Co.*, No. CV 08-5067-VBF(FMOx), 2009 U.S. Dist. LEXIS 134032, at *33-35 (C.D. Cal. Mar. 26, 2009) (rejecting the insured's attempt to create an issue of material fact as to whether fees and costs are covered defense costs via the |

[1] Capitalized terms used in these Objections have the same meaning ascribed to them as in AEGIS's Motion for Complete or Partial Summary Judgment (the "Motion").

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
| | use of expert opinions). |
| 2. Paragraphs 20 and 21 of Mr. Greenfield's Declaration. (ECF No. 53-0 ¶¶ 20-21.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>Paragraph 21 of Mr. Greenfield's Declaration states that, to investigate and defend the D&O Actions, Sempra and SoCalGas had to collect more than 1.7 million documents. The collection and review by Sempra and SoCalGas in connection with discovery that occurred in the JCCP Action is not relevant to the determination of whether fees and costs reflecting such document collection and review are Defense Costs (i.e., incurred by or on behalf of the D&Os) as defined in the Policy because they were incurred by or on behalf of Sempra and SoCalGas, for which there is no Defense Cost coverage under the Policy. (Pl.'s Stmt. of Facts ¶ 7.)<br><br>B. Foundation [Fed. R. Evid. 602] [Fed. R. Evid. 901]<br><br>Paragraph 20 of Mr. Greenfield's Declaration purports to describe the actions that "defense counsel" undertook to defend the D&O Actions, including the review of ESI and other documents, and further states that such a review was necessary to draft the non-evidentiary dispositive motions filed in the D&O Actions. However, Sempra has not introduced any evidence from counsel for the D&Os that they reviewed and/or relied upon any discovery that was conducted in |

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
|  | the other civil litigation arising from the Aliso Canyon gas leak. Instead, Plaintiff relies upon the Declarations of Susan Muck who represented the DRC—not the D&Os (ECF No. 54-0 ¶ 5) and J. Warren Rissier who represented Sempra and SoCalGas— not the D&Os. (ECF No. 55-0 ¶ 3.) In addition, Sempra has not introduced any evidence that the ESI and other documents discovered in the other civil lawsuits arising from the leak was actually used by or on behalf of the D&Os in connection with the non-evidentiary motions that were filed in (and ultimately disposed of) the D&O Actions. |
| 3. Declaration of J. Rissier and attached exhibits (ECF Nos. 55-0, 55-1, 55-2, 55-3, 55-4, 55-5, 55-6, 55-7, 55-8, 55-9, 55-10.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>In his Declaration, Mr. Rissier states that he was legal counsel for Sempra and SoCalGas in the D&O Actions. (ECF No. 55-0 ¶ 3), and he details the actions that he took on behalf of Sempra and SoCalGas to defend against the allegations against them in the D&O Actions. (*See id.* ¶¶ 8, 11, 15.) The Motion seeks a legal determination as to whether the Unrecognized Invoices constitute Defense Costs (i.e., whether they were incurred by or on behalf the D&Os in investigation or defense of the D&O Actions). The actions that Mr. Rissier performed on behalf of his clients, Sempra and SoCalGas, are not relevant to the determination of whether fees |

4

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
| | and expenses were incurred by or on behalf of the D&Os. |
| 4. Paragraphs 8 and 10 of Mr. Rissier's Declaration (ECF No. 55-0 ¶¶ 8, 10.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>Paragraphs 8 and 10 of Mr. Rissier's Declaration state that, as part of his investigation and defense of the D&O Actions, he reviewed and analyzed documents contained in the databases established in the Aliso Canyon civil litigation. Mr. Rissier also states that he represented Sempra and SoCalGas in the D&O Actions. (*Id.* ¶ 3.) The collection and review by Sempra and SoCalGas of discovery and documents that was collection in the Aliso Canyon civil litigation is not relevant to the determination of whether fees and costs reflecting such document collection were Defense Costs (i.e., incurred by or on behalf of the D&Os) because they were incurred by or on behalf of Sempra and SoCalGas, for which there is no Defense Cost coverage under the Policy. (Pl.'s Stmt. of Facts ¶ 7.) |
| 5. Exhibits 1 and 3 to Plaintiff's Request for Judicial Notice (ECF Nos. 52-5 and 52-7.) | A. Production After Fact Discovery Deadline [Fed. R. Civ. P. 37(c); *Zhang v. Am. Gem. Seafoods, Inc.*, 339 F.3d 1020, 1027-28 (9th Cir. 2003) (affirming district court's exclusion of document defendants attempted to admit where document had not been produced until after the discovery cut-off date and after depositions)] |

DEFENDANT'S OBJECTIONS TO EVIDENCE CITED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
|  | Exhibits 1 and 3 to Plaintiff's Request for Judicial Notice were produced on May 23, 2025, over a month after the April 11, 2025 fact discovery deadline in this action and after all fact depositions had been completed. (Declaration of Jolene S. Griffith ¶¶ 2, 4, 6-7.) |
| 6. Exhibits 4 and 5 to Plaintiff's Request for Judicial Notice (ECF Nos. 52-8 and 52-9.) | A. Failure to Produce Document During Discovery [Fed. R. Civ. P. 37(c); *Brighton Collectibles v. Marc Chantal U.S.*, No. 06-CV-1584 H (POR), 2009 U.S. Dist. LEXIS 144993, at *26-27 (S.D. Cal. Aug. 12, 2009) (prohibiting defendant from introducing documents not produced in discovery as doing so would have prejudiced plaintiff by its inability to conduct additional discovery related to the new material)]<br><br>Exhibits 4 and 5 to Plaintiff's Request for Judicial Notice do not appear to have been produced to Defendant in discovery. As such, Plaintiff should be prohibited from relying upon those documents. (Griffith Decl. ¶¶ 8-9.) |
| 7. Exhibit 9 to the Declaration of Sandra Thayer (ECF No. 56-9.) | A. Failure to Produce Document During Discovery [Fed. R. Civ. P. 37(c); *Brighton Collectibles*, 2009 U.S. Dist. LEXIS 144993, at *26-27]<br><br>Exhibit 9 to the Declaration of Sandra Thayer was not produced to Defendant in discovery and, as such, Defendant was deprived of the opportunity to ask any fact witness about the creation or |

6

| SEMPRA's Evidence | AEGIS's Objections |
|---|---|
|  | origin of the document. (Griffith Decl. ¶ 11.) |

DATED: May 30, 2025              Respectfully submitted,

SACRO & WALKER LLP

BAILEY CAVALIERI LLC


By:  */s/ Larry M. Golub*

LARRY M. GOLUB
THOMAS J. PACIDO
SABRINA HAURIN
JOLENE S. GRIFFITH


Attorneys for Defendant ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

7

DEFENDANT'S OBJECTIONS TO EVIDENCE CITED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT