Kirk Pasich (SBN 94242)
KPasich@McGuireWoods.com
Sandra Smith Thayer (SBN 200294)
SThayer@McGuireWoods.com
Caitlin Oswald (SBN 330974)
COswald@McGuireWoods.com
Eliza J. Logan (SBN 353753)
ELogan@McGuireWoods.com
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>　　　　Defendant. | Case No. 2:23-cv-10544-JLS-SSC<br><br>Hon. Josephine L. Staton<br><br>**SEMPRA'S RESPONSES TO DEFENDANT'S OBJECTIONS TO EVIDENCE CITED BY PLAINTIFF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT**<br><br>Complaint Filed:  December 15, 2023 |

Plaintiff Sempra hereby submits its responses to defendant Associated Electric & Gas Insurance Services Limited's ("AEGIS") objections to the evidence cited by Plaintiff in support of its opposition to defendant's motion for complete or partial summary judgment (ECF No. 59-4).

---

**RESPONSES TO AEGIS' OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| 1. Declaration of Gary Greenfield and attached exhibits (ECF No. 53-0, 53-1, 53-2.) | A. Relevance [Fed. R. Evid. 401 and 403] and Foundation [Fed. R. Evid. 602] [Fed. R. Evid. 901]<br><br>In his Declaration, Mr. Greenfield states that he was asked by Sempra to provide his "opinion regarding the reasonableness of the fees and expenses incurred in the investigation and defense of [the D&O Actions][1]." However, the reasonableness of the Unrecognized Invoices is not at issue in the Motion or before this Court. Rather, the Motion seeks a ***legal determination*** as to whether the Unrecognized Invoices constitute Defense Costs as defined in the Policy. Mr. Greenfield expresses no opinions regarding whether those fees and expenses constitute Defense Costs nor could he as he does not appear to have reviewed the Policy and, as such, his opinions are not relevant to the issues before the Court, nor are they adequately supported. (*See* ECF No. 53-2 at 3); *see also Hansen Natural Corp. v. St. Paul Mercury Ins. Co.*, No. CV 08-5067-VBF(FMOx), 2009 U.S. Dist. LEXIS 134032, at *33-35 (C.D. Cal. Mar. 26, 2009) (rejecting the insured's attempt to create an issue of material fact as to whether fees and costs are covered defense costs via the use of expert opinions). |

---

[1] Capitalized terms used in these Objections have the same meaning ascribed to them as in AEGIS's Motion for Complete or Partial Summary Judgment (the "Motion").

*Sempra's Responses:*

**Relevance**: AEGIS's claim that Mr. Greenfield's declaration is not relevant because AEGIS's "Motion seeks a ***legal determination*** as to whether the Unrecognized Invoices constitute Defense Costs as defined in the Policy" has no merit. The sole dispute here is whether the unreimbursed fees and expenses meet the definition of DEFENSE COSTS under the AEGIS Policy. DEFENSE COSTS are defined as "all *reasonable* fees and expenses incurred by or on behalf of the DIRECTORS and OFFICERS in the investigation . . . and defense of any claim." AUF 7 (emphasis added). Thus, an expert's opinion on the reasonableness of the fees and expenses incurred in the defense of underlying lawsuits is directly relevant to the determination of whether the fees and expenses constitute DEFENSE COSTS. *See, e.g.*, Fed. R. Evid. 401; *Slaughter-Payne v. Shinseki*, 522 F. App'x 409, 410 (9th Cir. 2013) (noting the "low bar for relevancy under Federal Rule of Evidence 401"); *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981) ("The standard of relevancy is not strict."). Mr. Greenfield provides expert testimony on, among other things, the reasonableness of (i) the hourly rates charged by defense counsel for the Ds&Os, (ii) the work done by counsel for the Ds&Os in the defense of the D&O lawsuits, including tasks that AEGIS contends are administrative or clerical, and (iii) the Board's decision to create the Special Matters Committee to oversee the defense of the various Aliso Canyon lawsuits, including the D&O lawsuits. His testimony is based on his experience, his review of the pleadings and the policy, and his conversations with defense counsel for the Ds&Os. AEGIS cannot argue that Mr. Greenfield's statements on these issues are not relevant when AEGIS put the reasonableness of the rates, the unreimbursed attorneys' fees and expenses, and the creation of the Special Matters Committee at issue in its Motion. *See, e.g.*, ECF No. 44-6 at 17 & 27.

**Foundation**: AEGIS generically asserts a foundation objection to Mr. Greenfield's Declaration but does not provide any argument to support that objection. It should be overruled for that reason. Moreover, as stated under penalty of perjury in Paragraph 1 of his Declaration, Mr. Greenfield has "personal knowledge of the facts stated herein." ECF No. 53 ¶ 1. In paragraph 7, Mr. Greenfield states that his knowledge is based on his review of Sempra's files regarding the D&O Lawsuits, interviews with Sempra's inhouse counsel and defense counsel for the Ds&Os in the D&O Lawsuits, the Special Matters Committee, and the Demand Review Committee ("DRC"), his experience as a litigator, and his experience as an expert. *Id.* ¶ 7. Nothing more is required. *See, e.g.*, *Jackley v. Gen. Motors Co.*, 2019 WL 1034326, at *6 (C.D. Cal. Jan. 28, 2019) (Selna, J.) (overruling foundational objections where declaration established that declarant would have personal knowledge of the objected-to statements);

3

**RESPONSES TO AEGIS'S OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1186 (C.D. Cal. 2017) (Lew, J.) ("Pursuant to Federal Rule of Evidence 602, '[e]vidence to prove personal knowledge may consist of the witness's own testimony.'" (citations omitted); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989-99 (N.D. Cal. 2017) (declarant's testimony that his declaration was based on personal knowledge on his review of records maintained in the ordinary course of business, was sufficient to establish testimony and screenshots therein). | |
| 2.  Paragraphs 20 and 21 of Mr. Greenfield's Declaration. (ECF No. 53-0 ¶¶ 20-21.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>Paragraph 21 of Mr. Greenfield's Declaration states that, to investigate and defend the D&O Actions, Sempra and SoCalGas had to collect more than 1.7 million documents. The collection and review by Sempra and SoCalGas in connection with discovery that occurred in the JCCP Action is not relevant to the determination of whether fees and costs reflecting such document collection and review are Defense Costs (i.e., incurred by or on behalf of the D&Os) as defined in the Policy because they were incurred by or on behalf of Sempra and SoCalGas, for which there is no Defense Cost coverage under the Policy. (Pl.'s Stmt. of Facts ¶ 7.)<br><br>B.  Foundation [Fed. R. Evid. 602] [Fed. R. Evid. 901]<br><br>Paragraph 20 of Mr. Greenfield's Declaration purports to describe the actions that "defense counsel" undertook to defend the D&O Actions, including the review of ESI and other documents, and further states that such a review was necessary to draft the non-evidentiary dispositive motions filed in the D&O Actions. However, Sempra |

**RESPONSES TO AEGIS'S OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
|  | has not introduced any evidence from counsel for the D&Os that they reviewed and/or relied upon any discovery that was conducted in the other civil litigation arising from the Aliso Canyon gas leak. Instead, Plaintiff relies upon the Declarations of Susan Muck who represented the DRC—not the D&Os (ECF No. 54-0 ¶ 5) and J. Warren Rissier who represented Sempra and SoCalGas—not the D&Os. (ECF No. 55-0 ¶ 3.) In addition, Sempra has not introduced any evidence that the ESI and other documents discovered in the other civil lawsuits arising from the leak was actually used by or on behalf of the D&Os in connection with the non-evidentiary motions that were filed in (and ultimately disposed of) the D&O Actions. |

***Sempra's Response:***

**Relevance**: The statements and exhibits in Mr. Greenfield's Declaration are directly relevant to whether the fees and costs are reasonable or were costs incurred in the investigation and defense of a CLAIM, as that term is defined in the Policy. Simply, whether the fees and costs constitute "DEFENSE COSTS" under the Policy. *See* ECF No. 44-5 at 7 (VI.(C)). AEGIS's objection that paragraph 21 of Mr. Greenfield's declaration is not relevant because it mentions that the documents were collected by Sempra and SoCalGas, who are not covered under the AEGIS policy, ignores the statements in paragraph 20 of Mr. Greenfield's declaration that "[t]o thoroughly defend the Underlying Actions, defense counsel had to expend a substantial amount of work in reviewing documents and other Electronically Stored Information ("ESI") from the public record and discovery documents from the JCCP." *See* Fed. R. Evid. 401; *Slaughter-Payne v. Shinseki*, 522 F. App'x 409, 410 (9th Cir. 2013) (noting the "low bar for relevancy under Federal Rule of Evidence 401."); *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981) ("The standard of relevancy is not strict.").

5

**RESPONSES TO AEGIS'S OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| AEGIS also makes a boilerplate objection under Fed. R. Evid 403 but does not explain how the Declaration would be unduly prejudicial, confuse the issues, and/or mislead the jury. Thus, the Court should overrule AEGIS's relevance objection.<br><br>**Foundation/Personal Knowledge**: As stated under penalty of perjury in Paragraph 1 of Mr. Greenfield's Declaration, Mr. Greenfield has "personal knowledge of the facts stated herein." ECF No. 53 ¶ 1. Moreover, in paragraph 7, Mr. Greenfield states that his personal knowledge is based on his review of Sempra's files regarding the D&O Lawsuits, interviews with Sempra's inhouse counsel and defense counsel for the Ds&Os in the D&O Lawsuits, the Special Matters Committee, and the Demand Review Committee ("DRC"), his experience as a litigator, and his experience as an expert. *Id.* ¶ 7. Nothing more is required. *See, e.g., Jackley v. Gen. Motors Co.*, 2019 WL 1034326, at *6 (C.D. Cal. Jan. 28, 2019) (Selna, J.) (overruling foundational objections where declaration established that declarant would have personal knowledge of the objected-to statements); *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1186 (C.D. Cal. 2017) (Lew, J.) ("Pursuant to Federal Rule of Evidence 602, '[e]vidence to prove personal knowledge may consist of the witness's own testimony.'" (citations omitted); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989-99 (N.D. Cal. 2017) (declarant's testimony that his declaration was based on personal knowledge on his review of records maintained in the ordinary course of business, was sufficient to establish testimony and screenshots therein). | |
| 3. Declaration of J. Rissier and attached exhibits (ECF Nos. 55-0, 55-1, 55-2, 55-3, 55-4, 55-5, 55-6, 55-7, 55-8, 55-9, 55-10.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>In his Declaration, Mr. Rissier states that he was legal counsel for Sempra and SoCalGas in the D&O Actions. (ECF No. 55-0 ¶ 3), and he details the actions that he took on behalf of Sempra and SoCalGas to defend against the allegations against them in the D&O Actions. (See id. ¶¶ 8, 11, 15.) The Motion seeks a legal determination as to whether the Unrecognized Invoices constitute Defense Costs (i.e., whether they were incurred by or on behalf the D&Os in investigation or defense of the |

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| | D&O Actions). The actions that Mr. Rissier performed on behalf of his clients, Sempra and SoCalGas, are not relevant to the determination of whether fees and expenses were incurred by or on behalf of the D&Os. |

***Sempra's Response:***

The Declaration of J. Warren Rissier and its exhibits are directly relevant to whether the fees and costs incurred by the Demand Review Committee ("DRC") in its investigation of the D&O Lawsuits and shareholder demand letters constitute DEFENSE COSTS under the Policy. Far from irrelevant, the Declaration confirms and establishes that the DRC conducted a thorough investigation which ultimately led to the dismissal of the *Fazio* lawsuit and aided in the defense, and ultimate dismissal, of the *Consolidated Kanter* Lawsuit. Contrary to AEGIS's argument, Mr. Rissier's actions as defense counsel for Sempra and SoCalGas are relevant to whether the fees and expenses incurred in defense of the Derivative Lawsuits are covered. *See* Fed. R. Evid. 401; *Slaughter-Payne v. Shinseki*, 522 F. App'x 409, 410 (9th Cir. 2013) (noting the "low bar for relevancy under Federal Rule of Evidence 401."); *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981) ("The standard of relevancy is not strict.").

Second, Mr. Rissier's Declaration is relevant to whether the "hosting and review of electronic data collected and stored" by Morgan Lewis was incurred in connection with the investigation and defense of the CLAIM. The statements in the Declaration establish that the firms defending the Ds&Os reviewed documents that were collected, reviewed, and produced in the *Leak Cases* and that were relevant to the allegations against the Ds&Os in the Derivative Lawsuits.

Third, the Morgan Lewis invoices—i.e., Mr. Rissier's law firm—are part of the "Unrecognized Invoices" that are the subject of this lawsuit and AEGIS's motion.

Lastly, AEGIS makes a boilerplate objection under Fed. R. Evid 403 but does not explain how the Declaration would be unduly prejudicial, confuse the issues, and/or mislead the jury. Thus, the Court should overrule AEGIS's objection.

| | |
|---|---|
| 4. Paragraphs 8 and 10 of Mr. Rissier's Declaration (ECF No. 55-0 ¶¶ 8, 10.) | A. Relevance [Fed. R. Evid. 401 and 403]<br><br>Paragraphs 8 and 10 of Mr. Rissier's Declaration state that, as part of his |

7
**RESPONSES TO AEGIS'S OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| | investigation and defense of the D&O Actions, he reviewed and analyzed documents contained in the databases established in the Aliso Canyon civil litigation. Mr. Rissier also states that he represented Sempra and SoCalGas in the D&O Actions. (*Id.* ¶ 3.) The collection and review by Sempra and SoCalGas of discovery and documents that was collection in the Aliso Canyon civil litigation is not relevant to the determination of whether fees and costs reflecting such document collection were Defense Costs (i.e., incurred by or on behalf of the D&Os) because they were incurred by or on behalf of Sempra and SoCalGas, for which there is no Defense Cost coverage under the Policy. (Pl.'s Stmt. of Facts ¶ 7.) |

*Sempra's Response:*

Paragraphs 8 and 10 to Mr. Rissier's declaration are relevant to whether the defense fees and costs are covered under the Policy. Paragraphs 8 and 10 are relevant to prove that the fees and expenses incurred by defense counsel in collecting, reviewing, and hosting documents from the *Leak Cases* were incurred in connection with the investigation and defense of the CLAIM, as that term is defined in the Policy. AEGIS's claim that Mr. Rissier's testimony is irrelevant because his firm represented Sempra and SoCalGas lacks merit because Mr. Rissier states that he "and *other defense counsel involved in the defense of the D&O Lawsuits*, reviewed and analyzed many documents contained in those databases" in connection with their coordinated investigation and defense of the D&O Lawsuits. Rissier Decl., ¶ 8 (emphasis added). Moreover, the Morgan Lewis invoices are part of the "Unrecognized Invoices" that are the subject of this lawsuit and AEGIS's motion.

Testimony about the collection of documents also is relevant because the documents (i) were made available to the DRC's counsel in their investigation of the Derivative Lawsuits and were cited favorably in the *Fazio* court's ruling sustaining the demurrer, (ii) were used in the investigation and defense of the related lawsuits in the *Leak Cases*, many of which expressly sought damages

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| from, or asserted allegations against, the Ds&Os, and (iii) were requested by the plaintiffs in the *Kanter* Lawsuit multiple times and would have been produced in the Derivative Lawsuits had the Ds&Os not obtained dismissals of those lawsuits.<br><br>Lastly, AEGIS makes a boilerplate objection under Fed. R. Evid 403 but does not explain how the Declaration would be unduly prejudicial, confuse the issues, and/or mislead the jury. Thus, the Court should overrule AEGIS's objection. | |
| 5. Exhibits 1 and 3 to Plaintiff's Request for Judicial Notice (ECF Nos. 52-5 and 52-7.) | A. Production After Fact Discovery Deadline [Fed. R. Civ. P. 37(c); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1027-28 (9th Cir. 2003) (affirming district court's exclusion of document defendants attempted to admit where document had not been produced until after the discovery cutoff date and after depositions)]<br><br>Exhibits 1 and 3 to Plaintiff's Request for Judicial Notice were produced on May 23, 2025, over a month after the April 11, 2025 fact discovery deadline in this action and after all fact depositions had been completed. (Declaration of Jolene S. Griffith ¶¶ 2, 4, 6-7.) |
| *Sempra's Response:*<br><br>Sempra did not produce Exhibits 1 and 3 during fact discovery because (i) they are complaints that are publicly available to AEGIS, (ii) AEGIS has had copies of these complaints, or had access to them via an insurance e-room maintained by Sempra, to which AEGIS has had access since at least 2016, and (iii) AEGIS never asked for copies of the pleadings in the related JCCP Action in discovery – presumably since it already had access to all of those pleadings via the insurance e-room.<br><br>Sempra's request for judicial notice of these publicly available complaints is appropriate because Federal Rule of Evidence 201 allows a court to "judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and | |

| **SEMPRA'S EVIDENCE** | **AEGIS' OBJECTIONS** |
|---|---|
| readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Additionally, the court may take judicial notice "at any stage of the proceeding." Fed. R. Evid. 201(d). AEGIS cites no case law or other authority for the argument that parties must disclose or produce documents subject to judicial notice before the close of fact discovery.<br><br>Under Federal Rule of Evidence 201(b), the Court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matter at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). The complaints identified as Exhibits 1 and 3 were filed in California state superior courts and federal district courts. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of briefs filed in a California Court of Appeal proceeding and in the trial court); *Volpe v. JP Morgan Chase Bank*, 2023 WL 8604201, at *4 (C.D. Cal. Oct. 30, 2023) (taking judicial notice of complaints filed in a state court action and noting that "[c]ourts routinely take notice of docket items from other cases").<br><br>The case relied on by AEGIS, *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020 (9th Cir. 2003), does not apply here. The document produced after the fact discovery cut-off was not a public document like the complaints Sempra seeks to judicially notice. Rather, it was the corporate defendant's antidiscrimination policy that could not be obtained outside of discovery. | |
| 6.  Exhibits 4 and 5 to Plaintiff's Request for Judicial Notice (ECF Nos. 52-8 and 52-9.) | A. Failure to Produce Document During Discovery [Fed. R. Civ. P. 37(c); *Brighton Collectibles v. Marc Chantal U.S.*, No. 06-CV-1584 H (POR), 2009 U.S. Dist. LEXIS 144993, at *26-27 (S.D. Cal. Aug. 12, 2009) (prohibiting defendant from introducing documents not produced in discovery as doing so would have prejudiced plaintiff by its inability to conduct additional discovery related to the new material)]<br><br>Exhibits 4 and 5 to Plaintiff's Request for Judicial Notice do not appear to have been produced to Defendant in discovery. As such, Plaintiff should be |

| | SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|---|
| | | prohibited from relying upon those documents. (Griffith Decl. ¶¶ 8-9.) |

***Sempra's Response:***

AEGIS has had copies of Exhibits 4 and 5 since at least 2015. Indeed, AEGIS admits in its motion that it received notice of the complaints in the related JCCP Action back in 2015. Motion at 7 ("In December 2015, AEGIS was provided with notice under the Policy of a natural gas leak at one of Sempra's storage wells located in Aliso Canyon, and was sent various orders, directives, and *civil lawsuits* relating to damages allegedly incurred as a result of the leak.") ECF No. 45-6 (emphasis added). Exhibits 4 and 5 also were publicly available to AEGIS and provided to AEGIS in the insurance e-room maintained by Sempra for AEGIS and other insurers.

Sempra's request for judicial notice of Exhibits 4 and 5 is appropriate. Under Federal Rule of Evidence 201(b), the Court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matter at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). The complaints identified as Exhibits 4 and 5 were publicly filed in California state superior courts and federal district courts. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of briefs filed in a California Court of Appeal proceeding and in the trial court); *Volpe v. JP Morgan Chase Bank*, 2023 WL 8604201, at *4 (C.D. Cal. Oct. 30, 2023) (taking judicial notice of complaints filed in a state court action and noting that "[c]ourts routinely take notice of docket items from other cases").

Additionally, *Brighton Collectibles, Inc. v. Marc Chantal U.S., Inc.*, 2009 WL 10674076 (S.D. Cal. Aug. 12, 2009) is irrelevant. *Brighton* dealt with the exclusion of third-party catalogs from the 1990s that a party tried to produce after the fact discovery cut-off. The Court held that the catalogs were properly excluded because the party did not provide substantial justification for the late production of the catalogs. *Id.* at 9. Here, the documents at issue were publicly available in the related JCCP Action and AEGIS had access to the complaints in the e-room. Unlike *Brighton*, AEGIS has had access to these complaints prior to, and during, the litigation.

| | | |
|---|---|---|
| 7. | Exhibit 9 to the Declaration of Sandra Thayer (ECF No. 56-9.) | A. Failure to Produce Document During Discovery [Fed. R. Civ. P. 37(c); |

11
**RESPONSES TO AEGIS'S OBJECTIONS TO SEMPRA'S EVIDENCE**

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| | *Brighton Collectibles*, 2009 U.S. Dist. LEXIS 144993, at *26-27] Exhibit 9 to the Declaration of Sandra Thayer was not produced to Defendant in discovery and, as such, Defendant was deprived of the opportunity to ask any fact witness about the creation or origin of the document. (Griffith Decl. ¶ 11.) |

***Sempra's Response:***

AEGIS's objection to Exhibit 9 is improper. Exhibit 9 was not created until May 22, 2025, well after the discovery cut-off. As Ms. Thayer states in her declaration, she prepared the chart by using information contained in AEGIS's Statement of Uncontroverted Facts and Conclusions of Law, filed on April 25, 2025, and documents produced by AEGIS.

Moreover, under Federal Rule of Evidence 1006(a), "the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court" may be presented in the form of a chart, summary, or calculation. "[T]he underlying originals or duplicates [shall be made] available for examination or copying, or both, by other parties at a reasonable time and place. . . ." The chart was created by summarizing the proof of payment confirmations AEGIS produced and the "facts" in AEGIS's Statement of Uncontroverted Facts relating to when AEGIS claims that it received the invoices from Sempra.

Additionally, AEGIS cannot object to Sempra's use of Exhibit 9 by arguing it was "deprived of the opportunity to ask any fact witness about the creation or origin of the document" when it also submitted a written summary of the defense invoices in the Declaration of R. Stacy Lane in place of the voluminous invoices Sempra submitted for payment. In its Responses to Plaintiff Sempra's Evidentiary Objections, AEGIS argued that Mr. Lane's summary of the invoices "is admissible pursuant to Fed. R. Evid. 1006" because "the invoices are voluminous and that Sempra has access to its own counsel's invoices." ECF 60-3 at ¶ 2. AEGIS also had ample opportunity to inquire into the materials underlying the summary since Sempra's summary is based on AEGIS's own documents and "facts" contained in its Statement of Uncontroverted Facts.

| SEMPRA'S EVIDENCE | AEGIS' OBJECTIONS |
|---|---|
| Additionally, *Brighton Collectibles, Inc. v. Marc Chantal U.S., Inc.*, 2009 WL 10674076 (S.D. Cal. Aug. 12, 2009) is irrelevant. *Brighton* dealt with the exclusion of third-party catalogs from the 1990s that a party tried to produce after the fact discovery cut-off. The Court held that the catalogs were properly excluded because the party did not provide substantial justification for the late production of the catalogs. *Id.* at 9. Here, Exhibit 9 was created by summarizing information contained in AEGIS's Statement of Uncontroverted Facts and Conclusions of Law, filed on April 25, 2025, and documents produced by AEGIS before the fact discovery cut-off. Thus, *Brighton* does not apply. | |

DATED: June 11, 2025

MCGUIREWOODS LLP

By:  */s/ Caitlin Oswald*
Caitlin Oswald

Attorneys for Plaintiff